## UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil Action No. _____ |
| | ) | |
| Plaintiff, | ) | FILED: JUNE 02, 2008 |
| | ) | 08CV3160        TC |
| v. | ) | JUDGE COAR |
| | ) | MAGISTRATE JUDGE COX |
| EGAN MARINE, INC., *in personam*, | ) | |
| MOTOR VESSEL LISA E, *in rem*, and | ) | |
| TANK BARGE EMC-423, *in rem*, | ) | |
| | ) | In Admiralty |
| Defendants | ) | |
| | ) | |

## VERIFIED COMPLAINT

Plaintiff, United States of America, through the undersigned counsel, alleges, upon information officially furnished, as follows:

### STATEMENT OF THE CASE

1.     This is an admiralty and maritime claim pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, as more fully appears hereinafter.

2.     Plaintiff United States of America is authorized to sue pursuant to the general maritime law, the Rivers and Harbors Act, 33 U.S.C. §§ 401, *et seq.* (hereinafter "RHA"), the Clean Water Act, 33 U.S.C. §§ 1251 *et seq.*, as amended by the Oil Pollution Act of 1990, 33 U.S.C. §§ 2701, *et seq.*, (hereinafter jointly "OPA"), and other Federal law.

3.     The United States is and was at all material times a sovereign nation authorized to sue pursuant to the original jurisdiction conferred upon this Court by 28 U.S.C. §§ 1333,

1345, and 1355, and other federal law.

4.    The United States asserts claims on behalf of the Oil Spill Liability Trust Fund (hereinafter "Fund"), pursuant to the OPA, to recover removal costs incurred directly by the Fund as well as removal costs and damages incurred by the Fund through compensation paid to claimants.  At present, the amount of such payments by the Fund is $1,562,101.78, with further claims awaiting adjudication.

5.    Defendant Egan Marine, Inc., is an Illinois corporation with its principal place of business located in Lemont, Illinois, and was at all material times the owner and operator of the defendants Motor Vessel LISA E ("LISA E") and Tank Barge EMC 423 ("EMC 423").

6.    Upon information and belief, defendant vessel LISA E, *in rem*, is and was at all pertinent times a vessel, documented in the United States, of approximately 62 feet in length and 75 gross tons, and is now or during the pendency of process hereunder will be within this District and, at all pertinent times, was a vessel "used and employed" in violating provisions of the Rivers and Harbors Act within the meaning of 33 U.S.C. § 412.

7.    Upon information and belief, defendant vessel Tank Barge EMC 423 ("EMC 423"), *in rem*, is and was at all pertinent times an oil tank barge, documented in the United States, of approximately 295 feet in length and 1,397 gross tons, and is now or during the pendency of process hereunder will be within this District and, at all pertinent times, was a vessel "used and employed" in violating provisions of the Rivers and Harbors Act within the meaning of 33 U.S.C. § 412.

8.    The United States has a maritime lien on the defendant vessels, their engines, tackle, appurtenances, etc., *in rem*, in an amount which will be established at trial.

9.    On or about January 19, 2005, the EMC 423, under the control of the LISA E, was carrying a cargo of approximately 14,000 barrels of clarified slurry oil. The only source of propulsion or movement for the EMC 423 was the LISA E.

10.    On or about January 19, 2005, as a result of the operation of the defendant vessels by defendants, the EMC 423 exploded on the Chicago Sanitary and Ship Canal, a navigable water of the United States, at or near the Cicero Avenue Bridge in the City of Chicago, Illinois.

11.    The explosion damaged the defendant vessels and other property, obstructed the waterway, and discharged a significant quantity of the cargo of clarified slurry oil into the navigable waters of the United States (hereinafter"Oil Spill").

12.    As a result of the explosion and Oil Spill from the EMC 423, the United States took action to respond to the Oil Spill from the EMC 423, and remove the oil and restore the surrounding environment.

13.    The Oil Spill was caused by the negligence, gross negligence, and/or violation of applicable federal safety, construction, or operating regulation by defendant Egan Marine, Inc., its agents or employees, or by persons acting pursuant to a contractual relationship with defendant Egan Marine, Inc., or by the owners and operators of the defendant vessels.

14.    The Oil Spill into and upon the navigable waters of the United States was caused in part, or solely, by the negligent and grossly negligent conduct of defendant Egan

3

Marine, Inc., and/or the owners and operators of the defendant vessels in operating the defendant vessels in an unsafe, imprudent and unseaworthy manner and condition.

15.    Commencing on January 19, 2005, the United States responded to the Oil Spill and incurred pollution removal and other costs in connection with the clean up and other response efforts.

16.    The United States has incurred and will continue to incur other damages caused by the Oil Spill in an amount which will be established at trial..

17.    As a result of the Oil Spill and threat of discharge of oil, the United States has incurred and will continue to incur, substantial costs associated with removal and response activities, enforcement of this action, damages, costs and/or disbursements, in an amount which will be established at trial.

18.    Defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels, *in personam*, and the defendant vessels, *in rem*, are each jointly and severally liable for the costs, damages and/or disbursements of the United States arising from the Oil Spill.

COUNT I
CLAIMS UNDER THE OIL POLLUTION ACT

19.    The United States refers to and incorporates by reference, as though fully set forth herein, each and every paragraph of the Verified Complaint.

20.    Pursuant to the OPA, at 33 U.S.C. § 2702(a), each responsible party for a vessel from which oil is discharged into or upon the navigable waters or adjoining shorelines or the exclusive economic zones of the United States is strictly liable, jointly and severally,

4

to the United States for its removal costs, damages, and/or disbursements as specified under the OPA.

21.    In the case of a pollution incident involving a vessel, the OPA, at 33 U.S.C. § 2701(32)(A), defines a "responsible party" as any person owning, operating, or demise chartering the vessel. The defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels are responsible parties under the OPA.

22.    The clarified slurry oil which was discharged as a result of the Oil Spill is "oil" as defined by the OPA, at 33 U.S.C. § 2701(23).

23.    At the time of the Oil Spill, the defendant vessels, as a tug and tow combination, constituted a "vessel" within the meaning of the OPA, at 33 U.S.C. § 2702.

24.    At the time of the Oil Spill, the defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels were collectively and individually owners or operators of the tug and tow combination, consisting of the defendant vessels, under the general maritime law and with the meaning of those terms under the OPA, at 33 U.S.C. § 2701(26).

25.    As a result of the Oil Spill, the United States has suffered, and will continue to suffer, costs, damages, and/or disbursements under the OPA, in an amount which will be established at trial.

26.    The defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels are strictly liable, jointly and severally, to the United States for its costs and damages, and/or disbursements in an amount $1,562,101.78, with further claims awaiting adjudication.

## COUNT II
## SUBROGATION RIGHTS OF THE FUND UNDER THE OPA

27.    The United States refers to and incorporates by reference, as though fully set forth herein, each and every paragraph of the Verified Complaint.

28.    Pursuant to the OPA, the Fund shall be subrogated to all rights, claims, and causes of action of claimants to whom it has paid compensation.

29.    As a result of the Oil Spill, the Fund has incurred or will incur costs, damages, and/or disbursements by reason of claims for removal costs and damages brought under the OPA.

30.    As responsible parties, the defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels are strictly liable, jointly and severally, to the United States for all such costs, damages, and/or disbursements sustained by the Fund in the amount of $1,562,101.78, with further claims awaiting adjudication.

31.    The aforesaid costs, damages and/or disbursements of the Fund, as provided in the OPA, are presently unascertained, but will be established at trial.

## COUNT III
## OPA CIVIL PENALTIES

32.    The United States refers to and incorporates by reference, as though fully set forth herein, each and every paragraph of the Verified Complaint.

33.    The OPA, at 33 U.S.C. § 1321(b)(3), prohibits the discharge of harmful quantities of oil or hazardous substances into the navigable waters of the United States, on adjoining shorelines or into the waters of the contiguous zone.

34.     The clarified slurry oil which was discharged as a result of the Oil Spill is a "discharge" as defined by the OPA, at 33 U.S.C. § 1321(a)(2).

35.     The OPA, at 33 U.S.C. § 1321(b)(7), provides for the imposition of civil penalties of up to $25,000 per day of violation against any person who is the owner or operator of a vessel from which oil is discharged in violation of the OPA, at 33 U.S.C. §1321(b)(3).

36.     The defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels are persons within the meaning of the OPA, at 33 U.S.C. § 1321(b)(3).

37.     The substances discharged by the EMC 423 are "oil" within the meaning of the OPA, at 33 U.S.C. § 1321(a)(1).

38.     The defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels are liable for civil penalties under the OPA, at 33 U.S.C. § 1321(b)(7), for the discharge of oil from the EMC 423 on January 19, 2005, until cleanup was completed on or about June 7, 2005.

COUNT IV
CLAIM UNDER THE RIVERS AND HARBORS ACT

39.     The United States refers to and incorporates by reference, as though fully set forth herein, each and every paragraph of the Verified Complaint.

40.     The RHA, at 33 U.S.C. § 403, prohibits the alteration or modification of any navigable water of the United States unless such work has been authorized by the Secretary of the Army.  The RHA, at 33 U.S.C. § 407, prohibits the discharge into United States'

navigable waters of refuse matter from a ship, barge or floating craft of any kind.

41.    No RHA permit was ever issued to defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels that authorized the alteration or modification of navigable waters of the United States in or near the waters of the Chicago Sanitary and Ship Canal, in January 2005.

42.    Defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels caused or contributed to the Oil Spill by permitting the defendant vessels to be operated in a negligent or grossly negligent manner and in an unseaworthy condition.

43.    Clarified slurry oil is refuse matter within the meaning of the RHA, at 33 U.S.C. § 407.

44.    The defendant vessels, both in combination and separately, are vessels or floating craft within the meaning of the RHA, at 33 U.S.C. § 407.

45.    The Oil Spill was not made in connection with the improvement of navigable waters or construction of public works, and was not permitted by the Secretary of the Army or the United States Environmental Protection Agency.

46.    The Oil Spill was in violation of the RHA, at 33 U.S.C. §§ 403 and 407, for which defendant Egan Marine, Inc., is strictly liable.

47.    As a result of the Oil Spill, defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels are liable, *in personam*, and the defendant vessels are liable, *in rem*, to the United States for its costs, damages, and/or disbursements, in an amount which will be established at trial.

## COUNT V
## CLAIMS UNDER THE GENERAL MARITIME LAW

48.     The United States refers to and incorporates by reference, as though fully set forth herein, each and every paragraph of the Verified Complaint.

49.     The OPA, at 33 U.S.C. § 2751(e) and § 2718(c), preserves for the United States its general maritime remedies against each defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels, *in personam*, and the defendant vessels, *in rem*, for damages arising out of the aforementioned grounding and Oil Spill.

50.     The defendant vessels are "vessels" within the meaning of the general maritime law.

51.     At the time of the Oil Spill, the defendant vessels, as a tug and tow combination, constituted a single vessel and/or a flotilla within the meaning of the general maritime law.

52.     At the time of the events giving rise to the United States' claims, the defendant vessels were unseaworthy.

53.     Defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels negligently failed to take adequate action and precautions to insure that the defendant vessels would be operated in a safe, prudent and seaworthy manner and condition.

54.     Defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels operated, manned and equipped the defendant vessels in a negligent or grossly negligent manner.

9

55.     It was within the privity and knowledge of the defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels that the defendant vessels were unseaworthy, and operated, manned and equipped in a negligent or grossly negligent manner.

56.     The discharge of oil into navigable waters of the United States is a maritime tort for which defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels are liable *in personam*, and the defendant vessels are liable *in rem*, to the United States for costs, damages and/or disbursements, in an amount which will be established at trial.

57.     The discharge of oil into and upon the navigable waters of the United States was caused by the unseaworthiness of the defendant vessels and the negligence or gross negligence of the defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels, their officers, servants, employees, agents, crew or other individuals acting on their behalf, in a contractual capacity or with their authorization, all within the privity and knowledge of defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels.

58.     The discharge of oil from the defendant vessels into and upon the navigable waters of the United States was caused by the violation of regulations and/or statutes or other provisions designed for the prevention of marine accidents and disasters, on the part of defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels, *in personam*, and the defendant vessels, *in rem*, their officers, servants, employees, agents, crew, or other individuals and entities acting on their behalf or with their authorization.

10

59.    In particular, on information and belief a member of the crew of the LISA E was on the EMC-423 at the time of the explosion.  The member of the crew was using a propane torch to heat the cargo pump of the EMC-423.  The propane torch ignited explosive vapors form from an open standpipe on the EMC-423 causing the catastrophic explosion that damaged the barge and killed the person on the barge.  Such use of a torch around an open standpipe while underway would also be a violation of Federal safety and operational regulations.  *See, e.g.*, 46 C.F.R. §§ 35.30-5 ("The use of other than safety matches is forbidden aboard tank vessels at all times.") and 35.30-10 (no openings on tank barges without flame screens).

60.    The aforesaid violations of federal regulations and/or statutes constitute negligence *per se* on the part of defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels.

61.    Under the general maritime law the discharge of pollutants, such as clarified slurry oil, into the navigable waters of the United States is a maritime tort for which defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels are liable to the United States, *in personam*, and the defendant vessels are liable, *in rem*, to the United States for its costs, damages and/or disbursements, in an amount which will be established at trial.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, the United States of America, respectfully prays:

1.    That defendants be summoned to appear and answer this Verified Complaint;

11

2.    That the United States of America be granted declaratory judgment against the defendants for pollution removal costs or damages binding on any subsequent actions to recover further removal costs or damages, plus interest, costs, disbursements, and attorney's fees;

3.    That judgment be entered against defendants for removal costs in accordance with 33 U.S.C. § 2702, plus interest calculated in accordance with 33 U.S.C. § 2705, plus administrative and adjudicative costs and attorney's fees as allowed by 33 U.S.C. § 2715(c), pursuant to the OPA cause of action;

4.    That this honorable Court assess a judicial civil penalty against each and all of the Defendants;

5.    That any judgment entered against defendants be binding on any subsequent action or actions to recover further removal costs or damage claims;

6.    That this Court award the United States, by virtue of its maritime tort liens against the defendant vessels, judgment in an amount equal to the value of costs, damages and/or disbursements, including but not limited to:  response costs, property damages, emergency response costs, natural resource damages, lost revenues, profits and earning capacities, net costs of providing increased and additional public services during and after removal activities, and subrogation claims on behalf of the United States arising out of disbursements made from the Fund;

7.    That judgment of condemnation and sale be entered against the defendant vessels, their engines, tackle, appurtenances, etc.;

8.    That this Court award the United States its costs, damages and/or disbursements in this action;

9.    That this Court order that the limitation provisions of the OPA do not apply and that each defendant faces unlimited liability for all costs, damages and/or disbursements of the United States arising from the Oil Spill; and

10.    That this Court grant the United States such other relief as is just and appropriate.

## VERIFICATION

I, Stephen R. Campbell, Senior Trial Counsel, Torts Branch, Civil Division, United States Department of Justice, one of the attorneys for United States of America, make this verification by authority for and on its behalf. I have read the foregoing Verified Complaint, know the contents thereof, and from information officially furnished to me believe the same to be true.

I verify under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this _2nd_ day of ____June____, 2008.

_____
STEPHEN R. CAMPBELL

Dated:  June 2, 2008.

                              Respectfully submitted,

                              GREGORY G. KATSAS
                              Acting Assistant Attorney General

                              _____
                              STEPHEN R. CAMPBELL
                              Senior Trial Counsel
                              D.C. Bar No. 348540
                              Tel:    (202) 616-4026
                              Fax:    (202) 616-4002
                              stephen.campbell@usdoj.gov

                              ROBERT E. KELLY
                              Trial Attorney
                              Bar No. 6286571
                              Tel:    (202) 616-4031
                              Fax:    (202) 616-4002
                              robert.kelly@usdoj.gov

                              Torts Branch, Civil Division
                              U. S. Department of Justice
                              P. O. Box 14271
                              Ben Franklin Station
                              Washington, DC 20044-4271

                              Attorneys for Plaintiff
                              UNITED STATES OF AMERICA

14