**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 08 CV 3160 |
| | ) |
| EGAN MARINE CORPORATION, *in personam*, | ) Judge Coar |
| MOTOR VESSEL LISA E, *in rem*, and TANK | ) |
| BARGE EMC-423, *in rem*, | ) Magistrate Judge Cox |
| | ) |
| Defendants. | ) |

**EMERGENCY MOTION TO MODIFY JULY 24, 2008 ORDER**

**NOW COME** the Defendants, EGAN MARINE CORPORATION, *in personam*,

MOTOR VESSEL LISA E, *in rem*, and TANK BARGE EMC-423, *in rem*, (hereinafter

collectively referred to as "EMC") by and through its attorney, Jennifer C. Timm, and move this

Honorable Court to modify its July 24, 2008 Order (hereinafter "Order") requiring EMC to

remove certain evidence from CITGO Cicero Avenue facility by the close of business on

Monday August 25, 2008. This matter is being brought on an emergency basis pursuant to

LR77.2 because the delay in hearing it would cause serious harm to the EMC Defendants. All

reasonable efforts were used to give actual notice to opposing counsel. In support thereof, EMC

states as follows:

1.      On July 23, 2008, EMC brought an Emergency Motion for Enlargement of Time

to Answer, Motion to Preserve Evidence, or, In the Alternative, Motion for Preliminary

Injunction to Preserve Evidence (hereinafter "Emergency Motion to Preserve") regarding certain

evidence from the EMC 423 barge explosion which had been placed on the premises of CITGO

Cicero facility located at 3737 South Cicero Avenue, Cicero Illinois (hereinafter "CITGO Cicero

facility") at the direction of the Plaintiff during the course of the U.S. Coast Guard (hereinafter

1

"USCG") investigation into the January 19, 2005 incident which is the subject matter of the instant action. (A copy of said motion is attached hereto as Exhibit "A.")

2.    As alleged in EMC's Emergency Motion to Preserve, much of the materials being stored at the CITGO Cicero facility are material and relevant to numerous pending actions involving the January 19, 2005 explosion and partial sinking of the EMC 423, including actions involving the United States of America.

3.    Over CITGO's objections, this Court entered the Order allowing EMC 30 days, or to the close of business on August 25, 2008, to examine, inspect and remove the EMC 423 barge remnants from the CITGO Cicero facility. This order also requires EMC is to remove the EMC 423 barge remnants at its expense. The Order did not direct EMC to preserve any of the barge remnants removed from the CITGO Cicero facility as Plaintiff failed to indicate that any of the remaining barge remnants were material to this case. (A copy of the Order is attached hereto as Exhibit "B.")

4.    *After the hearing* on EMC's Emergency Motion to Preserve Evidence, counsel for Plaintiff contacted counsel for EMC and advised them that despite previously characterizing the barge remnants as "debris," EMC should preserve the evidence from the CITGO Cicero facility until further notice. (A copy of letter from counsel for Plaintiff to counsel for EMC is attached hereto as Exhibit "C.") At the time of the hearing, no party other than EMC offered any arguments that the materials being stored at the CITGO Cicero facility were or may become material and relevant evidence to this action. Plaintiff's counsel's letter is not only at odds with the March 18, 2008 letter from the USCG in which described the remaining materials being stored at the CITGO Cicero facility as "debris" (please see a copy the letter from USCG Captain H.M. Hamilton attached hereto as Exhibit "D") and at odds with the July 11, 2008 letter from Lieutenant Commander Matthew Merriman advising EMC that the Coast Guard did not need the

2

EMC 423 barge remnants being stored at the CITGO Cicero facility (please see a copy of said letter attached hereto as Exhibit "E") but is also at odds with the position taken by Plaintiff at the July 23, 2008 hearing wherein Plaintiff made no argument to retain any of the barge remnants. Thus, Plaintiff has deftly transferred the financial and legal obligation to maintain and preserve *its evidence* in this case from the Government to EMC – a tactic now employed by ExxonMobil to achieve the same result.

5.     Pursuant to this Court's order, the EMC Defendants conducted an inspection of all the remnants of the EMC 423 which are currently being stored at the CITGO Cicero facility on August 6, 2008 and invited all parties with an actual or potential interest in this evidence to attend. (Please see a copy of said letter attached hereto as Exhibit "F").

6.     Hours after said inspection, on the afternoon of August 6, 2008, EMC received correspondence from ExxonMobil requesting that EMC withhold compliance with the Order issued by this Court until such time as ExxonMobil could present a motion in an action filed regarding the January 19, 2005 explosion entitled <u>Lenore Oliva, as Special Administrator of the Estate of Alexander Olivia, vs. Exxon Mobil Corporation, et. al.</u>, case number 07 CV 1056 (hereinafter the "Oliva case"), which currently remains pending and unresolved before the Honorable Judge Kennelly. (A copy of letter from counsel from ExxonMobil to counsel for EMC is attached hereto as Exhibit "G"). During this period, counsel for EMC repeatedly advised counsel for ExxonMobil that it must petition this Court to revise the Order as EMC was not at liberty to defy the Order without risk of contempt.

7.     On August 12, 2008, ExxonMobil presented a Rule 26(c) Motion for a Protective Order before Judge Kennelly. After the hearing on ExxonMobil's motion, EMC received an e-mail from CITGO's attorney, Dwight LeBlanc, advising EMC that Judge Kennelly had entered and continued ExxonMobil's motion until August 19, 2008, but that ExxonMobil had advised

3

CITGO that it may not require access to the evidence being stored at the CITGO Cicero facility and advising EMC that compliance with this Court's order of July 24, 2008 would still be necessary. (A copy of said letter is attached hereto as Exhibit "H.")

      8.     Pursuant to this demand that EMC comply with this Court's July 24, 2008 order, EMC mobilized its equipment and personnel to the CITGO Cicero facility beginning Friday August 15, 2008 in order to be able to timely comply with this Court's order. (Attached please find copy of e-mail to CITGO with accompanying plan to remove the EMC 423 barge remnants a copy of which is attached hereto as Exhibit "I.") In so doing, EMC incurred costs and expenses to move its equipment. In addition, any delay in allowing EMC to proceed with its removal efforts will impose additional costs and expenses on EMC.

      9.     On August 18, 2008, Judge Kennelly entered an order allowing Exxon Mobil until September 12, 2008 to inspect the EMC 423 barge remnants (hereinafter referred to as the "August 18th order") and ordering that the "Barge or its remnants may not be altered, moved, or removed prior to the close of business on September 12, 2008." Moreover, this order goes on to require that EMC perform other actions, specifically:

> Egan Marine may not materially alter or destroy any relevant evidence identified during Defendant's inspection, following its removal from CITGO, and shall maintain such evidence at a secure location pending further order of this Court.

(A copy of said order is attached hereto as Exhibit "J.")

      10.    Additionally, after receiving a copy of said order, counsel for EMC was contacted by Jason Shoff, acting plant manager for the CITGO Cicero facility, and was advised that any EMC personnel who attempted entry onto the premises of the CITGO Cicero facility would not be allowed to enter the premises to remove the EMC 423 barge remnants and would be turned away.

11.    EMC cannot perform its obligations under the terms of the Order because of interference from CITGO.

12.    The August 18, 2008 order clearly countermands this Court's Order. In addition to the clear conflict with this Court's Order, the August 18, 2008 order places an unreasonable burden on EMC. To remove the EMC 423 barge remnants and maintain their evidentiary value would impose a great financial burden on EMC and impose significant practical difficulties on EMC which would hinder, if not preclude, EMC from being able to comply with such an order. Specifically, such an order would require that EMC be given unimpeded access to a marine dock on a neighboring Exxon facility and require that EMC have the following equipment on site:  at least two (2) cranes on land, a deck barge equipped with a crane, and flatbed trucks to move the evidence. (Please see copy of affidavit of Dennis Egan, President of Egan Marine Corporation and Salvage Master for the EMC 423 operations attached hereto as Exhibit "K.")

13.    ExxonMobil refused to appear before this Honorable Court to petition for modification of the Order, and further refused to issue a subpoena duces tecum to EMC in the Oliva case to properly present the parties and the issues before that Court. As a result, ExxonMobil obtained an order against an absent non-party that it knew was in direct contradiction to the Order which EMC is bound to comply, thus necessitating that EMC file this Motion.

## CONCLUSION

WHEREFORE, Defendants, EGAN MARINE CORPORATION, *in personam*, MOTOR VESSEL LISA E, *in rem*, and TANK BARGE EMC-423, *in rem*, pray this Court enter an order as follows:

(a)  An order modifying this Court's July 24, 2008 order and allow EMC until September 30, 2008 to remove the EMC 423 barge remnants;

(b) An order requiring any party who wishes to preserve any of the EMC 423 materials currently being stored at the CITGO Cicero facility do so at its own expense and store the evidence at a location as agreed upon by all interested parties;

(c) In the alternative, an order requiring any party who wished to preserve any of the EMC 423 materials currently being stored at the CITGO Cicero facility incur the cost and expense of placing such evidence onto an EMC deck barge on a date and time mutually agreed to by the parties with an accompanying order requiring ExxonMobil permit the use of its neighboring dock to remove these materials by EMC's agents and/or employees and an order allowing EMC to modify, alter or destroy any remains of the barge that is not designated as evidence by this Court or any interested party;

(d) For such other and further relief as this Court deems fair and just.

Respectfully submitted,

s/Jennifer Curtin Timm
Jennifer Curtin Timm
Attorney for Defendants
ARDC: 6229091
Attorney for Defendant
Egan Marine Corporation
15200 East Canal Bank Road
P.O. Box 669
Lemont, Illinois  60439
(630) 739-0947
Fax:  (630) 739-4455

## CERTIFICATE OF SERVICE

I, Jennifer Curtin Timm, being first duly sworn, upon oath, depose and state that affiant served a copy of the foregoing **Emergency Motion to Reconsider**, electronically referenced herein to all attorneys of record, at their listed addresses below, on July 18, 2008.

s/Jennifer Curtin Timm
Jennifer Curtin Timm
Attorney for Defendants
ARDC: 6229091
Attorney for Defendants
Egan Marine Corporation
15200 East Canal Bank Road
P.O. Box 669
Lemont, Illinois  60439
(630) 739-0947
Fax:  (630) 739-4455

## SERVICE LIST

Stephen R. Campbell
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Ben Franklin Station
Washington, DC 20044-4271
E-mail: stephen.campbell@usdoj.giv

Eric Pruitt
United States Attorney's Office, Northern District of Illinois
219 S. Dearborn St., Suite 500
Chicago, IL 60604-1702
E-mail: eric.pruitt@usdoj.gov

J. Dwight LeBlanc
Chaffe McCall, LLP
1100 Poydras Street
2300 Energy Centre
New Orleans, LA 70163
(504) 585-7013
E-mail:  leblanc@chaffe.com

Michael A. Synder
Snyder McGovern, LLC
12750 South Harlem Avenue, #2A
Palos Heights, IL 60463
E-mail: shiplaw@juno.com

Charles G. Stark, Plant Manager
Jason Shoff
CITGO Petroleum Corporation
3737 South Cicero Avenue
Cicero, IL 60804-4577
E-mail: cstark@citgo.com
E-mail: jshoff@citgo.com

Robert P. Walsh
Craig J. Squillace
Clifford Law Office
120 North LaSalle Street, Suite 3100
Chicago, IL 60602
E-mail: rpw@cliffordlaw.com
E-mail: cjs@cliffordlaw.com

Edward B. Ruff, III
Michael P. Turiello
Natalia M. Delgado
Pretzel & Stouffer, Chartered
One South Wacker Drive, Suite 2500
Chicago, IL 60606-4673
E-mail: eruff@pretzel-stouffer.com
E-mail: mturiello@pretzel-stouffer.com
E-mail: ndelgado@pretzel-stouffer.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08 CV 3160 |
| | ) | |
| EGAN MARINE, INC., in personam, MOTOR | ) | Judge Coar |
| VESSEL LISA E, in rem, and TANK BARGE | ) | |
| EMC-423, in rem, | ) | Magistrate Judge Cox |
| | ) | |
| Defendants. | ) | |

**EMERGENCY MOTION FOR ENLARGEMENT OF TIME TO ANSWER**
**MOTION TO PRESERVE EVIDENCE OR, IN THE ALTERNATIVE,**
**MOTION FOR PRELIMINARY INJUNCTION TO PRESERVE EVIDENCE**

**NOW COME** the defendants, EGAN MARINE CORPORATION (incorrectly sued as

EGAN MARINE, INC., in personam), in personam, MOTOR VESSEL LISA E, in rem, and

TANK BARGE EMC-423, in rem, (hereinafter collectively referred to as "EMC Defendants")

by and through their attorney, Jennifer Curtin Timm, and pursuant to Rule 65 of the Federal

Rules of Civil Procedure, move this Honorable Court to grant defendants until August 6, 2008, to

file an answer in this matter and for an order preserving certain critical evidence or, in the

alternative, a preliminary injunction preventing the disposal or transportation of critical evidence

from a USCG Evidence Storage Yard for thirty days, and in support thereof, state as follows:

**STATEMENT OF FACTS**

1.      Swanson, Martin & Bell, LLP was retained to represent defendants in this matter

on July 22, 2008.

2.      On July 2, 2008, this Court granted defendants until July 25, 2008, to answer or

otherwise plead to the allegations in plaintiff's June 2, 2008, Verified Complaint (hereinafter

"Complaint") seeking, *inter alia*, removal costs incurred and compensation claims paid by the

**Exhibit A**

Oil Spill Liability Trust Fund (also known as the National Pollution Fund)[1] as a result of an explosion aboard and partial sinking of the EMC-423 which occurred on or about January 19, 2005. (A copy of said complaint is attached hereto as Exhibit A.)

3.      Plaintiff has agreed to an extension to August 6, 2008, for defendants to answer. (A copy of e-mail correspondence confirming the party's agreement is attached as Exhibit B.)

4.      According to plaintiff's complaint, on or about January 19, 2005, the EMC-423 exploded on the Chicago Sanitary and Ship Canal (hereinafter "the Canal"), a navigable water of the United States, at or near the Cicero Avenue Bridge in the City of Chicago, Illinois. (See Exhibit A at paragraph 10.) Plaintiff alleges the United States responded to the incident, including investigation of the cause of the explosion. (Id. at paragraph 12).

5.      For plaintiff, the United States Coast Guard (hereafter "USCG') took the lead role in investigating the cause of the EMC-423 explosion. In this role, the USCG assumed primary responsibility for collecting and maintaining evidence gathered during its investigation of the EMC-423 explosion. (Please see copy of letter dated January 24, 2005, from H.M. Hamilton, Commander, USCG, a copy of which is attached hereto as Exhibit C, advising EMC that Commander Hamilton was the "lead investigator assigned to this marine casualty" and he had the "responsibility to ensure that the integrity of all evidence is maintained.")

6.      On May 18, 2005, the USCG took exclusive control of all evidence under penalty of law. (See attached Exhibit D.)

7.      Dennis Egan, the President of Egan Marine Corporation (hereinafter "EMC"), was named Salvage Master to effectuate the raising of the partially sunken EMC-423 and to

---

[1]   On information and belief, the National Pollution Fund is administered by National Pollution Funds Center (NPFC) which is a fiduciary agent of OSLTF and is independent unit of United States Coast Guard.

collect evidence for the USCG. At all times during the salvage operations, the Salvage Master worked under the supervision and direction of the USCG.

8.     The USGC ordered the Salvage Master to place the collected evidence into a USCG designated evidence storage yard (hereinafter "USCG Evidence Storage Yard") constructed upon CITGO's premises located at 3737 South Cicero Avenue, Cicero, Illinois (hereafter, "the CITGO facility"). The evidence consists of equipment, materials, debris, and remains of the EMC-423 which were removed from the water and nearby areas following the January 2005 explosion.

9. `    On information and belief, CITGO had never meaningfully used the portion of the CITGO facility where the USCG Evidence Storage Yard was constructed and remains.

10.     On information and belief, the plaintiff by and through the USCG, has been paying CITGO to store the evidence or has some other agreement for storage of evidence from the EMC-423 explosion and to guard the USCG Evidence Storage Yard for the past three and a half years.

11.     On information and belief, CITGO has been acting as an employee and/or agent of the plaintiff in storing this evidence and/or guarding access to the USCG Evidence Storage Yard.

12.     On or about March 18, 2008, defendants received correspondence from Commander Mark Hamilton, stating that certain evidence had been removed from the USCG Evidence Storage Yard.[2] In this letter, Commander Hamilton released the USCG's hold on the

---

[2]    On information and belief, the only evidence the USCG retained was a standpipe and portions of cargo pump and/or cargo pump motor to lend support its theory as alleged in paragraph 59 of Count IV of the Complaint that the use of a propane torch by the deceased EMC deckhand near "an open standpipe" caused the explosion.

3

remaining evidence without making arrangements for return of the equipment to EMC. (See attached Exhibit E.)

13.    On May 10, 2008, defendants received a letter dated May 7, 2008, from Charles G. Stark, Plant Manager of CITGO Petroleum Corporation, demanding the remaining evidence from the EMC-423 explosion be removed within sixty (60) days or CITGO would dispose of the evidence. (A copy of said letter is attached hereto as Exhibit F.) CITGO extended the deadline such that CITGO now intends to dispose of the equipment as of July 26, 2008. (See attached Exhibit G.) The evidence is material to the defenses defendants intend to advance at trial and must be fully investigated and evaluated by appropriate consulting personnel.

14.    In addition to the instant litigation, the evidence at the USCG Evidence Storage Yard has implications for an ongoing federal grand jury (empanelled to determine whether Egan Marine Corporation is criminally responsible for the EMC-423 barge explosion)[3] and for the following litigation: 1) a limitation of liability action filed by EMC in the Northern District of Illinois;[4] 2) a complaint for damages filed by the State of Illinois which is pending in the Circuit Court of Cook County;[5] and 3) an action by the estate of the deceased deckhand against ExxonMobil.[6]

---

[3] On or about February 15, 2008, two current employees of EMC, Bill Rodgers and Andrew Chanda, were subpoenaed to testify on March 6, 2008, at 2:30 p.m. before a grand jury sitting before the U.S. District Court for the Northern District of Illinois. Both employees testified on March 6, 2008, before the grand jury in compliance with this subpoena. In addition, on March 14, 2008, Egan Marine Corporation received a subpoena for records returnable on April 3, 2008 before the grand sitting in case number 07 GJ 1064. EMC complied with the grand jury's subpoena for records. Finally, Dennis Michael Egan, the captain of the M/V Lisa E at the time of the explosion, has been identified as a target and subpoenaed to testify before the federal grand jury on July 24, 2008.

[4] Egan Marine Corporation filed a limitation of liability action before the U.S. District Court for the Northern District of Illinois entitled In the Matter of the Complaint of EGAN MAINE CORPORATION, Owner of the Motor Vessel "LISA E" and the Barge EMC 423, for Exoneration from or Limitation of Liability, case number 05 C 4074 which remains currently pending and unresolved before the Honorable Judge Milton I. Shadur.

[5] The People of the State of Illinois at the request of the Illinois Environmental Protection Agency seeking damages and civil penalties against EMC as a result of the January 19, 2005, EMC 423 barge explosion. This matter is

4

15.     Attached as Exhibit H is the affidavit of Charles C. Roberts, Ph.D., P.E., stating the evidence held in the USCG Evidence Storage Yard should not be destroyed.  (See attached Exhibit H.)

16.     On May 15, 2008, counsel for EMC wrote the USCG to request that the USCG place the evidence stored at the USCG Evidence Storage Yard back onto an EMC deck barge, from which it was removed pursuant to USGC's order.  (A copy of said letter is attached hereto as Exhibit I.)

17.     On July 14, 2008, EMC received July 11, 2008, correspondence from Matthew Merriman, Lieutenant Commander of the USCG.  In his letter, Lieutenant Commander Merriman stated that the USCG will not move EMC's material or pay for the removal of the evidence from the CITGO facility.  (A copy of said letter is attached hereto as Exhibit J.)

18.     With CITGO's unilaterally-imposed deadline of July 26, 2008, at hand, there is insufficient time to make arrangements for removal of this critical evidence.

19.     EMC defendants will be irreparably injured if the evidence setting forth the basis of defendants defense is removed from the USCG Evidence Storage Yard and disposed of.

20.     There is minimal burden on plaintiff or upon CITGO to maintain the evidence in its current condition and location for thirty days.

21.     An order preserving the status quo is necessary to protect defendants' ability to investigate the equipment and formulate a defense at trial.

---

currently pending in the Chancery Division of the Circuit Court of Cook County under case number 05 CH 14810 before the Honorable Judge Agran and has a bench trial date set for September 8, 2008.

## ARGUMENT

## DEFENDANTS REQUEST FOR ADDITIONAL TIME TO ANSWER OR PLEAD

The law firm of Swanson, Martin & Bell, LLP was formally retained in this matter on July 22, 2008. During a telephone conversation of July 22, 2008, plaintiff, through Stephen Campbell, agreed to allow defendants until August 6, 2008, to answer or otherwise plead. (A copy of e-mail correspondence memorializing that agreement is attached as Exhibit B.) There has been no undue delay on the part of EGAN Marine, and allowing the additional time will not delay prosecution of this case.

## DEFENDANTS' MOTION FOR AN ORDER PRESERVING CRITICAL EVIDENCE

Defendants move this Court to order plaintiff to extend or maintain **for thirty days** the terms and conditions plaintiff has enjoyed regarding storage and maintenance of evidence at the USCG Evidence Storage Locker (CITGO), as have existed for approximately three and one-half years, and in support thereof, defendants state as follows:

Court possesses broad discretion in ordering preservation of evidence. In re African-American Slave Descendants' Litigation, 2003 WL 24085346 (not reported in F. Supp), reversed on other grounds at 471 F.3d 754. The requested order must specifically identify the evidence at issue and further identify the time frame requested. When presented with a motion to preserve evidence, the Court should consider the following factors:

1) Whether the movant can demonstrate the likelihood the opposing party will destroy necessary documentation;

2) Whether the movant will suffer irreparable harm if the preservation order is not granted; and

---

[6] Lenore Oliva as Special Administrator of the Estate of Alexander Oliva, deceased, filed a lawsuit against Exxon Mobil which remains pending and unresolved before the Honorable Judge Matthew F. Kennelly in the U.S. District Court for the Northern District of Illinois under case number 07 CV 1056.

3)    The burden imposed upon the parties by granting the motion.

Likelihood Necessary Documents Will be Destroyed:    The likelihood that important evidence will be destroyed is clear.    An accident reconstruction expert's affidavit clearly establishes the importance of this evidence.    Furthermore, the government's letter of July 11, 2008, (Exhibit J) clearly establishes the government will not rescind its release and will not make arrangements for delivery or safe-handling of the evidence.  Finally, CITGO's correspondence of May 7, 2008, unmistakably states the evidence will be disposed of.  (See attached Exhibit F.) There is no question that July 26 presents the date, after which, important evidence is directly imperiled of being destroyed unless this court issues an order preventing such.

Whether Movant Will Suffer Irreparable Harm:    The harm presented by destroying this evidence is clear:  A pending federal grand jury investigation, plus at least three other litigation matters, have, at their center, inquiry into the cause and circumstances of Tank Barge EMC-423's explosion on January 19, 2005.  All of the remains of Tank Barge EMC-423 and evidence related thereto are contained at the USCG Evidence Storage Yard (3737 South Cicero Avenue, Cicero, Illinois).  Disposing of the evidence, as CITGO has threatened (Exhibit F), threatens to destroy the evidence which bears directly on the cause of the explosion and spill, and the investigation of a pending federal grand jury and other related litigation.  Destroying evidence which forms the basis of the defense will cause irreparable harm in this case and in all pending litigation and investigations.

The Burden on Plaintiff is Not Significant:    In January of 2005, plaintiff directed that the residue and evidence of the EMC-423 be located at the CITGO facility at 3737 South Cicero Avenue, Cicero, Illinois.  (See attached Affidavit of Dennis Egan, Exhibit K.)  The materials and evidence have been held at that location for approximately three and one-half years.  Although

7

defendants are not privy to the terms between plaintiff and CITGO regarding the USCG Evidence Storage Yard, on information and belief, a court order continuing the plaintiff's relationship with CITGO for an additional thirty days, will not impose a significant burden on plaintiff or the property owner, CITGO. An order preserving the evidence will merely maintain the status quo by requiring plaintiff to continue to hold critical evidence in the same manner as it has been held for the past three years.

The Order Must Specifically Identify the Evidence and the Requested Time Frame: The evidence at issue is the equipment, materials, debris, and remains of the EMC-423 currently held at the USCG Evidence Storage Yard, at 3737 South Cicero Avenue, Cicero, Illinois. These materials have been sequestered and are located in a fenced and guarded area. Defendants request that plaintiff be ordered to maintain – **for thirty days** -- the same relationship or agreement with the property owner, which has existed for three and one-half years.

## DEFENDANTS' REQUEST – IN THE ALTERNATIVE – FOR PRELIMINARY INJUNCTION AGAINST CITGO'S REMOVING OR DISCARDING ANY EVIDENCE

In the alternative, defendants seek a preliminary injunction against CITGO, to preserve the *status quo* regarding critical evidence, by prohibiting CITGO from discarding any materials or evidence from USCG Evidence Storage Yard at 3737 South Cicero Avenue, Cicero, Illinois for thirty days, and in support thereof defendants state as follows:

As a threshold matter, CITGO was provided with notice of this emergency motion on July 23, 2008. Attached hereto, please find proof of service regarding this motion.

The purpose of a preliminary injunction is to preserve the *status quo*. EEOC v. City of Janesville, 630 F.2d 1254, 1259 (7th Cir. 1980). Additionally, courts examine four criteria when asked to issue a preliminary injunction:

8

1)    Whether the movant will suffer irreparable harm, or movant has no
      adequate remedy at law;

2)    The movants likelihood of ultimate success on the merits;

3)    Whether the threat of harm to movant outweighs the harm to the opposing party;
      and

4)    The public interest will not be disserved by granting of the temporary
      injunction.

Although the Court must evaluate all four criteria, the movant need not prevail on all four
criteria.  Reinders Bros. v. Rain Bird Eastern Sales Corp., 627 F.2d 44, 49 (7th Cir. 1980)

    Whether Movant Will Suffer Irreparable Harm/Movant has no Adequate Remedy at Law:
Defendants adopt and incorporate by reference the above argument regarding the irreparable
harm that will result if the evidence at issue is destroyed.  In sum, critical evidence regarding the
cause of the accident – evidence at the center of four litigation matters and one pending federal
grand jury investigation – is at risk of being destroyed.   Destruction of such evidence will work
irreparable harm to defendants' ability to investigate and defend the pending cases.  There is no
remedy at law which can eliminate this.  The damage caused by destroying this critical evidence
cannot be resolved by money damages against any party.

    Likelihood of Success on the Merits:    The 7th Circuit has adopted a sliding scale
regarding a movant's need to show likelihood of success on the merits, holding it is enough that
"plaintiff's chances are better than negligible...."  Roland Machinery Co., v. Dresser Industries,
Inc., 749 F.2d 380, 387, (7th Cir. 1984) citing Omega Satellite Products Co., v. City of
Indianapolis, 694 F.2d 123, (2nd Cir. 1971).  A showing of probability of success on the merits
varies with the quality and quantum of harm the moving party will suffer from denial of an
injunction.  (Roland, above, at 387, citing District 40, United Mine Workers of America v.

9

International Union, United Mine Workers of America, 412 F.2d 165, 168 (D.C. Cir. 1969). In this instance, the harm from destroying the evidence will be irreparable because critical evidence regarding the defense -- which was held by plaintiff for three years -- will be lost for all time. That evidence goes to the heart of several cases, including the instant matter. The evidence in question includes critical data regarding the cause, nature, and source of the explosion. This evidence may establish the explosion was caused solely by the actions of a third party. Evidence regarding culpability of third parties is a material aspect of defendants' defense. Also, evidence regarding the culpability of third parties. Defendants need the evidence to establish their defense. The evidence may establish a complete or partial defense. For this reason, the evidence must be preserved.

Whether Harm to Movant Outweighs Harm to other Parties: Defendants adopt their arguments, above, that the burden is not great on plaintiff and CITGO merely by continuing an existing contractual relationship for another thirty days. CITGO cannot be presently using the area which is fenced and secure. Furthermore, defendants are merely seeking continuation of the pending arrangement between the USCG and CITGO, which has protected the evidence for three years. There is little burden on plaintiff or CITGO to merely maintain the *status quo*.

The Public Interest will not be Disserved by Issuance of an Injunction: The public interest will not be disserved by this Court's ordering plaintiff and/or CITGO to maintain, for an additional thirty days, an existing relationship that has protected the preserved evidence for three and one-half years. Public property is not at issue.

Wherefore, for the foregoing reasons, defendants respectfully ask this Court for the following:

1)    an order enlarging defendants' time to answer or otherwise plead to

10

August 6, 2008;

2)    an order directing plaintiff to preserve – for 30 days – plaintiff's existing order or
contractual relationship with CITGO, such that no evidence will be released for
destruction or disposal; or in the alternative,

3)    an order directing CITGO to maintain the evidence in the USCG Evidence
Storage Yard, and further prohibiting CITGO from disposing any evidence
USCG Evidence Storage Yard for a period of thirty days.

Respectfully submitted,

s/Jennifer Curtin Timm
Jennifer Curtin Timm
Attorney for Defendants
ARDC: 6229091
Attorney for Defendants
Egan Marine Corporation
15200 East Canal Bank Road
P.O. Box 669
Lemont, Illinois  60439
(630) 739-0947
Fax:  (630) 739-4455

## CERTIFICATE OF SERVICE

I, Jennifer Curtin Timm, being first duly sworn, upon oath, depose and state that affiant served a copy of the foregoing **Motion to Preserve and/or Return Evidence Regarding the EMC-423 Explosion**, electronically referenced herein to all attorneys of record, at their listed addresses below, on July 23, 2008.

> s/Jennifer Curtin Timm
> Jennifer Curtin Timm
> Attorney for Defendants
> ARDC: 6229091
> Attorney for Defendants
> Egan Marine Corporation
> 15200 East Canal Bank Road
> P.O. Box 669
> Lemont, Illinois 60439
> (630) 739-0947
> Fax: (630) 739-4455

## SERVICE LIST

Stephen R. Campbell
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Ben Franklin Station
Washington, DC 20044-4271
(202) 616-4026

J. Dwight LeBlanc
Chaffe McCall, LLP
1100 Poydras Street
2300 Energy Centre
New Orleans, LA 70163
(504) 585-7013
leblanc@chaffe.com

Charles G. Stark, Plant Manager
CITGO Petroleum Corporation
3737 South Cicero Avenue
Cicero, IL 60804-4577

12

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08 CV 3160 |
| | ) | |
| EGAN MARINE, INC., in personam, MOTOR | ) | Judge Coar |
| VESSEL LISA E, in rem, and TANK BARGE | ) | |
| EMC-423, in rem, | ) | Magistrate Judge Cox |
| | ) | |
| Defendants. | ) | |

### AFFIDAVIT OF JENNIFER TIMM, CORPORATE COUNSEL
### FOR EGAN MARINE, INC.

I Jennifer Timm, an attorney, being over twenty one years of age, under oath. do state the following is true based on my personal knowledge.

1.    I have read the Emergency Motion for Enlargement of Time, Motion to Preserve Evidence or in the Alternative, Motion for Preliminary Injunction.

2.    The factual statements contained in the Motions are true and correct.

3.    The exhibits attached to the aforementioned motions were issued and/or or received by my office in the course of my representing Egan Marine.

FUTHER AFFIANT SAYETH NAUGHT.

_____
Jennifer Timm,


**Sworn to and subscribed before me**
**This 23rd day of July, 2008**


```
OFFICIAL SEAL
GLORIA P DUDA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/29/09
```

1

# EXHIBIT A

## UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Civil Action No. _____ |
| Plaintiff, | FILED: JUNE 02, 2008 |
| v. | 08CV3160          TC |
|  | JUDGE COAR |
| EGAN MARINE, INC., *in personam*, | MAGISTRATE JUDGE COX |
| MOTOR VESSEL LISA E, *in rem*, and |  |
| TANK BARGE EMC-423, *in rem*, |  |
|  | In Admiralty |
| Defendants |  |

### VERIFIED COMPLAINT

Plaintiff, United States of America, through the undersigned counsel, alleges, upon information officially furnished, as follows:

### STATEMENT OF THE CASE

1.    This is an admiralty and maritime claim pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, as more fully appears hereinafter.

2.    Plaintiff United States of America is authorized to sue pursuant to the general maritime law, the Rivers and Harbors Act, 33 U.S.C. §§ 401, *et seq.* (hereinafter "RHA"), the Clean Water Act, 33 U.S.C. §§ 1251 *et seq.*, as amended by the Oil Pollution Act of 1990, 33 U.S.C. §§ 2701, *et seq.*, (hereinafter jointly "OPA"), and other Federal law.

3.    The United States is and was at all material times a sovereign nation authorized to sue pursuant to the original jurisdiction conferred upon this Court by 28 U.S.C. §§ 1333,

1345, and 1355, and other federal law.

4.    The United States asserts claims on behalf of the Oil Spill Liability Trust Fund (hereinafter "Fund"), pursuant to the OPA, to recover removal costs incurred directly by the Fund as well as removal costs and damages incurred by the Fund through compensation paid to claimants. At present, the amount of such payments by the Fund is $1,562,101.78, with further claims awaiting adjudication.

5.    Defendant Egan Marine, Inc., is an Illinois corporation with its principal place of business located in Lemont, Illinois, and was at all material times the owner and operator of the defendants Motor Vessel LISA E ("LISA E") and Tank Barge EMC 423 ("EMC 423").

6.    Upon information and belief, defendant vessel LISA E, *in rem*, is and was at all pertinent times a vessel, documented in the United States, of approximately 62 feet in length and 75 gross tons, and is now or during the pendency of process hereunder will be within this District and, at all pertinent times, was a vessel "used and employed" in violating provisions of the Rivers and Harbors Act within the meaning of 33 U.S.C. § 412.

7.    Upon information and belief, defendant vessel Tank Barge EMC 423 ("EMC 423"), *in rem*, is and was at all pertinent times an oil tank barge, documented in the United States, of approximately 295 feet in length and 1,397 gross tons, and is now or during the pendency of process hereunder will be within this District and, at all pertinent times, was a vessel "used and employed" in violating provisions of the Rivers and Harbors Act within the meaning of 33 U.S.C. § 412.

2

8.    The United States has a maritime lien on the defendant vessels, their engines, tackle, appurtenances, etc., *in rem*, in an amount which will be established at trial.

9.    On or about January 19, 2005, the EMC 423, under the control of the LISA E, was carrying a cargo of approximately 14,000 barrels of clarified slurry oil. The only source of propulsion or movement for the EMC 423 was the LISA E.

10.    On or about January 19, 2005, as a result of the operation of the defendant vessels by defendants, the EMC 423 exploded on the Chicago Sanitary and Ship Canal, a navigable water of the United States, at or near the Cicero Avenue Bridge in the City of Chicago, Illinois.

11.    The explosion damaged the defendant vessels and other property, obstructed the waterway, and discharged a significant quantity of the cargo of clarified slurry oil into the navigable waters of the United States (hereinafter "Oil Spill").

12.    As a result of the explosion and Oil Spill from the EMC 423, the United States took action to respond to the Oil Spill from the EMC 423, and remove the oil and restore the surrounding environment.

13.    The Oil Spill was caused by the negligence, gross negligence, and/or violation of applicable federal safety, construction, or operating regulation by defendant Egan Marine, Inc., its agents or employees, or by persons acting pursuant to a contractual relationship with defendant Egan Marine, Inc., or by the owners and operators of the defendant vessels.

14.    The Oil Spill into and upon the navigable waters of the United States was caused in part, or solely, by the negligent and grossly negligent conduct of defendant Egan

3

Marine, Inc., and/or the owners and operators of the defendant vessels in operating the defendant vessels in an unsafe, imprudent and unseaworthy manner and condition.

15.    Commencing on January 19, 2005, the United States responded to the Oil Spill and incurred pollution removal and other costs in connection with the clean up and other response efforts.

16.    The United States has incurred and will continue to incur other damages caused by the Oil Spill in an amount which will be established at trial..

17.    As a result of the Oil Spill and threat of discharge of oil, the United States has incurred and will continue to incur, substantial costs associated with removal and response activities, enforcement of this action, damages, costs and/or disbursements, in an amount which will be established at trial.

18.    Defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels, *in personam*, and the defendant vessels, *in rem*, are each jointly and severally liable for the costs, damages and/or disbursements of the United States arising from the Oil Spill.

## COUNT I
## CLAIMS UNDER THE OIL POLLUTION ACT

19.    The United States refers to and incorporates by reference, as though fully set forth herein, each and every paragraph of the Verified Complaint.

20.    Pursuant to the OPA, at 33 U.S.C. § 2702(a), each responsible party for a vessel from which oil is discharged into or upon the navigable waters or adjoining shorelines or the exclusive economic zones of the United States is strictly liable, jointly and severally,

4

to the United States for its removal costs, damages, and/or disbursements as specified under the OPA.

21. In the case of a pollution incident involving a vessel, the OPA, at 33 U.S.C. § 2701(32)(A), defines a "responsible party" as any person owning, operating, or demise chartering the vessel. The defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels are responsible parties under the OPA.

22. The clarified slurry oil which was discharged as a result of the Oil Spill is "oil" as defined by the OPA, at 33 U.S.C. § 2701(23).

23. At the time of the Oil Spill, the defendant vessels, as a tug and tow combination, constituted a "vessel" within the meaning of the OPA, at 33 U.S.C. § 2702.

24. At the time of the Oil Spill, the defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels were collectively and individually owners or operators of the tug and tow combination, consisting of the defendant vessels, under the general maritime law and with the meaning of those terms under the OPA, at 33 U.S.C. § 2701(26).

25. As a result of the Oil Spill, the United States has suffered, and will continue to suffer, costs, damages, and/or disbursements under the OPA, in an amount which will be established at trial.

26. The defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels are strictly liable, jointly and severally, to the United States for its costs and damages, and/or disbursements in an amount $1,562,101.78, with further claims awaiting adjudication.

5

## COUNT II
## SUBROGATION RIGHTS OF THE FUND UNDER THE OPA

27.    The United States refers to and incorporates by reference, as though fully set forth herein, each and every paragraph of the Verified Complaint.

28.    Pursuant to the OPA, the Fund shall be subrogated to all rights, claims, and causes of action of claimants to whom it has paid compensation.

29.    As a result of the Oil Spill, the Fund has incurred or will incur costs, damages, and/or disbursements by reason of claims for removal costs and damages brought under the OPA.

30.    As responsible parties, the defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels are strictly liable, jointly and severally, to the United States for all such costs, damages, and/or disbursements sustained by the Fund in the amount of $1,562,101.78, with further claims awaiting adjudication.

31.    The aforesaid costs, damages and/or disbursements of the Fund, as provided in the OPA, are presently unascertained, but will be established at trial.

## COUNT III
## OPA CIVIL PENALTIES

32.    The United States refers to and incorporates by reference, as though fully set forth herein, each and every paragraph of the Verified Complaint.

33.    The OPA, at 33 U.S.C. § 1321(b)(3), prohibits the discharge of harmful quantities of oil or hazardous substances into the navigable waters of the United States, on adjoining shorelines or into the waters of the contiguous zone.

34.    The clarified slurry oil which was discharged as a result of the Oil Spill is a "discharge" as defined by the OPA, at 33 U.S.C. § 1321(a)(2).

35.    The OPA, at 33 U.S.C. § 1321(b)(7), provides for the imposition of civil penalties of up to $25,000 per day of violation against any person who is the owner or operator of a vessel from which oil is discharged in violation of the OPA, at 33 U.S.C. §1321(b)(3).

36.    The defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels are persons within the meaning of the OPA, at 33 U.S.C. § 1321(b)(3).

.   37.    The substances discharged by the EMC 423 are "oil" within the meaning of the OPA, at 33 U.S.C. § 1321(a)(1).

38.    The defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels are liable for civil penalties under the OPA, at 33 U.S.C. § 1321(b)(7), for the discharge of oil from the EMC 423 on January 19, 2005, until cleanup was completed on or about June 7, 2005.

COUNT IV
CLAIM UNDER THE RIVERS AND HARBORS ACT

39.    The United States refers to and incorporates by reference, as though fully set forth herein, each and every paragraph of the Verified Complaint.

40.    The RHA, at 33 U.S.C. § 403, prohibits the alteration or modification of any navigable water of the United States unless such work has been authorized by the Secretary of the Army. The RHA, at 33 U.S.C. § 407, prohibits the discharge into United States'

7

navigable waters of refuse matter from a ship, barge or floating craft of any kind.

41.     No RHA permit was ever issued to defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels that authorized the alteration or modification of navigable waters of the United States in or near the waters of the Chicago Sanitary and Ship Canal, in January 2005.

42.     Defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels caused or contributed to the Oil Spill by permitting the defendant vessels to be operated in a negligent or grossly negligent manner and in an unseaworthy condition.

43.     Clarified slurry oil is refuse matter within the meaning of the RHA, at 33 U.S.C. § 407.

44.     The defendant vessels, both in combination and separately, are vessels or floating craft within the meaning of the RHA, at 33 U.S.C. § 407.

45.     The Oil Spill was not made in connection with the improvement of navigable waters or construction of public works, and was not permitted by the Secretary of the Army or the United States Environmental Protection Agency.

46.     The Oil Spill was in violation of the RHA, at 33 U.S.C. §§ 403 and 407, for which defendant Egan Marine, Inc., is strictly liable.

47.     As a result of the Oil Spill, defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels are liable, *in personam*, and the defendant vessels are liable, *in rem*, to the United States for its costs, damages, and/or disbursements, in an amount which will be established at trial.

8

## COUNT V
## CLAIMS UNDER THE GENERAL MARITIME LAW

48.    The United States refers to and incorporates by reference, as though fully set forth herein, each and every paragraph of the Verified Complaint.

49.    The OPA, at 33 U.S.C. § 2751(e) and § 2718(c), preserves for the United States its general maritime remedies against each defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels, *in personam*, and the defendant vessels, *in rem*, for damages arising out of the aforementioned grounding and Oil Spill.

50.    The defendant vessels are "vessels" within the meaning of the general maritime law.

51.    At the time of the Oil Spill, the defendant vessels, as a tug and tow combination, constituted a single vessel and/or a flotilla within the meaning of the general maritime law.

52.    At the time of the events giving rise to the United States' claims, the defendant vessels were unseaworthy.

53.    Defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels negligently failed to take adequate action and precautions to insure that the defendant vessels would be operated in a safe, prudent and seaworthy manner and condition.

54.    Defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels operated, manned and equipped the defendant vessels in a negligent or grossly negligent manner.

9

55.    It was within the privity and knowledge of the defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels that the defendant vessels were unseaworthy, and operated, manned and equipped in a negligent or grossly negligent manner.

56.    The discharge of oil into navigable waters of the United States is a maritime tort for which defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels are liable *in personam*, and the defendant vessels are liable *in rem*, to the United States for costs, damages and/or disbursements, in an amount which will be established at trial.

57.    The discharge of oil into and upon the navigable waters of the United States was caused by the unseaworthiness of the defendant vessels and the negligence or gross negligence of the defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels, their officers, servants, employees, agents, crew or other individuals acting on their behalf, in a contractual capacity or with their authorization, all within the privity and knowledge of defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels.

58.    The discharge of oil from the defendant vessels into and upon the navigable waters of the United States was caused by the violation of regulations and/or statutes or other provisions designed for the prevention of marine accidents and disasters, on the part of defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels, *in personam*, and the defendant vessels, *in rem*, their officers, servants, employees, agents, crew, or other individuals and entities acting on their behalf or with their authorization.

10

59.    In particular, on information and belief a member of the crew of the LISA E
was on the EMC-423 at the time of the explosion.  The member of the crew was using a
propane torch to heat the cargo pump of the EMC-423.  The propane torch ignited explosive
vapors form from an open standpipe on the EMC-423 causing the catastrophic explosion that
damaged the barge and killed the person on the barge.  Such use of a torch around an open
standpipe while underway would also be a violation of Federal safety and operational
regulations. *See, e.g.,* 46 C.F.R. §§ 35.30-5 ("The use of other than safety matches is
forbidden aboard tank vessels at all times.") and 35.30-10 (no openings on tank barges
without flame screens).

60.    The aforesaid violations of federal regulations and/or statutes constitute
negligence *per se* on the part of defendant Egan Marine, Inc., and/or the owners and
operators of the defendant vessels.

61.    Under the general maritime law the discharge of pollutants, such as clarified
slurry oil, into the navigable waters of the United States is a maritime tort for which
defendant Egan Marine, Inc., and/or the owners and operators of the defendant vessels are
liable to the United States, *in personam,* and the defendant vessels are liable, *in rem,* to the
United States for its costs, damages and/or disbursements, in an amount which will be
established at trial.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, the United States of America, respectfully prays:

1.    That defendants be summoned to appear and answer this Verified Complaint;

11

2.    That the United States of America be granted declaratory judgment against the defendants for pollution removal costs or damages binding on any subsequent actions to recover further removal costs or damages, plus interest, costs, disbursements, and attorney's fees;

3.    That judgment be entered against defendants for removal costs in accordance with 33 U.S.C. § 2702, plus interest calculated in accordance with 33 U.S.C. § 2705, plus administrative and adjudicative costs and attorney's fees as allowed by 33 U.S.C. § 2715(c), pursuant to the OPA cause of action;

4.    That this honorable Court assess a judicial civil penalty against each and all of the Defendants;

5.    That any judgment entered against defendants be binding on any subsequent action or actions to recover further removal costs or damage claims;

6.    That this Court award the United States, by virtue of its maritime tort liens against the defendant vessels, judgment in an amount equal to the value of costs, damages and/or disbursements, including but not limited to:  response costs, property damages, emergency response costs, natural resource damages, lost revenues, profits and earning capacities, net costs of providing increased and additional public services during and after removal activities, and subrogation claims on behalf of the United States arising out of disbursements made from the Fund;

7.    That judgment of condemnation and sale be entered against the defendant vessels, their engines, tackle, appurtenances, etc.;

8.      That this Court award the United States its costs, damages and/or disbursements in this action;

9.      That this Court order that the limitation provisions of the OPA do not apply and that each defendant faces unlimited liability for all costs, damages and/or disbursements of the United States arising from the Oil Spill; and

10.     That this Court grant the United States such other relief as is just and appropriate.

## VERIFICATION

I, Stephen R. Campbell, Senior Trial Counsel, Torts Branch, Civil Division, United States Department of Justice, one of the attorneys for United States of America, make this verification by authority for and on its behalf. I have read the foregoing Verified Complaint, know the contents thereof, and from information officially furnished to me believe the same to be true.

I verify under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this $2nd$ day of _____June_____, 2008.

_____
STEPHEN R. CAMPBELL

13

Dated:  <u>June 2, 2008</u>.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

STEPHEN R. CAMPBELL
Senior Trial Counsel
D.C. Bar No. 348540
Tel:    (202) 616-4026
Fax:    (202) 616-4002
stephen.campbell@usdoj.gov

ROBERT E. KELLY
Trial Attorney
Bar No. 6286571
Tel:    (202) 616-4031
Fax:    (202) 616-4002
robert.kelly@usdoj.gov

Torts Branch, Civil Division
U. S. Department of Justice
P. O. Box 14271
Ben Franklin Station
Washington, DC 20044-4271

Attorneys for Plaintiff
UNITED STATES OF AMERICA

14



**EXHIBIT B**

## Michael Maher

**From:** Jennifer Timm [jennifer_timm@live.com]
**Sent:** Tuesday, July 22, 2008 4:50 PM
**To:** stephen.campbell@usdoj.gov
**Cc:** Michael Maher; Jay Koehler
**Subject:** USA vs. EMC, case no. 08 CV 3160

Steve,

By this e-mail I'd like to confirm our telephone conversation of today's date in which you agreed to give EMC additional time, i.e. until Wednesday August 6, 2008, to answer or otherwise plead to the above-captioned matter. I'll have the appropriate motion filed before Judge Coar to get the Court's permission for this additional time.

As I mentioned in our telephone call, EMC has retained Mike Maher and Jay Koehler of Swanson, Martin & Bell LLP in Chicago to represent us in this case. I have carbon copied them on this e-mail.

Thank you again for your cooperation and professional courtesy in this matter. Please contact me with any questions or if I may be of any assistance.

Jennifer Curtin Timm
Corporate Counsel
Egan Marine Corporation
15200 East Canal Bank Road
P.O. Box 669
Lemont, IL 60439
(630) 739-0947
(630) 739-4455 (fax)
Jennifer_Timm@live.com

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please notify the sender by e-mail and destroy all copies of the original message.

Use video conversation to talk face-to-face with Windows Live Messenger. Get started.

7/23/2008



**EXHIBIT C**

| Incident Name: | Barge EMC 423 | Location: | Stickney, IL |
|---|---|---|---|

**U.S. Department of Homeland Security**

**United States Coast Guard**

Commanding Officer
United States Coast Guard
Marine Safety Office Chicago

215 W. 83rd Street, Suite O
Burr Ridge, IL 60527
Phone: (630) 986-2155
FAX: (630) 986-2120

16732
January 24, 2005

Egan Marine
Attn: Dennis Egan, c/o Tom Neumann
PO Box 669
Lemont, IL 60439

Dear Mr. Egan:

Per our discussion on January 21, 2004, you are not to access the number one cargo hold on barge EMC 423 without first consulting me. As the lead investigator assigned to this marine casualty, it is my responsibility to ensure that the integrity of all evidence is maintained.

If you have any questions please contact LT Mike Reco of my staff at (630) 986-2133.

Sincerely,

J. M. HAMILTON
Commander, U.S. Coast Guard
Investigating Officer

**M**



U.S. Department of
Homeland Security

United States
Coast Guard

Commanding Officer
United States Coast Guard
Marine Safety Office

215 West 83rd Street, Suite D
Burr Ridge, Illinois, 60527
Staff Symbol:
Phone: (630) 986-2155
FAX: (630) 986-2174

16600
18 May 2005

Dennis H. Egan, President
Egan Marine Corporation
15200 Canal Bank Road
P.O. Box 669
Lemont, IL 60439

Subj:  CAPTAIN OF THE PORT CHICAGO ORDER (12-05)

As Captain of the Port (COTP), under Title 33, United States Code, Section 1223, and Title 33, Code of Federal Regulations, Part 6, I herby order you to remove the oil from the T/B EMC423 no later that May 28th, 2005. The EMC423 is no longer certified or fit for service to carry oil or hazardous material in accordance with 46 CFR § 31.01.

Pursuant to CDR Mark Hamilton's letter to you dated May 17, 2005, you shall not, nor shall you allow anyone else to physically alter the condition of the barge or any of it's components in any way, to include but not limited to any cutting, grinding, disassembling, or altering valve positions, hull or deck plating, debris removal or product removal without obtaining written permission from the Coast Guard. Any actions taken by you, your staff, or contractors which would spoliate existing evidence or otherwise obstruct CDR Hamilton's investigation could result in serious legal consequences.

I understand that you may require 24-48 hours to stage equipment and personnel for this oil removal and trans-  operation. You may not begin any work until you have notified me and I have personnel on scene  o monitor and approve any actions related to this cargo transfer.

The enforcement provisions of Title 33, United States Code, § 1232, provides that a violation of this order is punishable by a civil penalty of not more than $25,000, with each day of continuing violation constituting a separate violation. A willful and/or knowing violation of this order is a federal criminal offense, punishable as a Class D felony by imprisonment of not more than six years and/or a maximum fine of not more than $500,000.

Any person directly affected by this order may request reconsideration orally or in writing. You also have the right to appeal this order to the Commander, Ninth Coast Guard District. Appeals must be submitted to the COTP in writing. The appeals process contained in Title 33, CFR § 160.7 has been adopted for purposes of this Order.

T. W. CARTER
Captain, U. S. Coast Guard
Captain of the Port

Acknowledgement of delivery:

Signature: _____  Title: _____ IC

Date: ___5/19/05___  Time: ___1875___

# EXHIBIT D

U.S. Department of
Homeland Security

United States
Coast Guard



Commanding Officer
United States Coast Guard
Marine Safety Office

215 West 83rd Street, Suite D
Burr Ridge, Illinois, 60527
Staff Symbol:
Phone: (630) 986-2155
FAX: (630) 986-2174

16600
18 May 2005

Dennis H. Egan, President
Egan Marine Corporation
15200 Canal Bank Road
P.O. Box 669
Lemont, IL 60439

Subj:   CAPTAIN OF THE PORT CHICAGO ORDER (12-05)

As Captain of the Port (COTP), under Title 33, United States Code, Section 1223, and Title 33, Code of
Federal Regulations, Part 6, I herby order you to remove the oil from the T/B EMC423 no later that May
28th, 2005. The EMC423 is no longer certified or fit for service to carry oil or hazardous material in
accordance with 46 CFR § 31.01.

Pursuant to CDR Mark Hamilton's letter to you dated May 17, 2005, you shall not, nor shall you allow
anyone else to physically alter the condition of the barge or any of it's components in any way, to
include but not limited to any cutting, grinding, disassembling, or altering valve positions, hull or deck
plating, debris removal or product removal without obtaining written permission from the Coast Guard.
Any actions taken by you, your staff, or contractors which would spoliate existing evidence or otherwise
obstruct CDR Hamilton's investigation could result in serious legal consequences.

I understand that you may require 24-48 hours to stage equipment and personnel for this oil removal and
trans  operation. You may not begin any work until you have notified me and I have personnel on
scene to monitor and approve any actions related to this cargo transfer.

The enforcement provisions of Title 33, United States Code, § 1232, provides that a violation of this order
is punishable by a civil penalty of not more than $25,000, with each day of continuing violation
constituting a separate violation. A willful and/or knowing violation of this order is a federal criminal
offense, punishable as a Class D felony by imprisonment of not more than six years and/or a maximum
fine of not more than $500,000.

Any person directly affected by this order may request reconsideration orally or in writing. You also have
the right to appeal this order to the Commander, Ninth Coast Guard District. Appeals must be submitted
to the COTP in writing. The appeals process contained in Title 33, CFR § 160.7 has been adopted for
purposes of this Order.

T. W. CARTER
Captain, U. S. Coast Guard
Captain of the Port

Acknowledgement of delivery:

Signature: _____  Title: _____

Date: _5/18/05_  Time: _1815_



**EXHIBIT E**

U.S. Department of
Homeland Security

**United States
Coast Guard** 

Commander
United States Coast Guard
Sector Los Angeles/Long Beach

1000 South Seaside, Bldg 20
San Pedro, CA 90731
Phone: (312) 521-3601
Fax:    (312) 521-3839

16460
March 18, 2008

Egan Marine Corporation
Attn:  Dennis Egan
15200 Canal Bank Rd.
P. O. Box 669
Lemont, IL  60439

Dear Mr. Egan:

On January 19, 2005, the T/B EMC 423 (O.N.547814) loaded Clarified Slurry Oil (CSO),
exploded and subsequently sank killing one crewmember in the vicinity of the Citgo Petroleum
Corporation dock located in Cicero, IL. This incident resulted in a large amount of barge debris
from the incident being stored at the Citgo property.

The material stored at the facility was necessary to facilitate the One-Man Formal Board of
Investigation into the cause of the explosion, sinking, and loss of life. On August 8, 2005 you
requested that the evidence be returned to you, but at that time my investigation was still active.
However, it has been determined that the need to retain the large amount of material is no longer
necessary. Accordingly, the material is hereby released to you for removal from the Citgo
Petroleum facility located at 3737 South Cicero Ave, Cicero, IL. Your expedient removal of the
material from the facility would be greatly appreciated.

The evidence being released to you includes all of the debris that the Coast Guard has in it's
possession, except for the following items which have been retained by the Coast Guard
Investigative Service as evidence:  cargo pump with gearbox, cargo pump sled, stand pipe, rose
bud, section of cargo pipe with section of heat tracing piping attached, cargo pipe header, 25'
section of cargo pipe, four (4) sections of small piping, two (2) "EMC-423" placards, one (1)
"Marine Corporation" cowling, and a bucket of assorted valves and bolts.

If you have any questions, please don't hesitate to call me.

Sincerely,

H. M. HAMILTON
Captain, U. S. Coast Guard
Senior Investigating Officer

Copy:    USCG District Nine (dp)
         USCG Sector Lake Michigan
         USCG Marine Safety Unit Chicago
         USCG CGIS Resident Agent In Charge Chicago
         Citgo Petroleum Corporation



**EXHIBIT F**

**CITGO Petroleum Corporation**



3737 South Cicero Avenue
Cicero, Illinois 60804-4577
(708) 780-5700
Fax (708) 780-5759

Egan Marine Corporation                                          May 7, 2008
15200 East Canal Bank Road
Lemont Illinois, 60439

Dear Sir:

This letter is being sent to instruct you to remove the remaining debris from the EMC 423
from our barge facility which is located on the Chicago Sanitary and Ship Canal at mile
marker 317.4, north bank. It is part of our facility which is located at 3737 Cicero
Avenue, Cicero Illinois, within sixty (60) days from the date of this letter. If after sixty
days the debris have not been removed from our facility CITGO Petroleum Corporation
shall consider them to have been abandon and will dispose of said debris.

Please call me at your earliest convenience to arrange for the removal of the material. I
can be reached at 708 780 5736.

Sincerely,

Charles G. Stark
Plant Manager
CITGO Petroleum Corporation
3737 s. Cicero Avenue, Cicero Illinois 60804

# EXHIBIT G

Windows Live Hotmail Print Message

**Windows Live**

## FW: Barge Debris
From: **LeBlanc, J. Dwight** (Leblanc@chaffe.com)
Sent: Tue 7/08/08 12:22 PM
To: jenniffer_timm@live.com

---

**From:** LeBlanc, J. Dwight
**Sent:** Tuesday, July 08, 2008 12:06 PM
**To:** 'jenniffer_timm@live.com'
**Cc:** 'Stark, Chuck'; 'wmarwedel@mmr-law.com'
**Subject:** Barge Debris

Ms Timm
Confirm our tel conversation with you this morning where Chuck Stark and I informed you that USCG has taken every thing they need from debris of Eagan's Barge. This has been on CITGO's property for over 3 years. Citgo has previously asked prior counsel of Eagan - Warren J Marwedel to remove Barge Debris and if Eagan does not remove it in 15 days or by close of business on July 26, 2008 Citgo shall have it removed and if any cost incurred this shall be responsibility of Eagan.
j dwight leblanc jr
Attorney for CITGO

J. Dwight LeBlanc, Jr.
Chaffe McCall. L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, LA  70163-2300
Telephone:  504-585-7013
Cell: 504-289-6810
Facsimile:  504-544-6052
E-mail:  leblanc@chaffe.com



**EXHIBIT H**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,           )
                                    )
            Plaintiff,              )
                                    )
vs.                                 )    Case No. 08 CV 3160
                                    )
EGAN MARINE, INC., in personam, MOTOR   )    Judge Coar
VESSEL LISA E, in rem, and TANK BARGE    )
EMC-423, in rem,                    )    Magistrate Judge Cox
                                    )
            Defendants.             )

## AFFIDAVIT OF CHARLES C. ROBERTS, JR., PH.D., P.E.

I, Charles C. Roberts, Jr., Ph.D., P.E., being an adult resident of the State of Illinois and of sound mind, first being duly sworn on oath, depose and state as follows:

1.    I am the President of C. Roberts Consulting Engineers, Inc. located at 46W192 Granart Road. Big Rock, Illinois.

2.    I have personal knowledge of the facts contained within this affidavit and could competently testify regarding the same if called upon to do so.

3.    I am an engineering consultant in the areas of accident reconstruction, failure analysis, structural analysis, heat transfer, fire origin analysis, computer analysis, mechanics and biomechanics.

4.    The evidence from the EMC 423 explosion which is currently being stored at CITGO Petroleum Corporation's barge facility in Cicero, Illinois, including the deck plating which was removed from the EMC 423 the salvage operations, would be relevant and material to developing my opinions regarding the cause of the January 19, 2005 barge explosion.

5.    In my opinion, this evidence should not be destroyed, altered or tampered with in any manner until such time as all parties, actual or potential, have had an opportunity to properly examine it.

FURTHER AFFIANT SAYETH NOT.

_____
Charles C. Roberts, Jr., Ph.D., P.E.



**EXHIBIT I**

Law Offices
MARWEDEL, MINICHELLO
& REEB, P.C.
A Professional Corporation

FILE NUMBER    21561-001

EXTENSION    5208

E-MAIL:    bryan@mmr-law.com

SUITE 720
10 SOUTH RIVERSIDE PLAZA
CHICAGO, ILLINOIS 60606
(312) 902-1600
FAX (312) 902-9900

May 15, 2008

Captain H. M. Hamilton
United States Coast Guard
1000 South Seaside, Building 20
San Pedro, CA 90731

    Re:    **Egan Marine Corporation**

Dear Captain Hamilton:

    I am writing in response to your letter of March 18, 2008, to Dennis Egan of Egan Marine Corporation. In your letter you stated that you have determined that you no longer need to retain the material from the explosion and sinking of the Barge EMC 423 that is currently located at the Citgo Petroleum Corporation dock in Cicero, Illinois. The letter released the material to Egan Marine Corporation. As you know, Egan Marine Corporation salvaged the material from the Chicago Sanitary & Ship Canal and placed the material on a deck barge. The Coast Guard required that the material be removed from the deck barge and placed on the Citgo property so that the Coast Guard could conduct its investigation. If it were not for the Coast Guard's requirement that the material be stored on the Citgo property, Egan Marine Corporation would have been able to transport the material to its ship yard in Lemont, Illinois without having to remove the material from the deck barge and place it on the Citgo facility, and now take the material from the Citgo facility and put it back on a deck barge.

    Egan Marine Corporation intends to take possession of all material released by the Coast Guard located at the Citgo facility. However, it is Egan Marine Corporation's position that the Coast Guard should bear the expense of loading the material onto a deck barge so that the material can be transported away from the Citgo facility by Egan Marine. If it were not for the Coast Guard requirement that the material be taken off the deck barge and placed onto the property of Citgo, the material could have been removed from the scene of the explosion without ever being placed on the Citgo property. Therefore, the cost of loading the material onto a deck barge to remove it from the Citgo facility should be borne by the Coast Guard. Egan Marine Corporation will bear the expense of transporting the material once it has been loaded onto the barge.

Captain H. M. Hamilton
May 15, 2008
Page 2

Please advise me of the Coast Guard's position with regard to this matter.

Very truly yours,

William P. Ryan

WPR:mek
cc:     Dennis Egan
        Jennifer Timm
        Warren J. Marwedel
21561001.MH2

# EXHIBIT J



**U.S. Department of
Homeland Security**

**United States
Coast Guard**

Commander
Ninth Coast Guard District

1240 East Ninth Street
Cleveland, OH 44199
Staff Symbol: (dl)
Phone: (216)902-6010
Fax:  (216)902-6055
Email matthew.w.merriman@uscg.mil

16450
July 11, 2008

Mr. William P. Ryan
Marwedel, Minichello, & Reeb, P.C.
Suite 720
10 South Riverside Plaza
Chicago, Illinois 6060

Dear Mr. Ryan:

I am writing in response to your letter of May 15, 2008 to Captain Mark Hamilton.
Captain Hamilton has forwarded his investigation report for review by higher authorities and this
matter is not a part of his current duites.  Therefore, please direct all further correspondence to
the Ninth Coast Guard District.

As you are aware, the Coast Guard has released material from the explosion and sinking of the
EMC-423 to Egan Marine Corporation.  These materials are not needed by the Coast Guard or
the United States Attorney's office.  The Coast Guard will not move Egan Marine Corporation's
material or pay for the removal of this material from the CITGO facility.  If Egan Marine
Corporation believes it has a valid claim against the Coast Guard for removal of this material,
then it may file a claim and its supporting documentation with the Coast Guard's Maintenance
and Logistics Command Atlantic (MLC).  The MLC Claims website is:
http://www.uscg.mil/mlclant/ldiv/branch_claims_and_litigation.asp.

If you have any questions do no hesitate to call me at (216) 902-6012 or Lieutenant Commander
Dean Firing at (216) 902-6051.

Sincerely,

MATTHEW W. MERRIMAN
Lieutenant Commander
U.S. Coast Guard

Copy:    (dp)
         MLCLANT (lc)
         CG-0945
         CAPT Mark Hamilton
         Joel Levin, AUSA
         Jennifer Timm    –
         CITGO Petroleum Corp.



# EXHIBIT K

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 08 CV 3160 |
| | ) |
| EGAN MARINE, INC., in personam, MOTOR | ) Judge Coar |
| VESSEL LISA E, in rem, and TANK BARGE | ) |
| EMC-423, in rem, | ) Magistrate Judge Cox |
| | ) |
| Defendants. | ) |

### AFFIDAVIT OF DENNIS EGAN

I Dennis Egan, being over twenty one years of age, under oath, do state the following is true based on my personal knowledge.

1.    I have read the Emergency Motion for Enlargement of Time, Motion to Preserve Evidence or in the Alternative, Motion for Preliminary Injunction.

2.    The factual statements contained in the Motions are true and correct.

3.    In January, 2005, the USCG ordered that all debris and evidence regarding the explosion of Tank Barge EMC-423 be placed at the "USCG Evidence Storage Yard", located upon CITGO's premises at 3737 S. Cicero Avenue, Cicero, Illinois

FUTHER AFFIANT SAYETH NAUGHT.

_____
Dennis Egan,

**Sworn to and subscribed before me
This 23rd day of July, 2008**

_____

OFFICIAL SEAL
GLORIA P DUDA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/29/09

1

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 08 CV 3160 |
| | ) |
| EGAN MARINE, INC., in personam, MOTOR | )    Judge Coar |
| VESSEL LISA E, in rem, and TANK BARGE | ) |
| EMC-423, in rem, | )    Magistrate Judge Cox |
| | ) |
| Defendants. | ) |

### ORDER ON DEFENDANTS' EMERGENCY MOTION FOR ENLARGEMENT OF TIME TO ANSWER, MOTION TO PRESERVE EVIDENCE OR, IN THE ALTERNATIVE MOTION FOR PRELIMINARY INJUNCTION TO PRESERVE EVIDENCE

This matter comes on Defendants' motions, Counsel for Plaintiff, Defendants and CITGO Corporation being present and heard by the court,

IT IS HEREBY ORDERED:  Movant shall inspect, evaluate and remove all remnants of Barge-423 at movant's expense within thirty days, or by close of business August 25, 2008, from the CITGO facility at 3737 S. Cicero, Chicago, Illinois.  Egan shall pay $726 as rent for this thirty-day period.

SO ORDERED.

Dated: 07/24/08

_____

David H. Coar

United States District Judge

## Exhibit B



**U.S. Department of Justice**

Civil Division

SRCampbell:bsh
Telephone:    (202) 616-4026
Facsimile:    (202) 616-4002

Post Office Box 14271
Washington, D.C. 20044-4271

July 25, 2008

<u>**SENT VIA FACSIMILE**</u>
(312) 321-0990

SWANSON, MARTIN & BELL LLP
330 N. Wabash, Suite 3300
Chicago, IL  60611

Attn:  Michael J. Maher
       A. Jay Koehler

Re:   *United States v. Egan Marine Corp., et al.*
      <u>USDC, N.D. Ill. (Eastern Div.), Civ. No. 08-cv-3160</u>
      DJ # 62-23-123

Dear Counsel:

This is in response to your e-mail and our telephone conversation earlier today. I advised you of your clients' duty to preserve certain evidence during the pendency of the referenced action. I am, of course, referring to the portions of barge EMC 423 that Egan Marine has been ordered to remove from the CITGO facility. This action was filed less than two months ago and discovery has not yet commenced. At this early stage of the action it is unknown what might become necessary evidence in the case. Accordingly, I again request that this evidence be preserved until all parties in this action agree that this evidence is no longer necessary.

Please call if you have any questions.

Very truly yours,

STEPHEN R. CAMPBELL
Senior Trial Counsel
Aviation/Admiralty Section
Civil Division, Torts Branch

# Exhibit C

cc:    Jennifer Curtin Timm
       Egan Marine Corporation
       Fax: (630) 739-4455



**IMPORTANT**: This facsimile is intended only for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or its contents is strictly prohibited. If you have received this transmission in error, please notify us by telephoning and return the original transmission to us at the address given below.

From: **Stephen R. Campbell**, Senior Trial Counsel
U.S. Department of Justice
Civil Division, Torts Branch, Aviation & Admiralty

| | |
|---|---|
| U.S. Mail/U.S. Express Mail Address: | Commercial Delivery/Office Address: |
| P.O. Box 14271 | 1425 New York Avenue, N.W., Suite 10100 |
| Ben Franklin Station | Washington, D.C. 20005 |
| Washington, D.C. 20044-4271 | |

Fax No. (202) 616-4002
Voice No. (202) 616-4026
E-Mail stephen.campbell@usdoj.gov

July 25, 2008

To: **Michael J. Maher/A. Jay Koehler**, SWANSON, MARTIN & BELL LLP FAX No. **(312) 321-0990**
**Jennifer Curtin Timm**, Egan Marine Corp. FAX No. **(630) 739-4455**

Number of pages sent (including this page): __3__

Re: *United States v. Egan Marine Corp., et al.*
USDC, N.D. Ill. (Eastern Div.), Civ. No. 08-cv-3160
DJ # 62-23-123

Message: **Please see attached and call if you have any questions.**





U.S. Department of
Homeland Security

United States
Coast Guard

Commander
United States Coast Guard
Sector Los Angeles/Long Beach

1000 South Seaside, Bldg 20
San Pedro, CA 90731
Phone: (312) 521-3601
Fax    (312) 521-3839

16460
March 18, 2008

Egan Marine Corporation
Attn: Dennis Egan
15200 Canal Bank Rd.
P. O. Box 669
Lemont, IL  60439

Dear Mr. Egan:

On January 19, 2005, the T/B EMC 423 (O.N.547814) loaded Clarified Slurry Oil (CSO), exploded and subsequently sank killing one crewmember in the vicinity of the Citgo Petroleum Corporation dock located in Cicero, IL.  This incident resulted in a large amount of barge debris from the incident being stored at the Citgo property.

The material stored at the facility was necessary to facilitate the One-Man Formal Board of Investigation into the cause of the explosion, sinking, and loss of life.  On August 8, 2005 you requested that the evidence be returned to you, but at that time my investigation was still active. However, it has been determined that the need to retain the large amount of material is no longer necessary.  Accordingly, the material is hereby released to you for removal from the Citgo Petroleum facility located at 3737 South Cicero Ave, Cicero, IL.  Your expedient removal of the material from the facility would be greatly appreciated.

The evidence being released to you includes all of the debris that the Coast Guard has in it's possession, except for the following items which have been retained by the Coast Guard Investigative Service as evidence:  cargo pump with gearbox, cargo pump sled, stand pipe, rose bud, section of cargo pipe with section of heat tracing piping attached, cargo pipe header, 25' section of cargo pipe, four (4) sections of small piping, two (2) "EMC-423" placards, one (1) "Marine Corporation" cowling, and a bucket of assorted valves and bolts.

If you have any questions, please don't hesitate to call me.

Sincerely,

H. M. HAMILTON
Captain, U. S. Coast Guard
Senior Investigating Officer

Copy:    USCG District Nine (dp)
         USCG Sector Lake Michigan
         USCG Marine Safety Unit Chicago
         USCG CGIS Resident Agent In Charge Chicago
         Citgo Petroleum Corporation

# Exhibit D

**U.S. Department of
Homeland Security**

**United States
Coast Guard**

Commander
Ninth Coast Guard District

1240 East Ninth Street
Cleveland, OH 44199
Staff Symbol: (dl)
Phone: (216)902-6010
Fax:    (216)902-6055
Email matthew.w.merriman@uscg.mil

16450
July 11, 2008

Mr. William P. Ryan
Marwedel, Minichello, & Reeb, P.C.
Suite 720
10 South Riverside Plaza
Chicago, Illinois 6060

Dear Mr. Ryan:

I am writing in response to your letter of May 15, 2008 to Captain Mark Hamilton.
Captain Hamilton has forwarded his investigation report for review by higher authorities and this
matter is not a part of his current duites. Therefore, please direct all further correspondence to
the Ninth Coast Guard District.

As you are aware, the Coast Guard has released material from the explosion and sinking of the
EMC-423 to Egan Marine Corporation. These materials are not needed by the Coast Guard or
the United States Attorney's office. The Coast Guard will not move Egan Marine Corporation's
material or pay for the removal of this material from the CITGO facility. If Egan Marine
Corporation believes it has a valid claim against the Coast Guard for removal of this material,
then it may file a claim and its supporting documentation with the Coast Guard's Maintenance
and Logistics Command Atlantic (MLC). The MLC Claims website is:
http://www.uscg.mil/mlclant/ldiv/branch_claims_and_litigation.asp.

If you have any questions do no hesitate to call me at (216) 902-6012 or Lieutenant Commander
Dean Firing at (216) 902-6051.

Sincerely,

MATTHEW W. MERRIMAN
Lieutenant Commander
U.S. Coast Guard

Copy:    (dp)
        MLCLANT (lc)
        CG-0945
        CAPT Mark Hamilton
        Joel Levin, AUSA
        Jennifer Timm      ~
        CITGO Petroleum Corp.

# Exhibit E

# EMC

July 28, 2008

To All Interested Parties
via E-mail and Certified Mail – Return Receipt Requested
(Please See Attached Service List)

> **Re:**  **USA vs. Egan Marine Corp., et. al., case no. 08 CV 3160**
> **Evidence from 1/19/05 EMC 423 Explosion**

To Whom It May Concern:

Please be advised that on Wednesday, August 6, 2008 at 9:00 a.m. all remnants of the tank barge EMC 423 which are currently being stored in the Coast Guard evidence yard at the CITGO Petroleum Plant at 3737 South Cicero Avenue in Cicero, Illinois will be inspected for their evidentiary value.

After said inspection, all materials which are able to be moved will be moved to premises under Egan Marine Corp.'s control or to any other location as mutually agreed upon by all parties with an interest in these materials.

This inspection is being performed pursuant to Judge Coar's order that the materials be removed from CITGO's premises by the close of business August 25, 2008 . The inspection is also being performed to protect the chain of custody for any party, actual or potential, in preserving this evidence for use in actual or potential litigation.

Very truly yours,

Jennifer Curtin Timm, Esq.
Corporate Counsel

## Exhibit F

EGAN MARINE CORPORATION • BARGES/POWER/SERVICE • PO BOX 669 • LEMONT, ILLINOIS 60439 • 630/ 739-0947

SERVICE LIST re: Notice to All Interested Parties
Evidence from 1/19/05 EMC 423 Explosion

**Stephen R. Campbell**
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Ben Franklin Station
Washington, DC 20044-4271
E-mail: stephen.campbell@usdoj.gov

**Eric Pruitt**
United States Attorney's Office, Northern District of Illinois
219 S. Dearborn St., Suite 500
Chicago, IL 60604-1702
E-mail: eric.pruitt@usdoj.gov

**J. Dwight LeBlanc**
Chaffe McCall, LLP
1100 Poydras Street
2300 Energy Centre
New Orleans, LA 70163
E-mail: leblanc@chaffe.com

**Michael A. Synder**
Snyder McGovern, LLC
12750 South Harlem Avenue, #2A
Palos Heights, IL 60463
E-mail: shiplaw@juno.com

**Charles G. Stark**
Plant Manager
CITGO Petroleum Corporation
3737 South Cicero Avenue
Cicero, IL 60804-4577
E-mail: cstark@citgo.com

**Robert P. Walsh**
**Craig J. Squillace**
Clifford Law Office
120 North LaSalle Street
Suite 3100
Chicago, IL 60602
E-mail: rpw@cliffordlaw.com
E-mail: cjs@cliffordlaw.com

**Edward B. Ruff, III**
**Michael P. Turiello**
**Natalia M. Delgado**
Pretzel & Stouffer, Chartered
One South Wacker Drive, Suite 2500
Chicago, IL 60606-4673
E-mail: eruff@pretzel-stouffer.com
E-mail: mturiello@pretzel-stouffer.com
E-mail: ndelgado@pretzel-stouffer.com

**Jeffrey J. Asperger**
**John R. Bowley**
Asperger Associates, LLC
150 North Michigan Avenue
Suite 420
Chicago, IL 60601
E-mail: jasperger@asplaw.net
E-mail: jbowley@asplaw.net

**Matthew W. Merriman**
Lieutenant Commander
U.S. Coast Guard
1240 East Ninth Street
Cleveland, OH 44199
E-mail: matthew.w.merriman@uscg.dhs.gov

**Julia Price**
Claims Manager
Ocean Marine Division
Great American Insurance Companies
65 Broadway
New York, NY 10006
E-mail: jprice@gaic.com

**Brad Burlew**
Senior Vice President
Casualty Claims, Specialty Operations
Great American Insurance Companies
49 East Fourth Street
Suite 400 DTS
Cincinnati, OH 45202
E-mail: bburlew@gaic.com

**Assistant U.S. Attorney Joel R. Levin**
Illinois-Eastern Division of the Northern District
Office of the U.S. Attorney
219 South Dearborn Street, Suite 500
Chicago, IL 60604
E-mail: joel.levin@usdoj.gov

**Zemeheret Bereket-Ab**
Illinois Attorney General's Office
188 West Randolph Street
20th Floor
Chicago, IL 60601
E-mail: zbereket-ab@atg.state.il.us

**James W. Carbin**
Duane Morris
744 Broad Street
Suite 1200
Newark, NJ 07102-3889
E:mail: JWCarbin@duanemorris.com

**Elaine Cindy Davenport**
**Timothy V. Hoffman**
Sanchez & Daniels
333 West Wacker Drive
Suite 500
Chicago, IL 60606
(312) 641-1555
E-mail: edavenport@sanchezdh.com
E-mail: thoffman@sanchezdh.com

**James R. Koecher**
Brown Sims, P.C.
1177 West Loop South
10th Floor
Houston, TX 77027-9007
(713) 629-1580
E-mail: rkoecher@brownsims.com

Neil K. Quinn
Edward H. Nielsen
Robert Marc Chemers
Lewis M. Schneider
Timothy A. Weaver
Richard M. Waris
Brian T. Henry
Edward B. Ruff III
John J. Walsh III
John V. Smith II
Alan J. Schumacher
Charles F. Redden
Stephen C. Veltman
Matthew J. Egan
Daniel B. Mills
Brian C. Rocca
Donald J. O'Meara, Jr.
David M. Bennett
Miguel A. Ruiz
Michael A. Clarke
James A. LaBarge
Patrick F. Healy
Scott L. Howie
Steven W. Ryan
D. Scott Rendleman
Suzanne M. Crowley
James J. Sipchen
Brian C. Sundheim
Christine J. Iversen
David S. Osborne
Howard J. Pikel
Amy J. Thompson
Belle L. Katubig
Brendan J. Nelligan
Michael P. Turiello
Alan S. Zelkowitz
William W. Elinski
Marcie L. Hefler
Rick Kenyon
Thomas A. Lang II

Richard J. Siebert
Matthew J. Ligda
Rena A. Ballard
Darryl L. Awiek
Kim Mathers Heffernan
Priya K. Jesani
Scott L. Anderson
Edward J. Aucoin, Jr.
Kathryn A. Smetana
Robert E. Sidkey
Christopher C. Cassidy
Cynthia H. Alkhouja
John J. Beribak
John C. Pirra
Matthew F. Tibble
Mary H. Cronin
James M. McAskin
Heather E. Plunkett
Donald Patrick Eckler
Sara J. Brundage
Crystal Y. Lee
Paul A. Ruscheinski
Jesse P. Hyde
Natalia M. Delgado
Natalie M. Petric
Pedro E. Koe-Krompecher
Jeremy N. Boeder
Thomas E. Daugherty

*of Counsel*
Ralph E. Stouffer. Jr.
Paula M. Besler

LAW OFFICES

# *PRETZEL & STOUFFER* Chartered

ONE SOUTH WACKER DRIVE • SUITE 2500 • CHICAGO, ILLINOIS 60606-4673 • 312-346-1973

FAX NUMBER 312-346-8242

www.pretzel-stouffer.com

August 6, 2008

AUTHOR'S DIRECT DIAL
(312) 578-7698
NDelgado@pretzel-stouffer.com

PLEASE REFER TO OUR FILE NUMBER
338.62115(599)

## *Via Facsimile and U. S. Mail*

Jennifer Timm
Egan Marine
15200 Canal Bank Road
Lemont, IL 60439

RE:    Lenore Oliva v. Exxon Mobil Corporation
       Court No.:    07 CV 1056

Dear Ms. Timm:

Based upon the events that occurred at today's inspection at the CITGO Petroleum Plant, in accordance with Judge Coar's Order, ExxonMobil Corporation is concerned that evidence related to this litigation will be destroyed, damaged, and/or altered. Therefore, please allow this letter to serve as notice that ExxonMobil will be filing a motion for injunctive relief before Judge Kennelly. I have contacted the Judge's chambers and scheduled the motion for Tuesday, August 12, 2008. A copy of said motion will be sent to you no later than August 7, 2008.

You are hereby on notice that we are objecting to the destruction, damage or alteration of any and all evidence currently being stored at the CITGO Petroleum Plant, and any and all evidence that was removed by Egan Marine at today's inspection.

Very truly yours,

PRETZEL & STOUFFER, CHARTERED

By: _____
Natalia M. Delgado

NMD:jm

cc:    Craig Squillace, Esq.
       Robert P. Walsh, Esq.
       John R. Bowley, Esq.

N:\wpdata\NDelgado\Oliva 338-060278\Correspondence\Timm003 8-6-08.wpd

# Exhibit G

 Windows Live™

---

## Egan Marine Corporation-CITGO-Barge Debris, Our File No. 27761
From: **Rupp, Christine** (rupp@chaffe.com)
Sent: Tue 8/12/08 5:13 PM
To: Jennifer_Timm@live.com
Cc: Stark, Chuck (CSTARK@citgo.com); shiplaw@juno.com

---

Ms. Timm

      Ms. Timm's I do not believe that you were present for the argument before Judge Kennelly today in Chicago.  The Judge gave Exxon until Tuesday August 19, 2008 for a status report and at that time the Judge will rule on the pending motions. From discussions with Exxon's attorney it may well be that the matter will be moot as a settlement of the death case against Exxon according to their attorneys appears to be eminent.

      Since this is the case I would appreciate your giving us a plan by which you will give us a time sequence for removal of the remnants of the barge starting on August 21 with completion by August 25, 2008 in accordance with Judge Coar's order of July 24, 2008.  Please also send Egan's check in the amount of $726.00 for rent in accordance with said order.

      I await your advices in this regard and of course you should coordinate everything with Chuck Stark of CITGO in Cicero, Illinois.  I await your plan and I remain,

Very truly yours,

J. Dwight LeBlanc, Jr.

*Chaffe McCall, L.L.P.*
*2300 Energy Centre*
*1100 Poydras Street*
*New Orleans, LA 70163*
*Email Address: leblanc@chaffe.com*

# Exhibit H

 Windows Live™

---

## EMC 423 Debris Removal Plan

From: **Jennifer Timm** (jennifer_timm@live.com)
Sent: Fri 8/15/08 12:25 PM
To: Chad Hanrahan (chanrah@citgo.com); Chuck Stark (cstark@citgo.com); Barry Rose (barrydrose@att.net); Dennis
Egan (dhe111842@aol.com); Jason R. Shoff (jshoff@citgo.com); leblanc@chaffe.com (leblanc@chaffe.com);
Michael Snyder (shiplaw@juno.com); Natalia Delgado (ndelgado@pretzel-stouffer.com); Neil Shoemaker
(nshoema@citgo.com); stephen.campbell@usdoj.gov (stephen.campbell@usdoj.gov); Bill Ryan (bryan@mmr-
law.com); Brad Burlew (bburlew@gaic.com); Dan Egan (danieltegan@aol.com); Elaine Davenport
(edavenport@sanchezdh.com); Eric Pruitt (eric.pruitt@usdoj.gov); eruff@pretzel-stouffer.com (eruff@pretzel-
stouffer.com); James R. Koecher (rkoecher@brownsims.com); Jim Carbin (jwcarbin@duanemorris.com); Joel Levin
(joel.levin@usdoj.gov); John O'Malley (jomalley@crishamlaw.com); Julia Price (jprice@gaic.com);
mturiello@pretzel-stouffer.com (mturiello@pretzel-stouffer.com); Timothy Hoffman (thoffman@sanchezdh.com)

Attachments: 8.15.08 letter to CITGO re Debris Removal Plan.doc (21.6 KB)    Security scan upon download 

---

Chad,

As you are aware we are under court order to have the EMC 423 barge remnants removed from
CITGO's premises by the close of business on August 25th.
As a courtesy to Exxon, we delayed our efforts to remove these materials so that they could appear
before Judge Kennelly. Judge Kennelly delayed ruling
on Exxon's motion until 8/19. Unfortunately, if we wait any longer to get started on removing these
materials, we run the risk of being unable to comply with
Judge Coar's order. That is the reason why we wish to being set-up operations Monday morning.

Please call me to discuss. Thanks for your assistance in this matter.

Jennifer Curtin Timm
Corporate Counsel
Egan Marine Corporation
15200 East Canal Bank Road
P.O. Box 669
Lemont, IL  60439
(630) 739-0947
(630) 739-4455 (fax)
Jennifer_Timm@live.com

CONFIDENTIALITY NOTICE:  This e-mail message, including any attachments, is for the sole use of
the intended recipient(s) and may contain confidential and privileged.  Any unauthorized review,
use, disclosure or distribution is prohibited.  If you are not the intended recipient, please notify the
sender by e-mail and destroy all copies of the original message.

---

Be the filmmaker you always wanted to be—learn how to burn a DVD with Windows®. Make your
smash hit

# Exhibit I

Re: Citgo "Debris Removal Plan" Request

Via: email August 15th 2008

Dear Chad:

In response to Chuck Stark's email request of August 6th 2008, please find herewith our "debris removal plan." Providing that this plan is acceptable, it will be our intention to move on site Monday August 18th, 2008 with the following equipment:

> Two (2) scrap trailers;
> One (1) 10 ton hydraulic rough terrain crane and low-boy trailer;
> One (1) Caterpillar Skid Steer and ramp load trailer;
> One (1) Open (equipment) trailer with the following:

>> Fire prevention equipment including: two large and 4 small portable dry chemical units,
>> Personnel safety equipment: hard hats, gloves, safety glasses, eye wash station, etc.
>> Propane torches and required hoses, propane and oxygen tanks,
>> Various chains, straps, clamps, bars, and other tools as required,

We will begin removal of the site debris on Tuesday August 19th, 2008 at 08:00:00. We will arrive on site with the following classification of personnel; names will be provided on arrival at the site:

> Six (6) welder/cutters;
> Four (4) laborers;
> One (1) Supervisor;
> One (1) Fire-Watch / Safety Supervisor;
> Up to three (3) additional supervisory personnel may attend during the operation;

All Service Welding and Shipbuilding personnel will receive an orientation familiarizing them with the Citgo "Safety Procedure plan No. SP-7011/January 2008. We will hold an onsite safety meeting prior to work each morning during debris removal. It will be our intention to proceed in an expedited manner in an effort to complete the debris removal as required by Judge Coar's order to have these materials removed from CITGO's premises by the close of business on Monday August 25, 2008.

Thank you for your attention to this matter please let us know if you need anything additional.

Sincerely,


Dennis H. Egan

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LENORE OLIVA, as Special Administrator | ) | |
| of the Estate of | ) | |
| ALEXANDER OLIVA, Deceased, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-CV-1056 |
| | ) | |
| EXXON MOBIL CORPORATION, | ) | The Honorable Matthew F. |
| a corporation, and EXXONMOBIL OIL | ) | Kennelly |
| CORPORATION, a corporation, | ) | Magistrate Judge Michael T. |
| | ) | Mason |
| • | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

This matter coming to be heard on Defendant's motion, the Court being fully advised,

IT IS HEREBY ORDERED:

1.    Defendant's Motion to Bar the Destruction of Evidence is granted.

2.    Defendant shall inspect the remnants of the Barge EMC 423 located at the CITGO facility, 3737 S. Cicero, Chicago, Illinois, by the close of business on September 12, 2008. The Barge or its remnants may not be altered, moved, or removed prior to the close of business on September 12, 2008.

3.    Egan Marine shall remove all remnants of the barge, at its own expense, from CITGO's facility by the close of business on September 30, 2008.

4.    Egan Marine may not materially alter or destroy any relevant evidence identified during Defendant's inspection, following its removal from CITGO, and shall maintain such evidence at a secure location pending further order of this Court.

5.    Egan shall provide an inventory of any items previously removed from CITGO, including but not limited to any evidence removed by Dennis Egan on August 6, 2008, by Friday, August 22, 2008, at 5 p.m. Any items removed shall be returned to CITGO no later than August 22, 2008, at 5 p.m.

# Exhibit J

6.      Egan Marine shall pay CITGO $726.00 for rent in accordance with Judge Coar's July 24, 2008, Order for the 30 day period ending on August 25, 2008.

7.      Defendant shall pay CITGO $726.00 rent for the period from August 26, 2008, until September 30, 2008.

*August 18* _____, 2008.

ENTER: *Manuelmenez*

Edward B. Ruff, III, Esq., (IL Bar No. 6181322)
Michael P. Turiello, Esq., (IL Bar No. 6238272)
Natalia M. Delgado, Esq., (IL Bar No. 6289343)
Attorneys for Defendants
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive, Suite 2500
Chicago, IL 60606-4673
(312) 346-1973
(312) 346-8242 - Fax

LAW OFFICES

## *PRETZEL & STOUFFER* Chartered

ONE SOUTH WACKER DRIVE · SUITE 2500 · CHICAGO, ILLINOIS 60606-4673· 312/346-1973

*Our Main Fax Number: 312/346-8242*

---

## FAX TRANSMITTAL COVER SHEET

| DATE:    August 18, 2008 | NUMBER OF PAGES <br> (including this cover sheet) :    **3** |
|---|---|
| TO:    Michael A. Synder <br>       Jennifer Timm <br>      ˙ | **708-448-9750** <br> **630-739-4455** |
| FROM: Natalia M. Delgado | TELEPHONE EXTENSION: <br>      (312) 578-7698 |
| TRANSMITTAL NUMBER: See above. | OUR FILE NUMBER: 338-062115 |

MESSAGE:    Lenore Oliva v. Exxon Mobil Corporation <br>               Court No.: 07-CV-1056

Please see attached Order entered August 18, 2008. Thank you.

---

   IF YOU HAVE ANY DIFFICULTY RECEIVING TRANSMISSION, PLEASE CONTACT:

Josefina Medina <br>
(312) 578-7476

---

*This communication is for the exclusive and confidential use of the designated recipient, and any other distribution or use is unauthorized and strictly prohibited. If you have received this communication in error, please notify the sender by telephone and return the original message to the above address via the U.S. Postal Service.*

(1JJ)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08 CV 3160 |
| | ) | |
| EGAN MARINE CORPORATION, in personam, | ) | Judge Coar |
| MOTOR VESSEL LISA E, in rem, and TANK | ) | |
| BARGE EMC-423, in rem, | ) | Magistrate Judge Cox |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF DENNIS EGAN

I, Dennis Egan, being an adult resident of the State of Illinois and of sound mind, first being duly sworn on oath, depose and state as follows:

1.    I am the President of Egan Marine Corporation located in Lemont, Illinois.

2.    I have personal knowledge of the facts contained within this affidavit and could competently testify regarding the same if called upon to do so.

3.    I was the Salvage Master for the raising of the partially sunken EMC 423 after the January 19, 2005 incident and as such was responsible for collecting the majority of the evidence which is currently being stored at the CITGO Cicero facility.

4.    In my opinion, to remove this evidence from the CITGO Cicero Facility and preserve its evidentiary value, this evidence would be required to be moved by barge, and would require at the minimum of two land based cranes, a deck barge fitted with a crane, a flatbed truck and numerous personnel. I estimate the cost of so moving these materials would be between $50,000 and $100,000.

FURTHER AFFIANT SAYETH NOT.

_____
Dennis Egan

# Exhibit K