UNITED STATES OF DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil Action No. 1:08-cv-3160 |
| Plaintiff, | Judge Coar |
| | Magistrate Cox |
| v. | |
| | JURY DEMANDED |
| EGAN MARINE CORPORATION, *in personam*, MOTOR VESSEL LISA E, *in rem*, TANK BARGE EMC-423, *in rem*, | In Admiralty |
| Defendants. | |

## ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND

NOW COME the Defendants, Egan Marine Corporation ("Egan") *in personam*, Motor Vessel LISA E ("LISA E") *in rem*, and TANK BARGE EMC-423 ("EMC-423") *in rem*, (hereinafter collectively referred to as "EMC"), and, without waiving their concurrently-filed Motion to Dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, hereby answer the Amended Verified Complaint filed by Plaintiff, United States of America, as set forth below:

1.      This is an admiralty and maritime claim pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, as more fully appears hereinafter.

**The allegations contained in Paragraph 1 of the Verified Amended Complaint consist of legal conclusions to which EMC is not required to respond.**

2.      Plaintiff United States of America is authorized to sue pursuant to the general maritime law, the River and Harbors Act, 33 U.S.C. §§ 401, *et. seq.* (hereinafter "RHA"), the Clean Water Act, 33 U.S.C. §§ 1251 *et. seq.*, as amended by the Oil Pollution Act of 1990, 33 U.S.C. §§ 2701, *et. seq.*, (hereinafter jointly "OPA"), and other Federal law.

1

**EMC admits the allegations that Plaintiff is authorized to sue pursuant to the Clean Water Act and the Oil Pollution Act of 1990. The remaining allegations of Paragraph 2 are denied.**

3. The United States is and was at all material times a sovereign nation authorized to sue pursuant to the original jurisdiction conferred upon this Court by 28 U.S.C. §§ 1333, 1345, and 1355, and other federal law.

**EMC admits the allegations contained in Paragraph 3 of the Verified Amended Complaint.**

4. The United States asserts claims on behalf of the Oil Spill Liability Trust Fund (hereinafter "Fund"), pursuant to the OPA, to recover removal costs incurred directly by the Fund as well as removal costs and damages incurred by the Fund through compensation paid to claimants. At present, the amount of such payments by the Fund is $1,562,101.78, with further claims awaiting adjudication.

**EMC admits the allegations contained in Paragraph 4 of the Verified Amended Complaint to the extent that the Plaintiff is asserting claims on behalf of the Oil Spill Liability Trust Fund (the "Fund") pursuant to the Oil Pollution Act (OPA) to recover removal costs incurred directly by the Fund and reimbursement of costs and damages incurred by claimants. EMC lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's assertion that the Fund has made payments in the amount of $1,562,101.78 and whether those payments were properly made.**

5. Defendant Egan Marine Corporation is an Illinois corporation with its principal place of business located in Lemont, Illinois, and was at all material times the owner and operator of the defendants Motor Vessel LISA E ("LISA E") and Tank Barge EMC 423 ("EMC 423").

2

**EMC admits the allegations contained in Paragraph 5 of the Verified Amended Complaint.**

6.  Upon information and belief, defendant vessel LISA E, *in rem*, is and was at all pertinent times a vessel, documented in the United States, of approximately 62 feet in length and 75 gross tons, and is now or during the pendency of process hereunder will be within this District and, at all pertinent times, was a vessel "used and employed" in violating provisions of the Rivers and Harbors Act within the meaning of 33 U.S.C. § 412.

**EMC admits the allegations contained in Paragraph 6 of the Amended Verified Complaint except that it denies the portion of Paragraph 6 that alleges that LISA E was a vessel used and employed in violating provisions of the Rivers and Harbors Act.**

7.  Upon information and belief, defendant vessel Tank Barge EMC 423 ("EMC 423"), *in rem*, is and was at all pertinent times an oil tank barge, documented in the United States, of approximately 295 feet in length and 1,397 gross tons, and is now or during the pendency of process hereunder will be within this District and, at all pertinent times, was a vessel "used and employed" in violating provisions of the Rivers and Harbors Act within the meaning of 33 U.S.C. § 412.

**EMC admits the allegations contained in Paragraph 7 of the Amended Verified Complaint except that it denies the portion of Paragraph 7 that alleges that EMC-423 was a vessel used and employed in violating provisions of the Rivers and Harbors Act.**

8.  The United States has a maritime lien on the defendant vessels, their engines, tackle, appurtenances, etc., *in rem*, in an amount which will be established at trial.

**EMC denies the allegations contained in Paragraph 8 of the Amended Verified Complaint.**

9. On or about January 19, 2005, the EMC 423, under the control of the LISA E, was carrying a cargo of approximately 14,000 barrels of clarified slurry oil. The only source of propulsion or movement for the EMC 423 was the LISA E.

**EMC admits the allegations contained in Paragraph 9 of the Amended Verified Complaint.**

10. On or about January 19, 2005, as a result of the operation of the defendant vessels by defendants, the EMC 423 exploded on the Chicago Sanitary and Ship Canal, a navigable water of the United States, at or near the Cicero Avenue Bridge in the City of Chicago, Illinois.

**EMC admits the allegations contained in Paragraph 10 of the Amended Verified Complaint except that portion of Paragraph 10 that alleges that the explosion occurred "as a result of the operation of defendant vessels by defendants."**

11. The explosion damaged the defendant vessels and other property, obstructed the waterway, and discharged a significant quantity of the cargo of clarified slurry oil into the navigable waters of the United States (hereinafter "Oil Spill").

**EMC denies the allegations contained in Paragraph 11 of the Amended Verified Complaint except that it admits that the explosion damaged the defendant vessels and other property and that a quantity of clarified slurry oil was discharged into the navigable waters of the United States.**

12. As a result of the explosion and Oil Spill from the EMC 423, the United States took action to respond to the Oil Spill from the EMC 423, and remove the oil and restore the surrounding environment.

**EMC admits the allegation contained in Paragraph 12 of the Amended Verified Complaint that Plaintiff took action to respond to the Oil Spill. The remaining allegations contained in Paragraph 12 are denied.**

13. The Oil Spill was caused by the negligence, gross negligence, and/or violation of applicable federal safety, construction, or operating regulation by defendant Egan Marine Corporation, its agents or employees, or by persons acting pursuant to a contractual relationship with defendant Egan Marine Corporation, or by the owners and operators of the defendant vessels.

**EMC denies the allegations contained in Paragraph 13 of the Amended Verified Complaint.**

14. The Oil Spill into and upon the navigable waters of the United States was caused in part, or solely, by the negligent or grossly negligent conduct of defendant Egan Marine Corporation, and/or the owners and operators of the defendant vessels in operating the defendant vessels in an unsafe, imprudent and unseaworthy manner and condition.

**EMC denies the allegations contained in Paragraph 14 of the Amended Verified Complaint.**

15. Commencing on January 19, 2005, the United States responded to the Oil Spill and incurred pollution removal and other costs in connection with the clean up and other response efforts.

**EMC admits the allegations contained in Paragraph 15 of the Amended Verified Complaint.**

16. The United States has incurred and will continue to incur other damages caused by the Oil Spill in an amount which will be established at trial.

**EMC is without sufficient knowledge or information to admit the allegations contained in Paragraph 16 of the Amended Verified Complaint and therefore demands strict proof thereof.**

17. As a result of the Oil Spill and threat of discharge of oil, the United States has incurred and will continue to incur, substantial costs associated with removal and response

activities, enforcement of this action, damages, costs and/or disbursements, in an amount which will be established at trial.

**EMC admits the allegations contained in Paragraph 17 of the Amended Verified Complaint that Plaintiff has incurred costs associated with the removal and response activities resulting from the Oil Spill. EMC is without sufficient knowledge or information to admit the remaining allegations contained in Paragraph 17 and therefore demands strict proof thereof.**

18. Defendant Egan Marine Corporation, and/or the owners and operators of the defendant vessels, *in personam*, and the defendant vessels, *in rem*, are each jointly and severally liable for the costs, damages and/or disbursements of the United States arising from the Oil Spill. **EMC denies the allegations contained in Paragraph 18 of the Amended Verified Complaint.**

## COUNT I

## CLAIM UNDER THE OIL POLLUTION ACT

19. The United States refers to and incorporates by reference, as though fully set forth herein, each and every paragraph of the Amended Verified Complaint.

**EMC incorporates by reference herein the responses set forth in Paragraphs 1 through 18 of this Answer.**

20. Pursuant to the OPA, at 33 U.S.C. § 2702(a), each responsible party for a vessel from which oil is discharged into or upon the navigable waters or adjoining shorelines or the exclusive economic zones of the United States is strictly liable, jointly and severally, to the United States for its removal costs, damages, and/or disbursements as specified under the OPA. **The allegations contained in Paragraph 20 of the Amended Verified Complaint consist of legal conclusions to which EMC is not required to respond. EMC does object, however, to**

the characterization of the responsible party being "strictly liable" to the United States as this legal conclusion is in conflict with defenses to liability contained in 33 U.S.C. § 2703.

21. In the case of a pollution incident involving a vessel, the OPA, at 33 U.S.C. § 2701(32)(A), defines a "responsible party" as any person owning, operating, or demise chartering the vessel. The defendant Egan Marine Corporation, and/or the owners and operators of the defendant vessels are responsible parties under the OPA.

**To the extent that the allegations contained in Paragraph 21 of the Amended Verified Complaint consist of legal conclusions, EMC is not required to respond. The remaining allegations contained in the Paragraph 21 are admitted.**

22. The clarified slurry oil which was discharged as a result of the Oil Spill is "oil" as defined by the OPA, at 33 U.S.C. § 2701 (23).

**The allegations contained in Paragraph 22 of the Amended Verified Complaint consist of legal conclusions to which EMC is not required to respond.**

23. At the time of the Oil Spill, the defendant vessels, as a tug and tow combination, constituted a "vessel" within the meaning of the OPA, at 33 U.S.C. § 2702.

**The allegations contained in Paragraph 23 of the Amended Verified Complaint consist of legal conclusions to which EMC is not required to respond.**

24. At the time of the Oil Spill, the defendant Egan Marine Corporation, and/or the owners and operators of the defendant vessels were collectively and individually owners or operators of the tug and tow combination, consisting of the defendant vessels, under the general maritime law and with the meaning of those terms under the OPA, at 33 U.S.C. § 2701 (26).

**The allegations contained in Paragraph 24 of the Amended Verified Complaint are admitted.**

25. As a result of the Oil Spill, the United States has suffered, and will continue to suffer, costs, damages, and/or disbursements under the OPA, in an amount which will be established at trial.

**EMC admits that Plaintiff has suffered costs, damages and/or disbursements under OPA as a result of the Oil Spill. EMC lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations and therefore demands strict proof thereof.**

26. The defendant Egan Marine Corporation, and/or the owners and operators of the defendant vessels are strictly liable, jointly and severally, to the United States for its costs and damages, and/or disbursements in an amount $1,562,101.78, with further claims awaiting adjudication.

**EMC denies the allegations contained in Paragraph 26 of the Amended Verified Complaint.**

## COUNT II

### SUBROGATION RIGHTS OF THE FUND UNDER OPA

27. The United States refers to and incorporates by reference, as though full set forth herein, each and every paragraph of the Amended Verified Complaint.

**EMC refers to and incorporates by reference, as though fully set forth herein, its responses to Paragraphs 1 – 26 of the Amended Verified Complaint.**

28. Pursuant to the OPA, the Fund shall be subrogated to all rights, claims, and causes of action of claimants to whom it has paid compensation.

**The allegations contained in Paragraph 28 of the Amended Verified Complaint consist of legal conclusions to which EMC is not required to respond.**

29. As a result of the Oil Spill, the Fund has incurred or will incur costs, damages, and/or disbursements by reason for removal costs and damages brought under the OPA.

**EMC admits that the Fund has incurred costs, damages and disbursement by reason of claims for removal costs and damages brought under OPA. The remaining allegations of Paragraph 29 of the Amended Verified Complaint are denied.**

30. As responsible parties, the defendant Egan Marine Corporation, and/or the owners and operators of the defendant vessels are strictly liable, jointly and severally, to the United States for all such costs, damages, and/or disbursements sustained by the Fund in the amount of $1,562,101.78, with further claims awaiting adjudication.

**EMC denies the allegations contained in Paragraph 30 of the Amended Verified Complaint.**

31. The aforesaid costs, damages and/or disbursements of the Fund, as provided in the OPA, are presently unascertained, but will be established at trial.

**EMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Amended Verified Complaint, and therefore demands strict proof thereof.**

### COUNT III

### OPA CIVIL PENALTIES

32. The United States refers to and incorporates by reference, as though fully set forth herein, each and every paragraph of the Amended Verified Complaint.

**EMC refers to and incorporates by reference, as though fully set forth herein, its responses to Paragraphs 1 – 31 of the Amended Verified Complaint.**

33. The OPA, at 33 U.S.C. § 1321(b)(3), prohibits the discharge of harmful quantities of oil or hazardous substances into the navigable waters of the United States, on adjoining shorelines or into the waters of the contiguous zone.

**The allegations contained in Paragraph 33 of the Amended Verified Complaint consist of legal conclusions to which EMC is not required to respond.**

34. The clarified slurry oil which was discharged as a result of the Oil Spill is a "discharge" as defined by the OPA, at 33 U.S.C. § 1321(a)(2).

**EMC admits the allegations contained in Paragraph 34 of the Amended Verified Complaint.**

35. The OPA, at 33 U.S.C. § 1321(b)(7), provides for the imposition of civil penalties of up to $25,000 per day of violation against any person who is the owner or operator of a vessel from which oil is discharged in violation of the OPA, at 33 U.S.C. § 1321(b)(3).

**The allegations contained in Paragraph 35 of the Amended Verified Complaint consist of legal conclusions to which EMC is not required to respond.**

36. The defendant Egan Marine Corporation, and/or the owners and operators of the defendant vessels are persons within the meaning of the OPA, at 33 U.S.C. § 1321(b)(3).

**EMC admits the allegations contained in Paragraph 36 of the Amended Verified Complaint.**

37. The substances discharged by the EMC 423 are "oil" within the meaning of the OPA, at 33 U.S.C. § 1321(a)(1).

**EMC admits the allegations contained in Paragraph 37 of the Amended Verified Complaint.**

38. The defendant Egan Marine Corporation, and/or the owners and operators of the defendant vessels are liable for civil penalties under the OPA, at 33 U.S.C. § 1321(b)(7), for the discharge of oil from the EMC 423 on January 19, 2005, until cleanup was completed on or about June 7, 2005.

**EMC denies the allegations contained in Paragraph 38 of the Amended Verified Complaint.**

## COUNT IV

## CLAIM UNDER THE RIVERS AND HARBORS ACT

39. The United States refers to and incorporates by reference, as though fully set forth herein, each and every paragraph of the Amended Verified Complaint.

**EMC refers to and incorporates by reference, as though fully set forth herein, its responses to Paragraphs 1 – 38 of the Amended Verified Complaint.**

40. The RHA, at 33 U.S.C. § 403, prohibits the alteration or modification of any navigable water of the United States unless such work has been authorized by the Secretary of the Army. The RHA, at 33 U.S.C. § 407, prohibits the discharge into the United States' navigable waters of refuse matter from a ship, barge or floating craft of any kind.

**The allegations contained in Paragraph 40 of the Amended Verified Complaint consist of legal conclusions to which EMC is not required to respond.**

41. No RHA permit was ever issued to defendant Egan Marine Corporation, an/or the owners and operators of the defendant vessels that authorized the alteration or modification of navigable waters of the United States in or near the waters of the Chicago Sanitary and Ship Canal, in January 2005.

**EMC admits the allegations contained in Paragraph 41 of the Amended Verified Complaint.**

42. Defendant Egan Marine Corporation, and/or owners and operators of the defendant vessels caused or contributed to the Oil Spill by permitting the defendant vessels to be operated in a negligent or grossly negligent manner and in an unseaworthy condition.

**EMC denies the allegations contained in Paragraph 42 of the Amended Verified Complaint.**

43. Clarified slurry oil is refuse manner within the meaning of the RHA, at 33 U.S.C. § 407.

**EMC admits the allegations contained in Paragraph 43 of the Amended Verified Complaint.**

44. The defendant vessels, both in combination and separately, are vessels or floating craft within the meaning of the RHA, at 33 U.S.C. § 407.

**EMC admits the allegations contained in Paragraph 44 of the Amended Verified Complaint.**

45. The Oil Spill was not made in connection with the improvement of navigable waters or construction of public works, and was not permitted by the Secretary of the Army or the United States Environmental Protection Agency.

**EMC admits the allegations contained in Paragraph 45 of the Amended Verified Complaint.**

46. The Oil Spill was in violation of the RHA, at 33 U.S.C. §§ 403 and 407, for which defendant Egan Marine Corporation is strictly liable.

**EMC denies the allegations set forth in Paragraph 46 of the Amended Verified Complaint.**

47. As a result of the Oil Spill, defendant Egan Marine Corporation, and/or the owners and operators of the defendant vessels are liable, *in personam*, and the defendant vessels are liable, *in rem*, to the United States for its costs, damages, and/or disbursements, in an amount which will be established at trial.

**EMC denies the allegations set forth in Paragraph 47 of the Amended Verified Complaint.**

## COUNT V

## CLAIMS UNDER THE GENERAL MARITIME LAW

48. The United States refers to and incorporates by reference, as though fully set forth herein, each and every paragraph of the Amended Verified Complaint.

**EMC refers to and incorporates by reference, as though fully set forth herein, its responses to Paragraphs 1 – 47 of the Amended Verified Complaint.**

49. The OPA, at 33 U.S.C. § 2751(e) and § 2718(c), preserves for the United States its general maritime remedies against each defendant Egan Marine Corporation, and/or the owners and operators of the defendant vessels, *in personam*, and the defendant vessels, *in rem*, for damages arising out of the aforementioned grounding and Oil Spill.

**The allegations contained in Paragraph 49 of the Amended Verified Complaint consist of legal conclusions to which EMC is not required to respond.**

50. The defendant vessels are "vessels" within the meaning of the general maritime law.

**The allegations contained in Paragraph 50 of the Amended Verified Complaint consist of legal conclusions to which EMC is not required to respond.**

51. At the time of the Oil Spill, the defendant vessels, as a tug and tow combination, constituted a single vessel and/or a flotilla within the meaning of the general maritime law.

**The allegations contained in Paragraph 51 of the Amended Verified Complaint consist of legal conclusions to which EMC is not required to respond.**

52. At the time of the events giving rise to the United States' claims, the defendant vessels were unseaworthy.

**EMC denies the allegations contained in Paragraph 52 of the Amended Verified Complaint.**

53.　Defendant Egan Marine Corporation, and/or the owners and operators of the defendant vessels negligently failed to take adequate action and precautions to insure that the defendant vessels would be operated in a safe, prudent and seaworthy manner and condition.

**EMC denies the allegations contained in Paragraph 53 of the Amended Verified Complaint.**

54.　Defendant Egan Marine Corporation, and/or the owners and operators of the defendant vessels operated, manned and equipped the defendant vessels in a negligent or grossly negligent manner.

**EMC denies the allegations contained in Paragraph 54 of the Amended Verified Complaint.**

55.　It was within the privity and knowledge of the defendant Egan Marine Corporation, and/or the owners and operators of the defendant vessels that the defendant vessels were unseaworthy, and operated, manned and equipped in a negligent or grossly negligent manner.

**EMC denies the allegations contained in Paragraph 55 of the Amended Verified Complaint.**

56.　The discharge of oil into navigable waters of the United States is a maritime tort for which defendant Egan Marine Corporation, and/or the owners and operators of the defendant vessels are liable *in personam*, and the defendant vessels are liable *in rem*, to the United States for costs, damages and/or disbursements, in an amount which will be established at trial.

**EMC denies the allegations contained in Paragraph 56 of the Amended Verified Complaint.**

57.　The discharge of oil into and upon the navigable waters of the United States was caused by the unseaworthiness of the defendant vessels and the negligence or gross negligence of the defendant Egan Marine Corporation, and/or the owners and operators of the defendant vessels, their officers, servants, employees, agents, crew or other individuals acting on their

behalf, in a contractual capacity or with their authorization, all within the privity and knowledge of defendant Egan Marine Corporation, and/or the owners and operators of the defendant vessels.

**EMC denies the allegations contained in Paragraph 57 of the Amended Verified Complaint.**

58. The discharge of oil from the defendant vessels into and upon the navigable waters of the United States was caused by the violation of regulations and/or statutes or other provisions designed for the prevention of marine accidents and disasters, on the part of defendant Egan Marine Corporation, and/or the owners and operators of the defendant vessels, *in personam*, and the defendant vessels, *in rem*, their officers, servants, employees, agents, crew, or other individuals and entities acting on their behalf or with their authorization.

**EMC denies the allegations contained in Paragraph 58 of the Amended Verified Complaint.**

59. In particular, on information and belief a member of the crew of the LISA E was on the EMC-423 at the time of the explosion. The member of the crew was using a propane torch to heat the cargo pump of the EMC-423. The propane torch ignited explosive vapors form from an open standpipe on the EMC-423 causing the catastrophic explosion that damaged the barge and killed the person on the barge. Such use of a torch around an open standpipe while underway would also be a violation of Federal safety and operational regulations. *See, e.g.*, 46 C.F.R. §§ 35.30-5 ("The use of other than safety matches is forbidden aboard tank vessels at all times.") and 35.30-10 (no openings on tank barges without flame screens).

**EMC denies the allegations contained in Paragraph 59 of the Amended Verified Complaint.**

60. The aforesaid violations of federal regulations and/or statutes constitute negligence per se on the part of defendant Egan Marine Corporation, and/or owners and operators of the defendant vessels.

**EMC denies the allegations contained in Paragraph 60 of the Amended Verified Complaint.**

61.   Under the general maritime law the discharge of pollutants, such as clarified slurry oil, into the navigable waters of the United States is a maritime tort for which defendant Egan Marine Corporation, and/or the owners and operators of the defendant vessels are liable to the United States, *in personam*, and the defendant vessels are liable, *in rem*, to the United States for its costs, damages and/or disbursements, in an amount which will be established at trial.

**EMC denies the allegations contained in Paragraph 61 of the Amended Verified Complaint.**

### AFFIRMATIVE DEFENSES

**First Affirmative Defense**

The Amended Verified Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Any damage or losses Plaintiff may have suffered are the result, in whole or in part, of its own negligence or of the negligence of others for whom EMC is not responsible.

**Third Affirmative Defense**

Plaintiff's claims are barred by the statute of limitations and/or laches.

**Fourth Affirmative Defense**

Any losses or damages Plaintiff may have suffered were caused by persons over whom EMC could exercise no control and for which it is not responsible.

**Fifth Affirmative Defense**

Plaintiff is barred from pursuing its non-OPA claims by virtue of the Limitation of Liability Act, 46 U.S.C. App. §§ 183 *et seq.* or is otherwise entitled to exoneration from or limitation of its liability pursuant to this act.

**Sixth Affirmative Defense**

Pursuant to 33 U.S.C. § 2704 in effect at the time of the oil spill, EMC is entitled to limit its liability, if any, to $2,000,000.00.

WHEREFORE, having fully answered, EMC prays that the Amended Verified Complaint, including all paragraphs of its Prayer for Relief, be dismissed, with costs, and for such other and further relief as the Court may deem just.

## JURY DEMAND

EMC hereby requests a trial by jury on all issues so triable in this matter.

Respectfully Submitted,

/s/ Christopher H. White
Attorney for Defendants

Christopher H. White (Bar No. 6280031)
ROSS, DIXON & BELL, LLP
55 West Monroe Street
Suite 3000
Chicago, Illinois 60603
(312) 759-1920 (telephone)
(312) 759-1939 (facsimile)

Of Counsel:

David H. Sump (Pending *pro hac vice* application)
Christopher A. Abel (Pending *pro hac vice* application)
TROUTMAN SANDERS, LLP
150 West Main Street
Suite 1600
Norfolk, Virginia 23510
(757) 640-0004 (telephone)
(757) 687-7510 (facsimile)

Jennifer Curtin Timm (Bar No. 6229091)
Egan Marine Corporation
15200 East Canal Bank Road
P.O. Box 669
Lemont, Illinois 60439
(630) 739-0947 (telephone)
(630) 739-4455 (facsimile)

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, certify that on this 26th day of August, 2008, I caused a true and complete copy of the foregoing pleading to be served on the following counsel by electronic means through use of the Court's CM/ECF system:

Stephen R. Campbell
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Ben Franklin Station
Washington, DC 20044
E-mail: stephen.campbell@usdoj.gov

Eric Pruitt
United States Attorney's Office,
Northern District of Illinois
219 South Dearborn Street, Suite 500
Chicago, Illinois 60604
E-mail: eric.pruitt@usdoj.gov

/s/ Christopher H. White
Attorney for Defendants

Christopher H. White (Bar No. 6280031)
ROSS, DIXON & BELL, LLP
55 West Monroe Street
Suite 3000
Chicago, Illinois 60603
(312) 759-1920 (telephone)
(312) 759-1939 (facsimile)

Of Counsel:

David H. Sump (Pending *pro hac vice* application)
Christopher A. Abel (Pending *pro hac vice* application)
TROUTMAN SANDERS, LLP
150 West Main Street
Suite 1600
Norfolk, Virginia 23510
(757) 640-0004 (telephone)
(757) 687-7510 (facsimile)

Jennifer Curtin Timm (Bar No. 6229091)
Egan Marine Corporation
15200 East Canal Bank Road
P.O. Box 669
Lemont, Illinois 60439
(630) 739-0947 (telephone)
(630) 739-4455 (facsimile)