IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>    **Plaintiff,**<br><br>    **and**<br><br>**GREAT AMERICAN INSURANCE COMPANY OF NEW YORK**<br>    **Applicant for Intervention.**<br><br>    **v.**<br><br>**EGAN MARINE, CORP.** *in personam,*<br>**MOTOR VESSEL LISA E,** *in rem*, **and**<br>**TANK BARGE EMC-423,** *in rem*,<br>    **Defendants** | No.: 08 CV 3160<br><br>Judge Coar<br>Magistrate Judge Cox |

### GREAT AMERICAN INSURANCE COMPANY OF NEW YORK'S MOTION TO INTERVENE

Great American Insurance Company of New York ("GAIC") by and through its undersigned counsel, moves this Court pursuant to Federal Rules of Civil Procedure 24(a)(2), and alternatively pursuant to Rule 24(b), for an order granting GAIC leave to intervene in this action and for such other and further relief as this court deems just and equitable, for the reasons set forth in GAIC's Memorandum of Law in Support of its Motion to Intervene and Declaration of Dirk E. Ehlers filed contemporaneously herewith.  GAIC's proposed Declaratory Judgment Complaint in Intervention is attached hereto.

Dated: August 28, 2008

Respectfully Submitted,

\_\_/s Dirk E. Ehlers_____

Attorneys for GREAT AMERICAN INSURANCE COMPANY OF NEW YORK

John T. Schriver (ARDC #2507692)
Dirk E. Ehlers (ARDC #6198475)
Duane Morris LLP
190 South LaSalle Street
Suite 3700
Chicago, Illinois  60603-3433
Telephone:  312.499.6700
Facsimile:   312.499.6701

James W. Carbin (Application for Pro Hac Vice Submitted)
Duane Morris LLP
744 Broad Street
Suite 1200
Newark, New Jersey  07102
Telephone:  973.424.2000
Facsimile:   973.424.2001

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on August 28, 2008 I caused a copy of the Great American Insurance Company Of New York's Motion To Intervene to be served through the electronic delivery system of the U.S. District Court for the Northern District of Illinois, and by U.S. Regular mail, upon:

        Stephen R. Campbell
        U.S. Department of Justice
        Civil Division, Torts Branch, Aviation & Admiralty Litigation
        Ben Franklin Station
        P.O. Box 14271
        Washington, DC  20044-4271

        AUSA
        United States Attorney's Office (NDIL)
        219 South Dearborn Street
        Suite 500
        Chicago, IL  60604
        (312) 353-5300

        Christopher Howard White
        Ross Dixon & Bell, LLP
        55 West Monroe Street
        Suite 3000
        Chicago, IL  60603-5758

        Jennifer Curtin Timm
        Egan Marine Corporation
        P.O. Box 669
        Lemont, IL  60439

                              /s/ Dirk E. Ehlers

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>    Plaintiff,<br><br>    and<br><br>**GREAT AMERICAN INSURANCE**<br>**COMPANY OF NEW YORK**<br>    Applicant for Intervention.<br><br>    v.<br><br>**EGAN MARINE, CORP.** *in personam,*<br>**MOTOR VESSEL LISA E,** *in rem*, and<br>**TANK BARGE EMC-423,** *in rem*,<br>    Defendants | No.: 08 CV 3160<br><br>Judge Coar<br>  Magistrate Judge Cox |

## INTERVENTION COMPLAINT FOR DECLARATORY JUDGMENT

Intervenor Great American Insurance Company of New York ("GAIC"), by and through its attorneys, John T. Schriver and Dirk E. Ehlers, for Complaint for Declaratory alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Great American Insurance Company of New York ("GAIC") is a New York corporation with its principal place of business in Cincinnati, Ohio.

2.      Egan Marine Corporation is an Illinois corporation with its principal place of business in Lemont, Illinois, and was at all material times the owner and operator of the defendants Motor Vessel LISA E Tank Barge EMC 423.

3.      GAIC brings this action for a declaratory judgment pursuant to 28 U.S.C. § 2201 et seq. and Rule 57 of the Federal Rules of Civil Procedure.

DM1\1370853.2

4. This is an admiralty-maritime action concerning a marine insurance policy and therefore falls within the Court's admiralty-maritime jurisdiction pursuant to 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

5. The United States is a sovereign nation subject to suit pursuant to 28 U.S.C. §§ 1333, 1345, and 1355, and other federal law.

6. The U.S. District Court for the Northern District of Illinois is a proper venue for this action under 28 U.S.C. § 1391.

## FACTS

**A.    THE POLICY**

7. GAIC issued Marine Insurance Vessel Owner Pollution Policy No. OMH 538-93-12 04 to Egan Marine effective December 22, 2004 to December 22, 2005 (the "Policy"). A copy of the Policy is attached hereto as Exhibit "A".

8. The "Schedule of Vessels" of the Policy lists the LISA E and the EMC 423 with respective $5 million Amounts of Insurance. See Ex. A., Schedule of Vessels.

9. Subject to its terms, the Policy provides coverage for clean up response costs imposed under §2702 of the Oil Pollution Act of 1990, 33 U.S.C. 1321, et seq. ("OPA90.")

10. Policy "Section B: Coverage" states in relevant part:

> Coverage applies to all vessels listed on the Declaration Page or on the Schedule of Vessels page, for incidents that occur during the effective period of this policy. Any Vessel not listed is not covered. Subject to all **EXCLUSIONS** and **LIMITATIONS** in section C and D, and subject to all the terms and conditions elsewhere in the Policy. We will indemnify You for the following ten coverages:
>
> 1. **OPA 90** (Federal) - Removal costs and expenses paid by You under Section 1002 of **OPA 90** (33 U.S.C. §2702), for which liability would have been imposed under the laws of

>the United States if You had not voluntarily undertaken the removal of oil.

* * *

Ex. A., Section B.

>11. The term "OPA 90" is defined in the Policy as:
>
>>The Oil Pollution Act of 1990, P.L. 101-380; 33 U.S.C. 2701, et seq.

Ex. A., Section A.

>12. The term "incident" is defined by the Policy as:
>
>>an event that exposes You to liability under **OPA 90 or CERCLA or FWPCA** for which Section **B** provides coverage.

Ex. A, Section A.

**B. THE SPILL**

>13. On January 19, 2005, the Barge EMC 423 exploded in the Chicago Sanitary and Ship Canal discharging part of the cargo of slurry oil from the Barge (the "Spill").

>14. As a tug, the LISA E could not carry and was not carrying any of the oil cargo.

>15. On January 21, 2005, the United States Coast Guard ("Coast Guard"), designated the Barge EMC 423 as the source of the discharged oil under OPA90.

>16. Egan Marine did not dispute the Coast Guard's sole designation of the Barge EMC 423 as the source of the discharge.

>17. The Coast Guard's designation notified Egan that, as owner of the Barge EMC 423, it was a responsible party liable under 33 U.S.C. § 2702 of OPA90 for removal costs and damages as a result of the Spill.

18. The Coast Guard neither designated the Tug LISA E as a discharging vessel nor designated Egan as a responsible party as owner of the Tug liable under 33 U.S.C. § 2702(a) for removal costs and damages under OPA90 with respect to the Tug.

19. GAIC paid the full $5 million Amount of insurance for the Barge EMC 423 under the Policy based on the designation of the Barge as the discharging vessel, in responding to the Spill.

20. The full $5 million Policy limit in coverage for Egan in its capacity as owner-operator of the Barge EMC 423 under the Policy has been exhausted.

21. In <u>Egan Marine Corporation and Service Welding & Shipbuilding , LLC v. Great American Insurance Company of New York,</u> United States District Court for the Northern District of Illinois, No.: 05 C 5295, the Court concluded the Policy limit for the Barge EMC 423 with respect to the incident, had been exhausted.

**C.    THE USA COMPLAINT**

22. On or about June 13, 2008, the United States of America ("USA") filed a Verified Complaint in this action against Egan Marine and the Motor Vessel Lisa E and Barge EMC 423 in rem.

23. The USA filed an Amended Complaint on July 24, 2008.

24. The USA Complaint claims reimbursement for removal costs, damages and compensation to claimants the Oil Spill Liability Trust Fund (the "Fund") allegedly paid in connection with the Spill, in the amount of $1,562,101.78.  (USA Complaint, ¶ 4.)

25. The USA Complaint makes allegations that the Policy does not respond for.

26. The allegation by the USA that at the time of the Spill the Barge EMC-423 and Tug LISA E constituted a single vessel and/or flotilla, is contrary to OPA 90's vessel-based liability scheme.

27. The USA's allegations of § 2702 liability against the Tug and the Barge are contrary to the Coast Guard's earlier designation of only the owner-operator of the Barge EMC 423, as the discharging vessel, liable for the clean up.

28. The allegations made by the USA present novel facts and legal issues that materially affect the GAIC Policy and GAIC's Vessel Pollution Policy Coverage.

## FIRST CAUSE OF ACTION

### Declaratory Relief

29. GAIC repeats and realleges each and every allegation contained in Paragraphs 1 thru 30, inclusive, of this Complaint, as if fully set forth at length herein.

30. The United States District Court for the Northern District of Illinois has ruled the coverage limit under the Policy for the EMC 423 has been exhausted.

31. The GAIC Policy does not respond to the allegations made by the USA against Egan in its capacity as owner operator of the Barge EMC since the full $5,000,000 Policy limit in coverage for Egan in its capacity as owner operator of the Barge 423 was previously exhausted. That ruling is <u>res judicata</u>.

32. GAIC requests this Court issue a declaratory judgment that there is no further coverage available to Egan under the Policy in its capacity as owner-operator of the Barge EMC 423 and that any claim for further coverage is barred by Res Judicata and Collateral Estoppel.

## SECOND CAUSE OF ACTION

### Declaratory Relief

33. GAIC repeats and realleges each and every allegation contained in Paragraphs 1 thru 34, inclusive, of this Complaint, as if fully set forth at length herein.

34. The GAIC Policy does not provide coverage for, *inter alia, in rem* vessel liabilities, Civil penalties under Section 1321(b)(7) of OPA90, liability under the United States Rivers and Harbors Act, or under General Maritime Law.

35. The above liabilities are of the type not covered under the Policy.

36. GAIC requests this Court issue a declaratory judgment that there is no coverage under the Policy for non-covered liabilities as alleged by the USA in the Amended Complaint.

## THIRD CAUSE OF ACTION

### Declaratory Relief

37. GAIC repeats and realleges each and every allegation contained in Paragraphs 1 thru 38, inclusive, of this Complaint, as if fully set forth at length herein.

38. The United States Coast Guard singularly designated the Barge EMC 423 as the vessel that was the source of the discharged oil under OPA90.

39. GAIC seeks a declaration that the Barge EMC 423 and Tug LISA E do not constitute a single vessel under OPA 90 or otherwise.

40. Accordingly, the Policy does not respond for the allegations made by the USA that the Barge Lisa E and Tug LISA E constitute a single vessel and/or does not respond for the Tug LISA E when it is not the source of the oil discharge.

WHEREFORE, GAIC demands judgment of this Court against Defendants: (1) declaring that there is no coverage under the Policy for the allegations made by the USA against Egan in its capacity as owner operator of the barge Barge EMC 423; (2) declaring that there is no

coverage under the Policy for the liabilities alleged by the USA including *inter alia, in rem* vessel liabilities, Civil penalties under Section 1321(b)(7) of OPA90, liability under the United States Rivers and Harbors Act, or under General Maritime Law; (3) declaring that there is no coverage under the Policy for the allegations that the Barge Lisa E and Tug LISA E constitute a single vessel; and (4) declaring that the liabilities alleged, or any part of them, are not covered under the Policy, (5) that the Tug LISA E and Barge EMC 423 do not and cannot constitute a "vessel" for OPA90 liability, and (6) for such other and further relief as this Court deems just and proper, together with the costs and disbursements of this action.

Dated:  August 28, 2008

                                GREAT AMERICAN INSURANCE
                                COMPANY OF NEW YORK

                                By:   /s/ Dirk E. Ehlers
                                        One of their Attorneys

John T. Schriver (ARDC #2507692)
Dirk E. Ehlers (ARDC #6198475)
Duane Morris LLP
190 South LaSalle Street
Suite 3700
Chicago, Illinois  60603-3433
Telephone:  312.499.6700
Facsimile:   312.499.6701

James W. Carbin (Application for Pro Hac Vice Submitted)
Duane Morris LLP
744 Broad Street
Suite 1200
Newark, New Jersey  07102
Telephone:  973.424.2035
Facsimile:   973.424.2001

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on August 28, 2008 I caused a copy of the Intervention Complaint for Declaratory Judgment to be served through the electronic delivery system of the U.S. District Court for the Northern District of Illinois, and by U.S. regular mail, upon:

> Stephen R. Campbell
> U.S. Department of Justice
> Civil Division, Torts Branch, Aviation & Admiralty Litigation
> Ben Franklin Station
> P.O. Box 14271
> Washington, DC  20044-4271
>
> AUSA
> United States Attorney's Office (NDIL)
> 219 South Dearborn Street
> Suite 500
> Chicago, IL  60604
> (312) 353-5300
>
> Christopher Howard White
> Ross Dixon & Bell, LLP
> 55 West Monroe Street
> Suite 3000
> Chicago, IL  60603-5758
>
> Jennifer Curtin Timm
> Egan Marine Corporation
> P.O. Box 669
> Lemont, IL  60439

                                           /s/ Dirk E. Ehlers