IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) </br> ) </br> *Plaintiff*, ) </br> v. ) </br> ) </br> EGAN MARINE CORPORATION, *in* ) </br> *personam,* MOTOR VESSEL LISA E., *in rem,* ) </br> TANK BARGE EMC-423, *in rem*, ) </br> *Defendants*. ) </br> _____ ) </br> EGAN MARINE CORPORATION, ) </br> *Defendant/Third Party* ) </br> *Plaintiff,* ) </br> v. ) </br> EXXON MOBIL CORPORATION and ) </br> EXXONMOBIL OIL CORPORATION ) </br> *Third-Party* ) </br> *Defendants*. ) | No. 08-C-3160 </br> </br> Honorable David H. Coar |

**MEMORANDUM OPINION AND ORDER**

Before this Court is the Defendant Egan Marine Corporation's ("Defendant") motion to dismiss two counts of the Plaintiff United States' ("Plaintiff") Amended Verified Complaint. On July 24, 2008, Plaintiff filed an Amended Verified Complaint containing five counts: Claims under the Oil Pollution Act ("OPA") (Count I); Subrogation Rights of the Oil Spill Liability Trust Fund (the "Fund") under OPA (Count II); OPA Civil Penalties (Count III); Claim under the Rivers and Harbors Act (Count IV); and Claims under the General Maritime Law (Count V). On August 26, 2008, Defendant filed a Motion to Dismiss on Counts IV and V of Plaintiff's Amended Verified Complaint. Plaintiff now requests that Count V be dismissed, but contests the Defendant's motion for dismissal on Count IV. For the reasons stated below, Defendant's

Motion to Dismiss on Count IV is DENIED. However, pursuant to Plaintiff's request, Count V is DISMISSED.

### I. Alleged Facts

On or about January 19, 2005, while under the control of the LISA E, the EMC-423 exploded, which resulted in the discharge of clarified slurry oil into the Chicago Sanitary and Ship Canal. The EMC-423 and LISA E were both owned by Egan Marine Corp.

Plaintiff alleges that immediately prior to the explosion, a member of the LISA E crew went onboard the EMC-423 and improperly began using a propane torch on a piece of equipment that had malfunctioned because of the cold temperature. The open flame of the propane torch ignited combustible vapors, emanating from a malfunctioning valve on the EMC 423. This led to the explosion, the sinking of the EMC 423, and the crewmember's death.

The sinking of the EMC-423 obstructed the Canal and caused a large quantity of clarified slurry oil to be discharged. The freezing temperatures on that day and the nature of the clarified slurry oil caused a portion of it to become an asphalt-like substance which deposited into the Canal and, along with the remnants of the EMC-423, resulted in the Canal being closed to navigation for a period of the time and subject to limited navigation for an additional period of time.

Plaintiff responded to the oil spill in the Canal beginning on January 19, 2005, and incurred pollution removal and other costs in connection with the clean-up effort. Plaintiff alleges that as a result of the oil spill, it has incurred and will continue to incur substantial costs.

Pursuant to OPA, each responsible party is liable to the United States for its removal costs, damages, and/or disbursements. The United States alleges that it has incurred costs, damages, and/or disbursements by reason of claims for removal costs and damages brought by third-parties, which are also compensable. Finally, Plaintiff alleges that pursuant to these costs and claims, the Fund has expended $1,562,101.78.

On July 14, 2005, EMC filed a Limitation Proceeding to require all claimants with any interest in the Oil Spill and related explosion to bring forth their claims against EMC. Plaintiff filed a claim in that action on September 8, 2005, asserting various claims, both under OPA, the RHA, and the General Maritime Law. On August 9, 2005, an injunction was issued barring any further claims against EMC not timely brought before the Court in the Limitation Proceeding.

On December 8, 2005, Plaintiff moved the Court to modify the injunction order to permit the United States to proceed separately on its OPA and RHA Claims. The Court granted the United States' motion and dismissed it from the Limitation Proceeding.

## II.     Standard of Review

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court will assume that all facts alleged in the Complaint are true and construe the allegations in the Plaintiff's favor. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008). A party's claim should only be dismissed if it is clear that no set of facts in support of the claim would entitle the party to relief. *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Under Federal Rule of Civil Procedure 12(b)(6), this Court may take judicial notice of matters of public record, including public court documents

filed in other proceedings, in deciding Defendant's Motion. *Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994).

### III.  Analysis

Plaintiff's complaint alleges claims under RHA sections 33 U.S.C. § 403, prohibiting the alteration or modification of any navigable water of the United States unless such work has been authorized by the Secretary of the Army, and 33 U.S.C § 407, also known as the Refuse Act, which prohibits the discharge into navigable waters of the U.S. of refuse matter from a ship, barge, or floating craft.

Defendant argues that Plaintiff's RHA claims are preempted by the OPA because the RHA is a pre-existing statute that is not part of the federally-mandated pollution recovery legislation. Defendant's main argument is that the RHA is preempted because liability set forth within the OPA is subject to the defenses, limitations, and procedures of that act, whereas the RHA is not subject to these provisions. Plaintiff responds that the OPA contains a "savings clause," established in 33 U.S.C. § 2718(c), which permits the United States to recover under other statutes:

> Nothing in this chapter…shall in any way affect, or be construed to affect, the authority of the United States…
>
> (1) to impose additional liability or additional requirements; or
>
> (2) to impose, or to determine the amount of, any fine or penalty (whether criminal or civil in nature) for any violation of law; relating to the discharge, or substantial threat of a discharge of oil.

33 U.S.C. § 2718(c). This section is considerably different than the savings clause contained in OPA's predecessor statute, the Federal Water Pollution Control Act of 1972 ("FWPCA"). Under

that statute, "[t]he liabilities established by this section shall in no way affect any rights which … the Untied States Government may have against a third party whose acts may have in any way caused or contributed to the discharge of oil or hazardous substance." 33 U.S.C. § 1321(h).

In support of its position, Plaintiff cites the recent ruling in *United States v. M/V Cosco Busan,* 557 F.Supp.2d 1058 (N.D. Cal. 2008). There, the court held that the United States could proceed against the vessel, its operator, and pilot for claims under the National Marine Sanctuaries Act, 33 U.S.C. § 2706(d)(3), *et seq.*, The Park System Resource Protection Act, 16 U.S.C. § 19jj, *et seq.*, and the Clean Water Act, 33 U.S.C. § 1321(b)(7), in addition to its OPA claims. The case involved the allision of a tanker with a bridge in San Francisco bay and the resultant spill of 50,000 gallons of bunker fuel into the bay. *See id.* at 1059. The court, citing the savings clause, held that the OPA preserved the authority of the United States to impose liability on the defendant pursuant to other statutes. *See id.* at 1063.

Defendant responds by citing *Kyoei Kaiun Kaisha, Ltd. v. M/V Bering Trader,* 760 F.Supp.174, 177 (W.D. Wash. 1991). That ruling applied the FWPCA instead of the OPA, and held that the Refuse Act is preempted by the FWPCA. The court applied the principle "that it is for Congress, not federal courts, to articulate the appropriate standards to be applied as a matter of federal law." *Id.* at 175 (*quoting City of Milwaukee v. Illinois*, 451 U.S. 304, 317 (1981)). Because the remedy under the Refuse Act was judicially-created, it had the same status as federal common law for preemption purposes. Defendant does not explain why that decision is relevant here despite the expanded scope of OPA's savings clause, which explicitly allows the United States "to impose additional liability or additional requirements." 33 U.S.C. § 2718(c)(1).

Defendant next argues that the word "additional" in 2718(c) indicates that the OPA preserved the FWPCA preemption analysis, because damages sought to be recovered must be liabilities not addressed in the OPA. However, the meaning that Defendant attributes to 2718(c)(1) is not at all apparent from the use of the word "additional," which upon plain meaning only indicates that the United States may obtain relief from a party beyond what it is able to recover under the OPA. Defendant cites no cases or legislative history in support of its reading of 2718(c). Furthermore, in *M/V Cosco Busan,* the court authorized additional claims for liabilities directly addressed in the OPA Clean Water Act, including a claim under the Clean Water Act, 33 U.S.C. § 1321(b)(7), which imposed liability for the discharge of oil or hazardous substance. *See generally M/V Cosco Busan,* 557 F.Supp.2d 1058.

Defendant's next argument is that OPA's prefatory provision, at 33 U.S.C. § 2702, preempts other pre-existing statutes. Defendant also claims that in the Limitation Proceeding, Plaintiff "correctly argued that [33 U.S.C. § 2702] preempts all other provisions of Federal law with regard to oil pollution damages and therefore the Limitation of Liability of Act could not be employed to reduce liability under OPA." Def.'s Mem. Supp. M. Dismiss at 6. However, Defendant misrepresents Plaintiff's position. In the Limitation Proceeding, Plaintiff correctly argued that § 2702 establishes that other statutes, such as the Limitation of Liability Act, do not preempt the OPA. However, Plaintiff did not argue, nor does the statute indicate, that the OPA preempts other statutes under which the United States may seek to impose additional liability, such as the RHA. *See* Pl.'s Ex. B.

Finally, Defendant argues, without citing any authority, that Plaintiff must plead some element of costs or damages not recoverable under OPA in order to avoid preemption. This is incorrect. Plaintiff is merely required to submit a plain statement of the claim and a demand for

relief. Fed. R. Civ. P. 8. Should Plaintiff be limited from recovering its full measure of damages under the OPA, it may seek to recover damages under the RHA.

**IV.     Conclusion**

For the foregoing reasons, Defendant's Motion to Dismiss Counts IV and V of the Plaintiff's Amended Verified Complaint is DENIED with respect to Count IV, and GRANTED with respect to Count V.


Enter:

/s/ David H. Coar

_____
David H. Coar
United States District Judge

Dated: **March 30, 2009**