**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil Action No. 08-CV-3160 |
| Plaintiff, | Judge Leinenweber |
| v. | |
| EGAN MARINE CORPORATION, *in personam,* MOTOR VESSEL LISA E, *in rem,* TANK BARGE EMC-423, *in rem,* | JURY DEMANDED |
| Defendants. | |
| EGAN MARINE CORPORATION, | |
| Defendant/Third-Party Plaintiff, | |
| v. | |
| EXXON MOBIL CORPORATION and EXXONMOBIL OIL CORPORATION, | |
| Third-Party Defendants. | |

**THIRD-PARTY PLAINTIFF EGAN MARINE CORPORATION'S MEMORANDUM IN
SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER
<u>GRANTING EXXON'S MOTION FOR SUMMARY JUDGMENT</u>**

I.  INTRODUCTION

On August 9, 2011 this Court granted Third-Party Defendants, Exxon Mobil Corporation's and ExxonMobil Oil Corporation's (hereinafter, collectively, "Exxon") Motion for Summary Judgment. (ECF Doc. No. 290.) The Court's opinion in support of the decision to grant Exxon's Motion suggests a misunderstanding of the state of the law on several key issues

in this case and several errors concerning the evidence in support of EMC's arguments. Additionally, the Court appears to have discounted or ignored material facts that are in dispute and which support the Court's decision to dismiss Exxon from this case. As such, and for the reasons set forth below, Egan Marine Corporation (hereinafter, "EMC"), respectfully asks this Court to reconsider its decision to grant Exxon's Motion for Summary Judgment and/or permit further briefing of key issues for which the Court lacked evidence.

## II. ARGUMENT

### A. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is only appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). A material fact is one "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact presents a genuine issue "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*.

The party seeking summary judgment has the initial burden of informing the court of the basis of its motion and identifying materials in the record it believes demonstrates the absence of genuine dispute of material fact. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322-25. When the moving party has met its burden to show that the evidence is insufficient to support the nonmoving party's case, the burden shifts to the nonmoving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

In considering a motion for summary judgment, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); See, *Anderson*, 477 U.S. at 255. "[A]t the summary judgment stage, the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

B.  **Exxon's Motion for Summary Judgment Failed to Argue Relevant Law**

At the outset, it is important to recall that Exxon's Motion for Summary Judgment failed to argue any law relevant to this case. As stated clearly in EMC's Brief in Opposition to Summary Judgment (Brief in Opposition, ECF Doc. No. 236). Exxon consistently applied and argued *Illinois state law, and products liability law*, to a matter that is clearly governed instead by the *general maritime law of the United States*. For this reason alone the Motion for Summary Judgment should be denied. Remarkably, Exxon does not appear to cite a single maritime case in its Motion and Memorandum of Law in Support of Summary Judgment (Exxon Motion and Memorandum in Support of Summary Judgment, ECF Doc. Nos. 208 and 209).

Exxon did argue one proper statute: the Oil Pollution Act of 1990 ("OPA"). Yet it incorrectly claimed that OPA does not provide for indemnity or contribution. As the Court noted in its Opinion and Order, OPA does in fact provide for both indemnity and contribution under certain circumstances. For its part, EMC properly and succinctly identified Exxon's erroneous statement of that law in EMC's Brief in Opposition.

Finally, Exxon's Motion for Summary Judgment is focused primarily on an Illinois state law analysis of products liability law. That argument is entirely inapplicable to this case It was

not until Exxon's Reply Brief (ECF Doc. No. 252) that Exxon first presented any *relevant* law or argument to this Court. That, by itself, would provide an adequate basis for denying Exxon summary judgment. More to the point, because Exxon was arguing the wrong law, numerous relevant facts were not presented to the Court. As it is, this case literally has thousands of relevant facts, many of which are in quite clearly in dispute. To unlock the door to most of those facts being presented for the Court's consideration, the party seeking summary judgment must first present a proper legal argument and then permit the non-moving party an opportunity to argue the appropriate law in response. In this case EMC defeated all of the arguments Exxon presented in its Motion for Summary Judgment, but then was defeated by new arguments and facts raised for the first time in Exxon's Reply Brief. In short, the game changed in a big way—and it did so *after* EMC had filed the one and only pleading it was permitted to submit this Court in opposition to Exxon's original facts and arguments in support of summary judgment.

    **C.**    **The Court misinterpreted EMC's burden in asserting a contribution claim against Exxon.**

Under OPA, third-parties (such as Exxon) can be liable for costs resulting from an oil spill in one of two ways: 1) being designated a responsible-third party pursuant to 33 U.S.C. § 2702(d), or 2) by OPA's contribution provisions found in 33 U.S.C. § 2709. As the Court correctly noted, in order for a third-party to be designated as responsible third-party (the first route to liability), that third-party must be found "solely" responsible for the discharge at issue. 33 U.S.C. § 2702(d). OPA's contribution provisions (the second route) do not follow the same "solely" standard. Rather, OPA preserves any right to contribution a party may have under "another law" regardless of whether or not the third-party (from whom contribution is sought) is 'solely' responsible for the discharge. 33 U.S.C. § 2709.

In this case, as the Court correctly noted, the "another law" by which EMC seeks contribution from Exxon is the right to contribution among joint tortfeasors found in the General Maritime Law ("GML"). To qualify for contribution under the GML, EMC need only show that Exxon contributed to causing the spill, *not* that Exxon was "solely" responsible for the spill. The "solely" responsible language is a fixture of the responsible party designation process under 33 U.S.C. § 2702(d) only, not a part of the separate and distinct right to contribution preserved in 33 U.S.C. § 2709.

In finding EMC that was not entitled to contribution from Exxon, this Court stated that "EMC has not produced a genuine issue of material fact that Exxon *solely caused* the oil spill." (Emphasis added.) (ECF Doc. No. 290, p. 31.) Because this is not the correct standard by which EMC's right to contribution must be assessed, EMC respectfully requests reconsideration of the Court's granting summary judgment in Exxon's favor.

### D. The Court assumed facts not presented.

The party seeking summary judgment has the initial burden of informing the court of the basis of its motion and then identifying materials in the record that it believes demonstrate the absence of a genuine dispute of material fact. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322-25. When the moving party has met its burden to show that the evidence is insufficient to support the nonmoving party's case, the burden shifts to the nonmoving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In response to a summary judgment motion, the non-moving party does not bear the burden of arguing its entire case in opposition to the motion. Instead, the non-movant merely needs to dispute the movant's allegedly undisputed facts.

In this case, Exxon failed to identify the factual basis for its alleging the absence of a dispute on numerous key issues. Accordingly, EMC never had a reason (nor an obligation) to offer any contrary facts that would establish a genuine issue for trial. Rather than resolving these issues in EMC's favor, this Court evidently assumed that no facts or evidence existed to support EMC's position. Having done so, it then found for Exxon on each one. Because such assumption is inappropriate when considering a Motion for Summary Judgment, EMC respectfully requests reconsideration of Exxon's Motion.

The following illustrates the foregoing phenomenon: in reaching its conclusion that Exxon met its proof obligation concerning compliance with Coast Guard regulations, the Court assumed that "no evidence exists that the heater on board the barge operated when Exxon loaded CSO onto the EMC-423, or when the barge carried the CSO." (ECF Doc. No. 290, p. 26) Likewise, the Court further assumed that no evidence existed that "EMC informed Exxon that it equipped the barge with a heater that affected its ability to haul anything other than Grade E cargo." (*Id*.) Both of these assumptions are incorrect. Exxon was fully apprised of the equipment and its operation aboard the EMC-423. Indeed, Exxon, through its agent SeaRiver Maritime, inspected the EMC-423 prior to allowing the barge to load CSO at Exxon's Jolliet refinery and Exxon was well aware of the barge's limitations. Exxon was also fully aware that a fully functional thermal fluid heater (boiler) was aboard the vessel. Indeed, Exxon implemented a dock rule that required barges like the EMC 423 that were loading viscous cargos like CSO to *shut down their thermal fluid heaters* during the loading process. Had these issues been raised properly by Exxon in its Motion for Summary Judgment, EMC easily would have been able to put the foregoing facts before the Court.

Much of this case revolves around the use of a thermal fluid heater aboard the EMC 423 while the barge carried CSO. The Government and Exxon contend that the cargo exploded while the EMC 423's thermal fluid heater was operating. To be sure, their whole case hinges on their theory that a discrete section of the thermal fluid system had been disconnected. It is not surprising, then, that in its Motion for Summary Judgment, Exxon *never* suggested it was unaware that the EMC-423 possessed and used a thermal fluid heater. In fact, Exxon never made *any* mention of the EMC-423's cargo grade certification until after EMC mentioned it, in passing, in EMC's own Summary Judgment Opposition. As Exxon never placed the issue (nor the facts relating to it) in dispute in its own Motion, EMC had no reason to lay out those facts demonstrating Exxon's knowledge of the EMC-423's equipment and its limitations. Contrary to what the Court assumed (that "no evidence exists") plenty of evidence of Exxon's knowledge of the limitations of the EMC-423 was and is in the record of this case. Exxon never alleged that those facts weren't in dispute. Thus, EMC never had a reason to show that they were.

The Court made similar assumptions with regard to Exxon's role in causing the explosion. The Court assumed that no causation evidence exists. Again, this assumption was incorrect. The facts of this case demonstrate that the cargo loaded aboard the EMC-423 was contaminated with such an elevated amount of light hydrocarbons that even the minutest source of energy could have ignited the headspace vapors in the barge. Exxon itself, on page 9 of its Memorandum in Support of Motion for Summary Judgment, states: "Egan and the crew aboard the EMC 423 knew, and expected, that the CSO was combustible and capable of producing a flammable atmosphere (ECF Doc. No. 209, p. 9). That is exploded when lit does not change this fact." EMC suggests that it would not be speculation for the Court to determine, based on this argument alone, that the flammable vapors placed into the barge were at least an essential

element of the causal chain. Again, Exxon's Motion for Summary Judgment never asserted that the facts surrounding causation were undisputed. Thus, EMC never had reason to develop any causation facts in response. It is not that no evidence of causation exists, but rather that Exxon never alleged that those facts were not in dispute, and, accordingly, EMC did not present evidence showing they were.

EMC responded to the Exxon motion, as written. EMC's response was not (nor, frankly, should it have been) an exposition of its entire case. All the law required EMC to do was to present evidence sufficient to show that a valid dispute existed in regard to the facts Exxon alleged were not in dispute. Exxon failed to identify the basis for alleging an absence of dispute of material fact on any number of key issues. For its part, EMC never had a reason nor an obligation to offer corresponding facts demonstrating a genuine issue for trial. Instead of resolving these issues in EMC's favor, the Court assumed that no facts or evidence existed to support EMC's position, and then found for Exxon on each. Such an assumption is inappropriate when considering a Motion for Summary Judgment. EMC, therefore, respectfully requests reconsideration of Exxon's Motion.

E. **The Court decided materially disputed facts in Exxon's favor.**

The parties disagree sharply on whether the EMC-423 was a proper barge for carrying the cargo Exxon put in it. In opposition to Exxon's Motion, EMC cited the sworn testimony of Coast Guard Inspector Jeff Carie, who explained that the EMC-423 could *not* carry high grade (for example, Grade B) cargoes with a thermal fluid heater on board and operational. (EMC Statement of Additional Facts in Opposition to Exxon's Motion for Summary Judgment, Exhibit F, ECF Doc. No. 237) Exxon countered by citing allegedly conflicting deposition testimony by

Coast Guard Inspector David Majors (Exxon's Response to EMC's Statement of Additional Facts, ECF Doc. No. 253, p. 8). The very existence of such conflicting evidence clearly demonstrates a dispute of material fact that would prevent an award of summary judgment. Nevertheless, the Court somehow managed to decide this issue in Exxon's favor. Similarly, the parties disagree over whether the testing performed on cargo and gas samples taking from the EMC-423 and Exxon's shore tanks accurately represented the cargo loaded into the EMC-423. EMC's expert Donald Flessner maintained that the sampling methods used made those tests inaccurate. Exxon, for its part, argued that the test methods were sufficient and that they demonstrated no contamination or regulation violation. Again, rather than recognizing that a factual dispute exists, the Court weighed the evidence itself and then decided in Exxon's favor.

In considering a motion for summary judgment, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); See, *Anderson*, 477 U.S. at 255. "[A]t the summary judgment stage, the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. In this case, EMC and Exxon presented conflicting evidence regarding numerous key issues. Instead of simply determining that such conflicting evidence prohibits granting summary judgment, this Court appears to have weighed the evidence and interpreted it in Exxon's favor. Because evidence interpretation is inappropriate at the summary judgment stage, EMC respectfully requests reconsideration of Exxon's Motion.

### III. CONCLUSION

WHEREFORE, for the reasons stated herein, EMC respectfully requests that this Honorable Court reconsider its decision and deny Exxon's Motion for Summary Judgment or otherwise permit the matter to be re-opened to complete the record.

        Respectfully Submitted,

        /s/ David H. Sump_____
        Attorney for Defendants

Christopher H. White (Bar No. 6280031)
TROUTMAN SANDERS, LLP
55 West Monroe Street
Suite 3000
Chicago, Illinois 60603
(312) 759-1920 (telephone)
(312) 759-1939 (facsimile)

David H. Sump (*Pro hac vice*)
Christopher A. Abel (*Pro hac vice*)
TROUTMAN SANDERS, LLP
150 West Main Street
Suite 1600
Norfolk, Virginia 23510
(757) 640-0004 (telephone)
(757) 687-7510 (facsimile)

David R. Anderson (Bar No. 0044954)
EGAN MARINE CORPORATION
15200 East Canal Bank Road, P.O. Box 669
Lemont, Illinois 60439
(630) 739 0947 (telephone)
(630) 739 4455 (facsimile)

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, certify that on this 19th day of August, 2011, I caused a true and complete copy of the foregoing pleading to be served on the following counsel by electronic means through use of the Court's CM/ECF system:

Robert E. Kelly
Douglas M. Hottle
Torts Branch, Civil Division
U.S. DEPARTMENT OF JUSTICE
P.O. Box 14271
Ben Franklin Station
Washington, DC 20044
E-mail: robert.kelly@usdoj.gov
E-mail: douglas.hottle@usdoj.gov

Eric Pruitt
UNITED STATES ATTORNEY'S OFFICE
Northern District of Illinois
219 South Dearborn Street, Suite 500
Chicago, Illinois 60604
E-mail: eric.pruitt@usdoj.gov

**Attorneys for the United States**

Matthew J. Egan
Edward B. Ruff, III
Michael P. Turiello
Mimi Y. Kim
PRETZEL & STOUFFER, Chartered
One South Wacker Drive, Suite 2500
Chicago, IL 60606-4673
Email: megan@pretzel-stouffer.com
Email: eruff@pretzel-stouffer.com
Email: mturiello@pretzel-stouffer.com
Email: mkim@lplegal.com

Kevin B. Duckworth
GREENSFELDER, HEMKER & GALE, P.C.
200 West Madison Street, Suite 2700
Chicago, IL 60606
E-mail: kbd@greensfelder.com

Ryan J. Gavin
Clark Hedger
David J. Simmons
GREENSFELDER, HEMKER & GALE, P.C.
10 South Broadway, Suite 2000
St. Louis, MO 63102
E-mail: rjg@greensfelder.com
E-mail: ch1@greensfelder.com
E-mail: ds@greensfelder.com

**Attorneys for Exxon Mobil Corporation and ExxonMobil Oil Corporation**

/s/ Christopher H. White
Attorney for Defendants

Christopher H. White (Bar No. 6280031)
TROUTMAN SANDERS, LLP
55 West Monroe Street
Suite 3000
Chicago, Illinois 60603
(312) 759-1920 (telephone)
(312) 759-1939 (facsimile)

David H. Sump (*Pro hac vice*)
Christopher A. Abel (*Pro hac vice*)
TROUTMAN SANDERS, LLP
150 West Main Street
Suite 1600
Norfolk, Virginia 23510
(757) 640-0004 (telephone)
(757) 687-7510 (facsimile)

David R. Anderson (Bar No. 0044954)
EGAN MARINE CORPORATION
15200 East Canal Bank Road, P.O. Box 669
Lemont, Illinois 60439
(630) 739 0947 (telephone)
(630) 739 4455 (facsimile)