# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3160 | **DATE** | 8/30/2011 |
| **CASE TITLE** | United States vs. Egan Marine Corporation | | |

**DOCKET ENTRY TEXT**

Third-Party Plaintiff Egan Marine Corporation's Motion for Reconsideration [296] is denied.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

On August 9, 2011, the Court granted Third-Party Defendants Exxon Mobil Corporation and ExxonMobil Oil Corporation's (hereinafter, "Exxon") Motion for Summary Judgment on Third-Party Plaintiff Egan Marine Corporation's (hereinafter, "EMC") Complaint. [290] The facts of this case were set forth in detail in the Opinion granting summary judgment, and need not be repeated here. EMC has now filed a Motion for Reconsideration of this summary judgment ruling pursuant to Fed. R. Civ. P. 59(e).

A motion for reconsideration serves a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). The motion does not serve as a second chance to present the same or similar arguments set forth in briefing on summary judgment, or to introduce new legal theories. *See id*. at 1270. This is because "[a] party seeking to defeat a motion for summary judgment is required to 'wheel out all its artillery to defeat it.'" *Id*. (quoting *Emp'rs Ins. of Wausau v. Bodi-Wachs Aviation Ins. Agency,* 846 F. Supp. 677, 685 (N.D. Ill. 1994)). Thus, a party may not withhold critical facts on summary judgment to later use on reconsideration. *See id*.

EMC has set forth four bases for reconsideration. The Court will address each.

First, EMC argues that Exxon failed to argue relevant case law in its summary judgment motion. While EMC is correct in that Exxon addressed Illinois state law, federal common law, and the Oil Pollution Act ("OPA") in its brief in support of summary judgment and failed to address general maritime law in this opening brief, Exxon did address maritime law in its reply brief. If EMC wished to file a sur-reply in response to Exxon's reply, it had the right to file a motion for leave to do so. It chose not to. Exxon did address the appropriate law, so this is not a proper ground for reconsideration.

Next, EMC argues that the Court misinterpreted EMC's burden for contribution under maritime law, under which EMC must show that Exxon only contributed to the spill. To support this position, it cites the sentence in the Opinion that states that the OPA does not provide EMC grounds for contribution because "EMC has not produced a genuine issue of material fact that Exxon *solely* caused the spill." ECF No. 290 at

| STATEMENT |
|---|

31, Aug. 9, 2011 (emphasis added). EMC conveniently disregard the paragraph immediately prior to this sentence, which states, "To accept EMC's argument that the alleged contamination was the *sole or contributing cause* of the explosion and spill, the Court must speculate as to causation." *Id*. at 30 (emphasis added). It also fails to cite the language granting summary judgment on Count 3 of the Third Party Complaint, which reads that "there are no facts before the Court that Exxon is wholly or partially liable to EMC and the United States." *Id*. at 33. The Court acknowledges that it failed to include the phrase "or partially" in the sentence EMC cites to support its argument. Such an inclusion would have made this part of the Opinion a proper statement of the law. However, as shown by a reading of the Opinion as a whole, the Court applied the correct legal standard for EMC's contribution claim. Accordingly, this also fails as a ground for reconsideration.

     Third, EMC argues that the Court assumed facts not in the record. This is incorrect. The Court merely stated that no facts were before it that (1) the thermal fluid heater on board the EMC-423 barge was operational; (2) EMC informed Exxon that it equipped the EMC-423 with a heater; and (3) Exxon's alleged negligence caused the explosion and resulting spill. Rather than assuming certain facts, the Court accurately analyzed the record that the parties submitted for the summary judgment motion. EMC now argues that its case against Exxon revolves around issues with this disputed thermal heater. As such, it had an obligation during summary judgment to present disputed material facts concerning this issue. A party opposing summary judgment must put all of its chips on the table, as this is the time to go "all in" on maintaining a case for trial. *See Caisse Nationale*, 90 F.3d at 1270; *see also Big O Tire Dealers, Inc. v. Big O Warehouse*, 741 F.2d 160, 163 (7th Cir. 1984). Contrary to its argument, under Local Rule 56.1(b)(3)(C) EMC had an obligation to produce facts outside of those expounded or argued by Exxon to present a statement of material facts that "require the denial of summary judgment." As such, this alleged "assumption" of facts is not a ground for reconsideration.

     Finally, EMC argues that the Court decided disputed facts in Exxon's favor. In making its summary judgment determination, the Court must view all the evidence and draw any reasonable inferences therefrom in the light most favorable to the nonmoving party. *See Miller v. Am. Family Mut. Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000). This is what the Court did here. As an initial matter, the Court agrees with Exxon that the two facts EMC cites in its Motion that were allegedly weighed in Exxon's favor are irrelevant, as no factual dispute exists that the cargo loaded onto the EMC-423 was anything other than Grade E. Still, the Court did not weigh any testimony and make improper factual determinations.

     First, EMC misrepresents how the Court used Jeff Carie's deposition testimony. Because no facts were before the Court that the thermal fluid heater on board the EMC-423 was operational, Carie's testimony supported the Court's conclusion that the barge could carry a Grade B cargo, as per its Coast Guard certification. Further, no factual dispute exists between the expert report from Donald Flessner tendered by EMC and Exxon's submitted facts that the cargo on board the EMC-423 was anything other than a Grade E cargo. There was no reasonable inference for the Court to make in EMC's favor on this issue. Thus, this too is not a ground to reconsider the summary judgment ruling.

     For these reasons, EMC's Motion for Reconsideration is denied.