# UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Civil Action No. 08cv3160 |
| | : | |
| Plaintiff, | : | |
| | : | Judge Leinenweber |
| v. | : | Magistrate Judge Cox |
| | : | |
| EGAN MARINE CORPORATION, | : | |
| *in personam*, MOTOR VESSEL LISA E, *in rem*, and TANK BARGE EMC-423, *in rem*, | : | In Admiralty |
| | : | |
| Defendants. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF
## THE UNITED STATES OF AMERICA'S THIRD MOTION IN LIMINE

The United States of America, by and through undersigned counsel, moves to preclude Egan Marine Corporation ("Egan Marine") from using as evidence at trial the prior testimony of Dennis Michael Egan's given before the United States Coast Guard's One-Man Formal Board of Investigation convened to determine the cause of the EMC 423's explosion.

### BACKGROUND[1]

The present motion strictly involves the flotilla's master, Dennis Michael Egan, who at all relevant times was an Egan Marine employee. In 2005 Dennis Michael Egan

---

[1] For a more thorough recitation of the facts, please *see* the United States' Memorandum of Law in Support of its Motion in Limine, Dkt. 263-1 and, the United States' Memorandum of Law in Support of its Second Motion in Limine, Dkt. 292-1.

twice provided sworn testimony before a Coast Guard One-Man Formal Board of Investigation ("hearing") which was convened pursuant to 46 U.S.C. § 6301 to investigate the cause and safety implications of the explosion. Egan Marine was represented by counsel at the hearing. No Department of Justice attorneys were present. Subsequently, Dennis Michael Egan provided sworn testimony regarding the EMC 423's explosion in a deposition on April 29, 2007, in the case of *Lenora Oliva v. ExxonMobli*, 07-cv-1056. Neither the United States nor Egan Marine were present at that deposition. Dennis Michael Egan did not invoke his Fifth Amendment privilege against self-incrimination on any of those occasions.

 On January 13, 2010, Dennis Michael Egan, along with Egan Marine, was indicted by a federal grand jury in the Northern District of Illinois on charges stemming from the EMC 423's explosion, the death of crewmember Alexander Oliva and the subsequent oil spill. Ex. A. Both defendants pleaded not guilty. The criminal case, 10-cr-33, is currently pending before Judge Zagel but trial was postponed and has not been reset. June 22, 2010, Dennis Michael Egan was deposed in the above-captioned case at which both the United States and Egan Marine were present. At that time he invoked his Fifth Amendment privilege against self-incrimination. Ex. B at pp 7-10.

## ARGUMENT

Based on pre-trial submissions exchanged between the parties, the United States believes Egan Marine will attempt to introduce Dennis Michael Egan's transcripts generated during the Coast Guard hearing in lieu of his live testimony. The United States presumes that Egan Marine will attempt to do so under hearsay exception Fed. R. Evid. 804(b)(1). The United States intends on calling Dennis Michael Egan as a witness during its case in chief. To that extent he was personally served with a trial subpoena on August 29, 2011 and the United States has been advised by his criminal counsel that he intends on being present at trial when called. However, the United States, through the statements of criminal defense counsel and the witness' conduct during the deposition taken in this case, has reason to believe that Dennis Michael Egan will assert his Fifth Amendment privilege against self incrimination when called to testify.

There is no prescription in a civil case against calling a witness that a party reasonably believes will take the Fifth Amendment. *Red Rose Sioux Tribe v. A & P Steel, Inc.,* 733 F.2d 509, 522 (8th Cir. 1984)(policies against admission of such evidence are weakened when the witness being called is a third-party witness). The Fifth Amendment "is merely an *option of refusal,* not a prohibition of inquiry' and 'it is universally conceded that the question may be put to the *witness on the stand*.'" *Brinks Inc. v. City of New York*, 717 F.2d 700, 707 (2d. Cir. 1983)(emphasis in original). The United States has subpoenaed Dennis Michael Egan to testify and should be permitted to present its

3

questions. Obviously, if he asserts the privilege, the United States will not belabor the point and will only inquire to the extent necessary.

Any prior testimony of Dennis Michael Egan is hearsay barred from admission, if used by Egan Marine for the truth of the matter asserted therein, absent an exception to that rule. *See* Fed. R. Evid. 802. Such an exception can exist pursuant to Fed. R. Evid. 804(b)(1); however it first requires a finding of unavailability by the Court. Under Fed. R. Evid. 804(a) a witness can be declared unavailable if:

> (1) (the witness) is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of the declarant's statement; or
> (2) (the witness) persists in refusing to testify concerning the subject matter of the declarant's statement despite an order of the court to do so . . . .

Arguably both of the above could apply to Dennis Michael Egan in this case. If the Court does declare him unavailable, in certain limited cases, former testimony may be admitted. Fed. R. Evid. 804(b)(1) provides an exception if:

> Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered . . . *had an opportunity and similar motive to develop the testimony* by direct, cross or redirect examination.

(Emphasis added). The key in the above is that the party is present and that the setting is adversarial. *United States v. Young Bros., Inc.*, 728 F.2d 682, 691 (5th Cir. 1984). And in this case the United States submits that it was not present at the hearing and that the same was not an adversarial setting.

Egan Marine is likely to argue that the presence of a federal administrative agency, in the form of the Coast Guard, suffices for the presence of the Untied States. Such a substitution is inappropriate given the decidedly different purposes of the Coast Guard in a safety-oriented marine casualty investigation and Department of Justice in a cost-recovery lawsuit. In the former the agency's purpose is not adversarial but rather for fact finding. 46 C.F.R. § 4.07-1(b). Whereas the latter is clearly for the purpose of assigning judicial liability. Therefore, per Rule 804(b)(1) the United States did not have the "opportunity" to develop testimony at the time it was given.

Likewise, the Coast Guard's "motivation" in the hearing is also different from that of the United States in this lawsuit. As noted the Coast Guard's goal in conducting a casualty investigation was for safety purposes and accident prevention, and not for fixing civil responsibility. *See* 46 C.F.R. § 4.07-1(b). That section states:

> The investigations of marine casualties and accidents and the determinations made are for the purpose of taking appropriate measures for promoting safety of life and property at sea, and *are not intended to fix civil or criminal responsibility*.

(Emphasis added). The United States' motivation in this case is specifically to a fix civil liability for the EMC 423's explosion and resulting oil spill. Therefore, pursuant to Rule 804(b)(1), the United States' aim in developing this testimony is different and thus, the hearing transcripts are not admissible as a hearsay exception.

5

If the Court declares Dennis Michael Egan unavailable and permits the use of any transcript of former testimony, the United States asserts that the only appropriate transcript that may be used is the deposition he gave in this case. In that 13-page deposition, Dennis Michael Egan asserted his privilege on all relevant subject matters involving the transit of the EMC 423 and the events leading up to the vessel's explosion. Ex. B at pp 7-10. This is the only transcript in which the parties were both present in an adversarial capacity and thus the only one which should be admitted pursuant to Rule 804(b)(1).

## CONCLUSION

For the above-stated reasons the United States requests the Court grant its Third Motion in Limine and preclude the use the Dennis Michael Egan's Coast Guard hearing transcript.

DATED: August 30, 2011

                                      Respectfully Submitted,

                                      TONY WEST
                                      Assistant Attorney General

                                      PATRICK FITZGERALD
                                      United States Attorney

                                      ERIC PRUITT
                                      Assistant United States Attorney

                                      STEPHEN CAMPBELL
                                      Senior Trial Counsel
                                      D.C. Bar. No. 348540

    /s/ Robert Kelly  
ROBERT E. KELLY  
Trial Attorney  
IL Bar No. 68571  
DOUGLAS HOTTLE  
Trial Attorney  
Torts Branch, Civil Division  
U. S. Department of Justice  
P. O. Box 14271  
Ben Franklin Station  
Washington, D.C. 20044-4271  
Tel:   (202) 616-4031  
Fax:   (202) 616-4002  
robert.kelly@usdoj.gov  

Attorneys for Plaintiff  
UNITED STATES OF AMERICA  

Of Counsel:  
LT Michael Petta  
United States Coast Guard  
Ninth District Legal  
1240 E. 9th Street  
Cleveland, OH 44199

## CERTIFICATE OF SERVICE

  I hereby certify that on August 30, 2011 I filed the foregoing with the Clerk of Court using the CM/ECF system which will provide electronic notification to the following:

CHRISTOPHER H. WHITE
Troutman Sanders LLP
55 W. Monroe Street, Suite 3000
Chicago, IL 60603

CHRISTOPHER ALAN ABEL
DAVID HARLAN SUMP
Troutman Sanders LLP
150 W. Main St., Suite 1600
Norfolk, VA 23510

DAVID ANDERSON
EGAN MARINE CORP.
15200 E. Canal Bank Rd.
Lemont, IL 60439

Attorneys for Defendants &
Third Party Plaintiff
Egan Marine Corporation

             /s/ Robert Kelly
             ROBERT E. KELLY