## UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Civil Action No. 08-cv-3160 |
| | : | |
| Plaintiff, | : | |
| | : | Judge Leinenweber |
| v. | : | Magistrate Judge Cox |
| | : | |
| EGAN MARINE CORPORATION, | : | |
| *in personam*, MOTOR VESSEL LISA E, *in* | : | |
| *rem*, and TANK BARGE EMC-423, *in rem*, | : | In Admiralty |
| | : | |
| Defendant. | : | |

## FINAL PRETRIAL ORDER

**1)  State the Basis for Federal Jurisdiction**.

This Court has jurisdiction over the United States' claims against Egan Marine

Corporation ("Egan Marine") based on admiralty, U.S. CONST. ART. III, § 2, and federal

question jurisdiction.  28 U.S.C. §§ 1333, 1345 & 1355.  The United States' claims are

brought under the Clean Water Act , 33 U.S.C. §§ 1251 *et seq*., as amended by the Oil

Pollution Act of 1990 ("OPA"), 33 U.S.C. §§ 2701 *et seq*, and the River and Harbors Act

("RHA"), 33 U.S.C. § 401 *et seq.*

**2) A concise statement of the claim(s) of plaintiff(s), defense(s) of defendant(s), and
all counterclaims and cross claims.**

The United States' Contentions:

This case arises from the January 19, 2005-explosion of the tank barge EMC 423.

The EMC 423 is a single hull tank barge of 1397 gross tons whose below deck cargo space is divided into four roughly equal sized cargo holds. At all relevant times, the EMC 423 was owned and operated by Egan Marine. At the time of the explosion the EMC 423 was transporting a residual petroleum product known as clarified slurry oil ("CSO") from the ExxonMobil refinery in Channahon, Illinois, on the Chicago Sanitary and Ship Canal ("Canal"). While transiting northbound on the Canal the EMC 423 exploded just after it crossed under the Cicero Avenue bridge in Chicago, Illinois. The parties dispute the mechanism or cause of the explosion and the location on the barge where the explosion originated.

The United States contends that Egan Marine permitted one of its employees, Alexander Oliva, to use a propane-fueled torch to warm the barge's cargo pump and discharge line in order to "thaw" it out prior to vessel's arrival at its destination. The EMC 423 was equipped with a heat trace system which was intended to deliver a heated oil product along the surface of various pieces of above-deck equipment, including the cargo pump, for the purpose of providing radiant heat to keep it warm despite the outside temperatures. However, for unknown reasons, Egan Marine had disconnected that heat trace system where it connected to the cargo pump. As a result, the crew needed to find an alternate source of heat to warm that equipment.

Mr. Oliva, while heating near the cargo pump, permitted the flame from the torch to come into close proximity to flammable vapors escaping from cargo hold four via a

standpipe which was mounted into the deck of the barge. The standpipe had direct access to the hold below. The flame from the torch ignited the escaping vapors which propagated into cargo hold four and led to an explosion and the barge's eventual sinking.

The explosion of the EMC 423 was of such a force that it ripped open the deck covering three of the four cargo holds. The explosion also deflected the uppermost sections of the bulkhead between cargo holds 4 and 3 and continued forward deflecting, to a lesser extent, the bulkhead between cargo holds 3 and 2. Only cargo hold 1 remained intact following the explosion. When the EMC 423 sunk, the three exposed cargo holds spilled CSO into the Canal.

The United States seeks reimbursement for response and removal costs resulting from the pollution activity under OPA and the RHA, in addition, the United States also seeks applicable interest and civil penalties. It is the United States' position that Egan Marine's practice of utilizing a propane torch onboard a loaded petroleum barge constitutes gross negligence and/or willful misconduct. In addition the United States asserts that Egan Marine's practices were in violation of certain federal safety and operating regulations, 46 C.F.R. §§35.01-1(b), 35.30-5, 35.30-10 & 35.35-1, which proximately caused the oil spill. Accordingly, the United States is entitled to seek damages above the strict liability limit set out in OPA, which is $2 million based on the tonnage of the barge. *See* 33 U.S.C. § 2704(a) & (c).

Egan Marine's Contentions:

The cargo carried aboard the EMC-423 on this voyage was an elevated temperature cargo that required heating the barge's cargo tanks, deck piping and equipment to permit the cargo to be discharged.  This heating was accomplished through the use of a thermal fluid heater and heat trace system installed on the barge.  The thermal fluid heater and heat trace system on EMC-423, including the portion warming the cargo pump, were fully functional and operating properly at the time of the explosion.  As a consequence, no alternate heat source was necessary or used on the EMC-423.  No propane torch was used aboard the EMC-423 at any time.

EMC had extensive experience transporting CSO from ExxonMobil Joliet's refinery without incident.  EMC transported the cargo carried on this voyage in the same manner as it handled all its other trips with CSO cargo.  The product carried aboard EMC-423 on this voyage was different from the CSO cargoes previously carried by EMC. This product generated vapors within the explosive range in the headspace of Tanks #2, #3 and #4.  The vapors in the headspace of Tank #3 exploded.  The explosion quickly spread to Tank #4 and Tank #2.

The cause of the explosion aboard EMC-423 is undetermined.  The energy required to ignite the explosion could have been as little as .25 milijoules.  Following the explosion, the EMC-423 sank in the Chicago Sanitary and Ship Canal, spilling an amount of cargo within the minor discharge range.

4

EMC had no practice of utilizing propane torches onboard a loaded petroleum barge. Further, EMC had no practices in violation of 46 CFR 35.01-1(b), 35.30-5, 35.30-10 and 35.35-1. Violation of any of these foregoing operating and safety regulations could not and did not proximately cause the oil spill. The United States is not entitled to seek damages above the strict liability limit, which has already been satisfied pursuant to 33 U.S.C. 2704(a) & (c). Given the foregoing, no interest or civil penalty is appropriate. EMC denies the validity of certain amounts of the response and removal costs resulting from the pollution activity and denies the application of the Rivers and Harbors Act to response and removal costs sought in this case.

**3) A list of names and addresses of all potential witnesses to be called by each party. If the opposing party objects to a witness, the reasons for the objection.**

<u>The United States' Fact Witnesses</u>:

1. Clifton Hene      May Call
  ExxonMobil
  c/o Pretzel & Stouffer, Chartered
  One South Wacker Dr., Suite 2500
  Chicago, IL 60606

2. Jason Hainline     Will Call
  ExxonMobil
  c/o Pretzel & Stouffer, Chartered
  One South Wacker Dr., Suite 2500
  Chicago, IL 60606

3. Irvin Holm      May Call
  ExxonMobil
  c/o Pretzel & Stouffer, Chartered
  One South Wacker Dr., Suite 2500

Chicago, IL 60606

4.  Special Agent John Gamboa                    Will Call
    Bureau of Alcohol Tobacco
           Firearms and Explosives
    c/o United States Department of Justice
    P.O. Box 14271
    Washington, D.C. 20044

5.  Special Agent Robert Reggio                  Will Call
    Coast Guard Investigative Service
    c/o United States Department of Justice
    P.O. Box 14271
    Washington, D.C. 20044

6.  Special Agent Eric Hann                      May Call
    Environmental Protection Agency
    c/o United States Department of Justice
    P.O. Box 14271
    Washington, D.C. 20044

7.  LCDR Michael Reed                            May Call
    Coast Guard
    c/o United States Department of Justice
    P.O. Box 14271
    Washington, D.C. 20044

8.  CAPT Eric Christensen                        May Call
    Coast Guard
    c/o United States Department of Justice
    P.O. Box 14271
    Washington, D.C. 20044

9.  Thomas Morrison                              Will Call
    National Pollution Fund Center
    c/o United States Department of Justice
    P.O. Box 14271
    Washington, D.C. 20044

| | | |
|---|---|---|
| 10. | Freddy Thompson<br>National Pollution Fund Center<br>c/o United States Department of Justice<br>P.O. Box 14271<br>Washington, D.C. 20044 | Will Call |
| 11. | CDR Dean Firing<br>Coast Guard<br>c/o United States Department of Justice<br>P.O. Box 14271<br>Washington, D.C. 20044 | May Call |
| 12. | Jeff Carrie<br>Coast Guard (ret.)<br>215 W. 83rd Street<br>Suite D<br>Burr Ridge, IL 60527 | May Call |
| 13. | Mark Hamilton<br>Coast Guard (ret.)<br>P.O. Box 5549<br>Fort Richardson, AK 99505 | Will Call |
| 14. | David Majors<br>Coast Guard (ret.)<br>2775 Jongkind Park Road<br>LaPorte, IN 46250 | May Call |
| 15. | Terrance Carter<br>Coast Guard (ret.)<br>646 Serene Court NE<br>Leland, NC 28451 | May Call |
| 16. | Andrew Chanda<br>14914 West 127th Street<br>P.O. Box 321<br>Lemont, IL 60439 | Will Call |
| 17. | Bill Rodgers | Will Call (by deposition) |

22414 County Road 2300 North
Topeka, IL 61567

18.      Dennis Michael Egan                 Will Call
         22414 County Road 2300 North
         Topeka, IL 61567

19.      Fire Marshall Peter Lamanna         Will Call
         Chicago Fire Department (ret.)
         1562 Ransom Road
         Valparaiso, IN 46385

20.      Deputy Superintendent Steven Peterson     May Call
         Chicago Police Department
         Address Unknown

21.      Chief John McNicholas             May Call
         Chicago Fire Department
         558 West De Koven Street
         Chicago, IL 60607-4489

22.      John Stern                       May Call
         SGS Gauger
         Address Unknown

23.      William Arrington              Will Call
         3516 West 7th Place
         Chicago, IL 60652

24.      CAPT David Fish                Will Call (by deposition)
         Coast Guard
         c/o United States Department of Justice
         P.O. Box 14271
         Washington, D.C. 20044

The United States reserves the right to call witnesses designated by the Defendant

Egan Marine Corporation if the need arises. The United States also reserves the right to

call additional witnesses as may be necessary solely for the purpose of impeachment or rebuttal. The United States provided designations of deposition testimony to Egan Marine on August 19, 2011. Notwithstanding and without waiving any objection the United States may have to the deposition testimony of witnesses designated by Egan Marine, the United States reserves the right to use such deposition testimony if the need arises. The United States further reserves the right to designate the deposition testimony of those deponents for which the deposition transcripts have not yet been received. The United States reserves the right to use any deposition testimony as may be necessary solely for the purpose of impeachment or rebuttal.

Egan Marine's Fact Witnesses:

1.   William H. Arrington, III          Expects to Present
     3516 West 76th Place
     Chicago, IL 60652

2.   Jeffrey A. Carie                   May Call
     Coast Guard (ret.)
     215 W. 83rd Street
     Suite D
     Burr Ridge, IL 60527

3.   Andrew Chanda                      Expects to Present
     14914 West 127th St.
     Lemont, IL 60439

4.   Dennis H. Egan                     Expects to Present
     c/o Troutman Sanders LLP
     55 West Monroe Street, Suite 3000
     Chicago, Illinois 60603

OBJECTION: The United States objects to the testimony of Dennis H. Egan on the grounds stated in its Motion in Limine. *See* Dkt. 263.

| | | |
|---|---|---|
| 5. | Dennis Michael Egan<br>22414 County Road 2300 North<br>Topeka, IL 61567 | May Call/or by sworn testimony |
| 6. | Special Agent John M. Gamboa<br>c/o United States Department of Justice<br>Torts Branch, Civil Division<br>P.O. Box 14271<br>Ben Franklin Station<br>Washington, DC 20044 | Expects to Present |
| 7. | Daniel L. Gorrell<br>6943 Alabama Avenue<br>Hammond, Indiana 46323 | Expects to Present |

OBJECTION: The United States objects to the testimony of Daniel Gorrell on the basis of relevancy and lack of knowledge. *See* Fed. R. Evid. 402 & 602. Mr. Gorrell played no role in the events of January 18-19, 2005 and thus can provide no admissible evidence with regard to any of the remaining claims or defenses of the parties. Mr. Gorrell was Egan Marine's safety contractor and drug testing representative. He also was a contractor for SeaRiver Maritime which is a subsidiary of ExxonMobil that vetted tank barges for use at their refinery facilities. However, Mr. Gorrell did not play a timely role in any of those activities relative to the time explosion. Therefore, his testimony is not relevant and is akin to inadmissible character evidence. The United States requests a proffer of his testimony pursuant to Fed. R. Evid. 103(a)(2).

| | | |
|---|---|---|
| 8. | H. Mark Hamilton (USCG Ret.)<br>Building 47000<br>Fort Richardson, Alaska 99505 | Expects to Present |
| 9. | Special Agent Eric Hann<br>c/o United States Department of Justice<br>Torts Branch, Civil Division<br>P.O. Box 14271<br>Ben Franklin Station | Expects to Present |

Washington, DC 20044

| 10. | Joseph Oliva<br>7422 West 111th Street Apt. 512<br>Worth, Illinois 60482 | Expects to Present |
|---|---|---|
| 11. | Lt. CMDR Michael Reed<br>c/o United States Department of Justice<br>Torts Branch, Civil Division<br>P.O. Box 14271<br>Ben Franklin Station<br>Washington, DC 20044 | Expects to Present |
| 12. | Special Agent Robert A. Reggio, Jr.<br>c/o United States Department of Justice<br>Torts Branch, Civil Division<br>P.O. Box 14271<br>Ben Franklin Station<br>Washington, DC 20044 | Expects to Present |
| 13. | CMDR James Rocco<br>c/o United States Department of Justice<br>Torts Branch, Civil Division<br>P.O. Box 14271<br>Ben Franklin Station<br>Washington, DC 20044 | May Call |

OBJECTION: The United States objects to the testimony of CDR James Rocco as it is not relevant. *See* Fed. R. Evid. 402. CDR Rocco was assigned to Marine Safety Office Chicago up and through 2002. He did participate in vessel inspections of various Egan Marine barges and equipment, including the EMC 423; however, his inspections were not timely with regard to the explosion. In fact, he was not even the last Coast Guard inspector to inspect the EMC 423 prior to the explosion. As such, any testimony on his behalf regarding the condition of the barge on the evening or day of the explosion would be based on speculation. The United States requests a proffer from Egan Marine regarding the scope of his testimony pursuant to Fed. R. Evid. 103(a)(2).

| 14. | Bill Rodgers<br>22414 County Road 2300 North | Expects to Present/or by sworn<br>testimony |
|---|---|---|

11

Topeka, Illinois 61567

15.    Robert Wondowlowski                          May Call

OBJECTION: The United States objects to the testimony of Robert Wondolowski on the basis of relevancy and requests a proffer from Egan Marine regarding the scope of his testimony pursuant to Fed. R. Evid. 103(a)(2).  *See* Fed. R. Evid. 402.

16.    Jeffrey Scott Bromberek                      Expects to Present

OBJECTION: The United States objects to the testimony of Jeffrey Scott Bromberek on the basis of relevancy and requests a proffer from Egan Marine regarding the scope of his testimony pursuant to Fed. R. Evid. 103(a)(2).  *See* Fed. R. Evid. 402.

17.    Bobby Jo Griffin                             Expects to Present

18.    Stan Houser                                  May Call
       SGS

19.    Robin Chanda                                 May Call
       Egan Marine Corporation
       c/o Troutman Sanders LLP
       55 West Monroe Street, Suite 3000
       Chicago, Illinois 60603

20.    John Pederson                                May Call
       Viking Pump

21.    Undetermined Great American                  May Call
       Representative to Authenticate Records
       c/o Troutman Sanders LLP
       55 West Monroe Street, Suite 3000
       Chicago, Illinois 60603

Notwithstanding and without waiving any objection EMC may have to the

testimony of witnesses designated by the Plaintiff, the United States of America,

(hereinafter "United States" or "the Government"), EMC reserves the right to call such

witnesses if the need arises. EMC reserves the right to call additional witnesses as may

be necessary solely for the purpose of impeachment or rebuttal.

B. The designation of those witnesses whose testimony the party expects to present by

deposition and, if not taken stenographically, a transcript of the pertinent parts of the

depositions. EMC will circulate designations of deposition testimony among the parties

on August 19, 2011. Notwithstanding and without waiving any objection EMC may have

to the deposition testimony of witnesses designated by the United States, EMC reserves

the right to use such deposition testimony if the need arises. EMC further reserves the

right to designate the deposition testimony of those deponents for which the deposition

transcripts have not yet been received. EMC reserves the right to use any deposition

testimony as may be necessary solely for the purpose of impeachment or rebuttal.

**4) A list of names and addresses of all expert witnesses a party intends to call, the area of expertise and the subject of testimony or each such witness. If the opposing party objects to an expert witness, the reasons for the objection.**

The United States' Expert Witnesses:

1.      David Tucholski
        ATF Fire Research Laboratory
        6000 Ammendale Road
        Ammendale, MD 20705

        Mr. Tucholski is an engineer with the Bureau of Alcohol, Tobacco, Firearms and

Explosives' Fire Research Laboratory. Mr. Tucholski will provide opinions as a

mechanical engineer regarding pre-explosion condition and subsequent damage to the

EMC 423's standpipe, including its ball valve assembly and a portion of its heat trace line which was connected to the barge's cargo pump. These opinions will be based on both his physical observations of the original evidence, photographs taken during the evidences' recovery and storage and testing conducted on exemplar ball valves and heat trace lines.

Mr. Tucholski will testify to all areas contained within his expert report and his deposition testimony. Mr. Tucholski will testify that prior to the EMC 423's explosion that the ball valve was lacking both a closure device in the form of a cap and a firmly affixed handle. Further he will testify that absent a firmly affixed handle that it is his opinion that the ball valve could not be opened by the force of the explosion or incidental impact. Therefore, since the ball valve was recovered in an open position, it was open prior to the explosion. Mr. Tucholski will also testify that the heat trace line was not disconnected by the force of the explosion and, since it was recovered unattached to any other piece of heat trace line, that it was unconnected prior to the explosion.

OBJECTION: EMC objects to the testimony of Mr. Tucholski for the reasons stated in its Motion in Limine (Dkt. 306/308).

2.     CAPT Brian Hall
       4 Cortelyou Road
       Merrick, N.Y. 11566

CAPT Hall is a licensed master and certified tankerman person-in-charge. CAPT Hall is also a tenured professor of marine transportation at the United States Merchant

Marine Academy who instructs students and professional mariners regarding marine materials handling (tanker and cargo operations). CAPT Hall will provide opinions as a licensed master and tankerman person-in-charge regarding industry standards, duty of care and Coast Guard regulations regarding the loading/unloading and transport of petroleum cargos. These opinions will be based on information contained in the documents, photographs, and depositions which he reviewed in developing his expert opinions.

CAPT Hall will testify to all areas contained within his expert report and his deposition testimony. CAPT Hall will testify that if Alexander Oliva was utilizing a propane-fueled torch on board the EMC 423 at the time of the explosion that he was substantially deviating from the standard of care for the safe transport of petroleum cargo by vessel. Further, CAPT Hall will testify that if Alexander Oliva was utilizing a propane-fueled torch on board the EMC 423 at the time of the explosion that he was in violation of Coast Guard safety and operating regulations which prohibit the conduct of "hot work" on board a tank barge without having first received a "gas free" certificate from a marine chemist. 46 C.F.R. §§35.01-1(b), 35.30-5 & 35.30-10. In addition, if the purpose of utilizing such a device was to prepare the cargo pump and discharge line for offloading the cargo, that Alexander Oliva was in violation of Coast Guard safety and operating regulations which prohibit unsupervised and unlicensed crewmembers from engaging in cargo transfer operations. 46 C.F.R. § 35.35-1

15

OBJECTION: EMC objects to the testimony of CAPT Hall for the reasons stated in its

Motion in Limine (Dkt. 306/308).

3.      Dr. John DeHaan
        3505 Sonoma Blvd, #20-314
        Vallejo, CA 94590

Dr. DeHaan is a forensic scientist who specializes in fire sciences applied to the

investigation and reconstruction of fires and explosions.  Dr. DeHaan will provide

opinions as a certified fire investigator regarding the cause and origin of the EMC 423's

explosion.  These opinions will be based on information contained in the documents,

photographs, inspections and depositions which he reviewed in developing his expert

opinions.

Dr. DeHaan will testify to all areas contained within his expert report,

supplemental expert report and deposition testimony.  Dr. DeHaan will testify that the

EMC 423's explosion was a deflagration originating in cargo hold 4 that propagated

forward distorting and tearing the deck roughly along the centerline of the barge,

deforming the bulkheads between the cargo holds until it reach the bulkhead between

cargo holds 2 and 1.  Further, Dr. DeHaan will testify that a propane-fueled torch was the

most probable ignition source and that the cargo in hold 4 was of such a character that it

was producing vapors within the flammable range which were escaping through the

barge's open standpipe.  Dr. DeHaan will testify that there was no evidence of pyrophoric

iron sulfide or other preconditions for a spontaneous combustion. Additionally, there is no evidence that the explosion originated in cargo hold 3 as opposed to cargo hold 4. EMC objects to the testimony of Dr. DeHaan for the reasons stated in its Motion in Limine (Dkt.306).

4.     Jack Malooly
       9037 Luna Ave.
       Morton Grove, IL 60053

Mr. Malooly is a retired ATF Special Agent, Certified Fire Investigator and Certified Explosives Specialist. Mr. Malooly will provide opinions as a certified fire investigator and explosives specialist regarding the cause and origin of the EMC 423's explosion. These opinions will be based on information contained in the documents, photographs, inspections and depositions which he reviewed in developing his expert opinions.

Mr. Malooly will testify to all areas contained within his report and his deposition testimony. Mr. Malooly will testify that the explosion of the EMC 423 originated in cargo hold 4 and that it propagated forward roughly along the centerline of the barge, deflecting the uppermost section of he bulkheads between the cargo holds until it reached the bulkhead between cargo holds 2 and 1. Further, Mr. Malooly will testify that a propane-fueled torch was the most probable ignition source and that it ignited the flammable vapors escaping from the open standpipe.

5.     Peter Wakefield

7709 Roaring Springs Rd.
Gloucester, VA 23061

The United States may also call its expert witness Peter Wakefield.  Mr. Wakefield

is a welding professional and instructor of welding at the United States Coast Guard

Training Center, Yorktown, VA.  Mr. Wakefield will provide opinions as a professional

welder regarding the characteristics of the flame produced including the temperature and

energy output of a propane-fueled torch.  These opinions will be based on information

contained in photographs, documents and inspections which he reviewed in developing

his expert opinions; specifically excluding the Coast Guard's Marine Casualty

Investigation Report.

Mr. Wakefield will testify to all areas contained within his report and deposition

testimony.  Mr Wakefield will testify that a propane-fueled torch of the type utilized by

Alexander Oliva on the January 19, 2005 could produce a flame with a temperature

between 3200-3500 degrees Fahrenheit with an energy output measured in excess of

100,000 British Thermal Units.

OBJECTION: EMC objects to the testimony of Mr. Wakefield for the reasons stated in its

Motion in Limine (Dkt. 306/308).

6.    Dr. Donald Cortes
      STAT Analysis Corporation
      2242 W. Harrison St., Suite 200
      Chicago, IL 60612

The United States may also call its expert witness Dr. Donald Cortes. Dr. Cortes is a chemist and supervisor at STAT Analysis Corporation. Dr. Cortes will provide opinions as a chemist regarding the testing that was done of various samples of CSO taken from the EMC 423 both prior to and after the casualty. In addition he will provide opinions regarding the testing that was done of samples of CSO taken from the storage tanks at ExxonMobil's facility. These opinions will be based on information contained in reports, testing and analysis he reviewed in developing his expert opinion.

Dr. Cortes will testify to all areas contained within his report, supplemental report and deposition testimony. Dr. Cortes will testify as to the constituent components of the CSO loaded onto the EMC 423 as compared to the constituent components of the CSO found in ExxonMobil's facility and other residual petroleum products. Dr. Cortes will testify that the CSO on board the EMC 423 was similar to that found in shore tanks and that the CSO sampled from on board the EMC 423 showed no signs of contamination.

7.      Dr. Jerry Spencer
        668 Pinefield Dr.
        Annapolis, MD 21401

The United States may also call its expert Dr. Jerry Spencer. Dr. Spencer is a retired forensic pathologist who recently served in that position at the Armed Forces Institute of Pathology. Dr. Spencer will provide opinions as a forensic pathologist regarding the cause of death of Alexander Oliva. These opinions will be based on information contained in reports and photographs he reviewed in developing his expert

opinion. Dr. Spencer will testify to all areas contained within his report and deposition testimony. Dr. Spencer will testify that Alexander Oliva died from blunt force trauma sustained in the explosion.

8.     Randy K. Kent
       Kent Engineering, LLC
       4811 S. 150th Street
       Tukwila, WA 98188

The United States may call ExxonMobil's previously designated expert witness Randy Kent. Mr. Kent is a mechanical engineer and licensed metallurgist. Mr. Kent will provide opinions on the technical and operational circumstances surrounding the explosion of the EMC 423 on January 19, 2009. Mr. Kent will discuss any information contained in the documents, photographs, or inspections of the physical evidence which he reviewed in developing his expert opinions. Mr. Kent will testify to all areas contained in his expert report and deposition testimony. Mr. Kent will testify that the explosion originated in cargo hold 4 of the EMC 423, the initial explosion was caused by a deflagration/pressure front development and containment in tank 4, the deflagration caused the decks of tank 4, tank 3 and tank 2 to be removed nearly as a whole, the explosion occurred instantaneously with containment in tank 4 and the pressure front progressed from tank 4 through tank 3 and stopped at tank 2, the standpipe valve located near the area where Mr. Oliva was working during explosion was found in the open

position allowing an ignition source to enter tank 4, and the heat trace line around the

cargo pump was not connected at the time of the explosion.

9.      Hendrik F. Van Hemmen
        Martin, Ottaway, Van Hemmen & Dolan, Inc.
        172 Monmouth Street
        Red Bank, NJ 07701

        The United States may call ExxonMobil's previously designated expert witness

Hendrik Van Hemmen.  Mr. Van Hemmen is a registered Professional Engineer in the

State of New York and a Naval Architect.  Mr. Van Hemmen will provide opinions on the

technical and operational circumstances surrounding the explosion of the EMC 423 on

January 19, 2009.  Mr. Van Hemmen will discuss any information contained in the

documents, photographs, or inspections of the physical evidence which he reviewed in

developing his expert opinions.  Mr. Van Hemmen will testify to all areas contained in his

expert report and his deposition testimony.  Mr. Van Hemmen will testify to the following

conclusions: the explosion originated in cargo tank number 4, the most reasonable cause

of the explosion was the ignition of vapor emanating from the open standpipe, the most

reasonable ignition source was the use of a propane torch in the vicinity of the standpipe,

the use of an open flame and the lack of flame screens or closures on tanks openings is

contrary to any acceptable marine practice.

OBJECTION: EMC objects to the testimony of Mr. van Hemmen for the reasons stated in

its Motion in Limine (Dkt.306/308).

Egan Marine's Expert Witnesses:

1.      Captain Marc Fazioli – Expects to Present
        3D Marine USA, Inc.
        12411 Donna Drive
        Houston, TX

Captain Fazioli is a licensed vessel master and a certified Tankerman Person-in-

Charge.  He received his Bachelor's of Science in Marine Transportation from Texas

A&M University and has 26 years of continuous experience in the maritime industry.

Captain Fazioli's substantial experience includes various ranks and positions (from deck

hand and ordinary seaman to deck officer, master, and pilot) aboard an array of ships,

including towing vessels, crude oil and product tankers, container ships, geared bulkers,

and Roll On/Roll Off vessels.  Captain Fazioli has instructed courses at in the Marine

Transportation Department of Texas A&M University on Marine Safety, Lifesaving, Ship

handling and Seamanship and received professional awards and accolades, such as the

Mobil Oil Corporation Award for Excellence in Studies Related to the Carriage of Bulk

Oil Cargos.

Captain Fazioli will testify on all areas contained in his Expert Report, his Rule 26

Rebuttal Report, and his deposition testimony.  From review of the deposition testimony,

photographs, and other documentation from this case, Captain Fazioli will use his many

years of experience in the oil and gas industry as Ship's Officer, Tankerman, Captain,

instructor, marine surveyor and consultant to opine on loading and handling of the CSO

22

by both ExxonMobil and EMC. Specifically, he will testify that the EMC-423 crew's conduct was normal, customary, and in conformance with applicable industry regulations and standards. Captain Fazioli will also testify that the specific parcel of CSO declared as Grade E cargo by ExxonMobil would not have produced sufficient flammable vapors to ignite had Exxon loaded the cargo below the flash point as required by applicable industry customs and regulations. Further, he will testify that Exxon's MSDS failed to properly identify the product loaded onto the EMC-423 and failed to adequately warn of the unique dangers associated with carrying this specific product.

OBJECTION: The United States objects to the testimony of Capt. Fazioli to the extent that his testimony related to any issues regarding the nature of the cargo carried on board the EMC 423 or actions that occurred during the refining or loading process of the cargo. Those issues are not relevant to any of the claims or defenses of the parties remaining in this case. *See* Fed. R. Evid. 402 & 702. Those issues were settled by the Court's Order dismissing ExxonMobil and thus are the law of the case.

2.      Donald L. Flessner – May Present
        Baker & O'Brien, Inc.
        12221 Merit Drive, Suite 1150
        Dallas, Texas 75251

Mr. Flessner is a chemist, refinery process engineer, and marine logistics manager. He received his Bachelors of Science, *Magna Cum Laude*, in Chemistry and Biology from Mount Union College before performing post-graduate work in Chemical

Engineering and receiving his Masters of Business Administration in Finance from

Cleveland State University. Mr. Flessner has substantial refining industry experience,

working as Plant Chemist for Scott & Fetzer Corporation before going on to work for

British Petroleum Oil Company ("BP") and Standard Oil Company ("Standard"). While

with BP and Standard, Mr. Flessner served as Technical Specialist and Senior Process

Engineer in the Refining Department as well as Senior Distribution Coordinator with

Products Supply and Trading Department. Mr. Flessner now serves as a consultant to the

petroleum refining, gas processing, and petrochemical industries.

Mr. Flessner will testify on all areas contained in his Expert Report, his Rule 26

Rebuttal Report, and his deposition testimony. His testimony will be based on

operational data received from Exxon, deposition testimony, photographs, and other case

documentation. Drawing on his education, knowledge, skill, training, and experience as a

chemist, a refinery process engineer, and a marine logistics manager, Mr. Flessner will

opine on Exxon's manufacturing, storage, and loading of CSO aboard the EMC-423.

Specifically, he will opine that because of mechanical problems with Exxon's shore

facilities, the EMC-423 was loaded with a combination of product from a static shore

tank and fresh material that was produced when the Fluid Catalytic Cracking Unit Main

Column ("FCCU") was operating under transient and upset conditions. Mr. Flessner will

testify that operating the FCCU under either transient or upset conditions produced off-

specification products during the event and for several hours after the condition had been

24

stabilized.  As a result, he will testify that the product Exxon loaded aboard the EMC-423

was not Grade E cargo, but was instead contaminated with substantial quantities of light

hydrocarbons commonly found in gasoline.  Mr. Flessner will further testify that such

contamination was not detectable in samples taken of the product by SGS because the

collection, handling, and testing methods were inadequate.

OBJECTION: The United States objects to the testimony of Mr. Flessner to the extent

that this testimony relates to any issues regarding the nature of the cargo carried on board

the EMC 423 or actions that occurred during the refining or loading process of the cargo.

Those issues are not relevant to any of the claims or defenses of the parties remaining in

this case.  *See* Fed. R. Evid. 402 & 702.  Those issues were settled by the Court's Order

dismissing ExxonMobil and thus are the law of the case.

3.    Donald J. Hoffmann, Ph.D., P.E., CFI – Expects to Present
      Safety Engineering Labs, Inc.
      27803 College Park Drive
      Warren, Michigan 48088

Dr. Hoffmann is a specialist in the science and engineering of analyzing fires and

explosions.  He is not only a Professional Engineer, but also a Certified Fire Investigator.

Dr. Hoffmann received his Bachelors of Science in Chemical Engineering from the Ohio

State University and his Masters of Science and Doctorate from Wayne State University

(also in Chemical Engineering).  Dr. Hoffmann is certified as a Fire Investigator by both

the International Association of Arson Investigators and the National Board of Fire

25

Service Professional Qualifications.  Active in his discipline, Dr. Hoffmann routinely

publishes scholarly articles and presents at professional conferences on a variety of

engineering and fire investigation related topics.  He also has significant experience in

computer simulation, computer aided design, animation, computational fluid dynamics

modeling, and fire modeling.

Drawing on his education, training and experience, as well as his physical

observations of the barge wreckage, photographs, and other case documentation, Dr.

Hoffmann performed an engineering analysis of the explosion and subsequent fire of the

EMC-423.  At trial, Dr. Hoffmann will testify on all areas of his Expert Report, his Rule

26 Rebuttal Report, and his deposition testimony.  Specifically, Dr. Hoffmann will testify

that the explosion originated in cargo tank 3, not in tank 4 as the Government believes.

Dr. Hoffman will opine that the explosion was not caused by the use of a propane torch,

but instead by either a mechanical or chemical ignition source within cargo tank 3.

OBJECTION: The United States objects to the testimony of Dr. Hoffman on the basis of

Fed. R. Evid. 702-03 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579

(1993).

4.      Captain Thomas Neumann – Expects to Present
        The Meredith Management Group, Inc.
        Station Square Three
        Suite 202
        37 North Valley Road
        Paoli, Pennsylvania 19301

26

Captain Neumann is a licensed vessel master that specializes in emergency management and risk mitigation services within the marine transportation industry.  After earning his Bachelors of Science in Marine Transportation from United States Merchant Marine Academy, Captain Neumann spent over 20 years in various positions aboard many types of vessels, from container ships to product and crude oil tankers.  He has substantial operational and safety management experience with a particular focus on emergency environmental response, now leads his own emergency management firm.  In total, Captain Neumann has been involved in the response to maritime emergencies, including oil spills, for well over 25 years.

Captain Neumann will testify on all areas contained in his Expert Report and his deposition testimony.  He has reviewed the claims presented to EMC by the National Pollution Fund Center for claims paid to Prairie Materials Sales, Midwest Generation, and the United States Coast Guard. Based on his review of the claim documentation, as well as his own experience and observations during this response (as well as other OPA 90 responses, costs, audits and claims) Captain Neumann will opine on the factual basis, and thus the validity and merit, of the claims submitted by Prairie Materials, Midwest Generation, and the Coast Guard.

OBJECTION: The United States objects to the testimony of Capt Neumann on the basis of Fed. R. Evid. 702-03 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993).

5.      John E. Pless, M.D.
        3647 Tatem Lane
        Indianapolis, Indiana 46208

Dr. Pless is a board certified forensic pathologist with 38 years experience

examining wounds and injuries and rendering opinions about their cause and mechanism.

For 20 years he served in an academic capacity as Director of Forensic Pathology at the

Indiana University School of Medicine in Indianapolis, his alma mater.  Dr. Pless is active

in his discipline, having published countless studies, appeared as invited lecturer at

numerous speaking engagements, become involved in many professional societies and

received several honors and accolades.

Dr. Pless reviewed the autopsy and investigators records from the Cook County

Medical Examiner's Office, the deposition of Dr. Tae Lyong An, and the Consultation

Report of the Office of the Armed Forces Medical Examiner written by Dr. Jerry Spencer.

Dr. Pless has also reviewed a variety of photographs, including the pre-explosion

photographs, those taken by the Chicago Fire Department, photographs of the discovery

of the body of Alex Oliva, and the autopsy photographs.  Dr. Pless will testify at trial on

all areas contained in his Expert Report and his deposition testimony.  He will testify that

the injuries sustained by Mr. Oliva are not those that would have occurred in an explosion

that he had generated himself.  Specifically, Dr. Pless will testify that there was very little

damage of the overlying skin of the chest and abdomen and the blunt force injury of the

head does not have any associated hemorrhage and or evidence of corresponding injury of

28

the brain that would have occurred in an explosion. Further, Dr. Pless will testify that Mr.

Oliva's lungs were free of parenchyma damage, which demonstrates that Mr. Oliva was

not close to the primary explosion.

**5) A schedule of all exhibits a party may intend to introduce at trial, identified by number, to be used at trial. The opposing party will state which of the exhibits are objected to and the basis for objecting. All exhibits not objected to will be automatically admitted, if offered.**

The United States Intends to Introduce the Following Exhibits:

| No. | Description | Identifier | Objections |
|---|---|---|---|
| US1. | Standpipe from EMC 423 | | EMC objects on the basis of authenticity and F.R.E. 403. |
| US2. | Heat Trace Line from EMC 423 | | EMC objects on the basis of authenticity and F.R.E. 403. |
| US3. | Propane Torch | | EMC objects on the basis of authenticity and F.R.E. 403. |
| US4. | CITGO Petroleum, Inc., security camera footage | | |
| US5. | Chicago Fire Department Video | | |
| US6. | Drawing of Dock and Barge, | Hainline Dep. Ex. 3 | EMC objects to this exhibit on the basis it is hearsay, not within an exception. |
| US7. | ExxonMobil Material Safety Data Sheet | Hainline Dep. Ex. 6 | EMC objects to this exhibit on the basis of authenticity and hearsay (original has been altered by handwritten notations). |
| US8. | Standpipe Photograph, | US008887, Chanda Dep. Ex. 7 | |
| US9. | Heat Trace Line Photographs, | Hamilton Dep. Exs. 6-8 | |
| US10. | Declaration of Inspection | US008370-31, Chanda Dep. Ex. 2 | |

| No. | Description | Identifier | Objections |
|---|---|---|---|
| US11. | Drawing of Barge | Chanda Dep. Ex. 8 | EMC objects to this exhibit on the basis it is hearsay, not within an exception. |
| US12. | Drawing of Barge | Rodgers Dep. Ex. 3 | EMC objects to this exhibit on the basis it is hearsay, not within an exception. |
| US13. | Coast Guard Investigative Service Evidence Log BK01-PG32-001 with associated Environmental Protection Agency Breakout Custody Logs (up-to-date as of 8/29/11). | | EMC objects to this exhibit on the basis it is incomplete and not produced in discovery. |
| US14. | Coast Guard Investigative Service Evidence Log BK01-PG42-010 with associated Environmental Protection Agency Breakout Custody Logs (up-to-date as of 8/29/11). | | EMC objects to this exhibit on the basis it is incomplete and not produced in discovery. |
| US15. | Coast Guard Investigative Service Evidence Log BK01-PG34-003 with associated Environmental Protection Agency Breakout Custody Logs (up-to-date as of 8/29/11). | | EMC objects to this exhibit on the basis it is incomplete and not produced in discovery. |
| US16. | Standpipe Photograph | EMC014184, Reggio Dep. Ex. 3 | |
| US17. | Claim Determination Form for Claim G05002-006, Prairie Material Sales, Inc. | US 002967-99 | EMC objects to this exhibit because it has not been identified with specificity |
| US17a. | Supporting Documentation | US 003000-3981 | EMC objects to this exhibit because it has not been identified with specificity |
| US18. | Claim Determination Form for Claim G05002-007, Midwest Generation, LLC | Neumann Dep. Ex. 4 | EMC objects to this exhibit because it has not been identified with specificity |
| US18a. | Supporting Documentation | US 003987-4192 | EMC objects to this exhibit because it has not been identified with specificity |

| No. | Description | Identifier | Objections |
|---|---|---|---|
| US19. | Claim Determination Form for Claim G05002-002, CITGO Petroleum Corporation | US 002390-2427 | EMC objects to this exhibit because it has not been identified with specificity |
| US19a. | Supporting Documentation | US 002428-93 | EMC objects to this exhibit because it has not been identified with specificity |
| US20. | Claim Determination Form for Claim G05002-003, CITGO Petroleum Corporation | US 002494-2507 | EMC objects to this exhibit because it has not been identified with specificity |
| US20a. | Supporting Documentation | US 002508-97 | EMC objects to this exhibit because it has not been identified with specificity |
| US21. | Claim Determination Form for Claim G05002-004, CITGO Petroleum Corporation | US 002598-2639 | EMC objects to this exhibit because it has not been identified with specificity |
| US21a. | Supporting Documentation | US 002640-2729 | EMC objects to this exhibit because it has not been identified with specificity |
| US22. | Claim Determination Form for Claim G05002-005, CITGO Petroleum Corporation | US 002730-2818 | EMC objects to this exhibit because it has not been identified with specificity |
| US22a. | Supporting Documentation | US 002819-2961 | EMC objects to this exhibit because it has not been identified with specificity |
| US23. | Incident Command System Reports | | EMC objects to this exhibit because it has not been identified with specificity |
| US24. | Certificate of Inspection for EMC 423 | EMC5889-91, Egan Dep. Ex. 5 | |
| US25. | Cargo Pump Picture, Cargo Pump01 (David Tucholski File) | | |
| US26. | Cargo Pump Picture, Cargo Pump05 (David Tucholski File) | | |

| No. | Description | Identifier | Objections |
|---|---|---|---|
| US27. | Standpipe and Sled Picture, Standpipe and Sled (David Tucholski File) | | |
| US28. | Select photographs from evidence view taken by David Tucholski, 4/28/11. | DSC_6631, DSC_6633, DSC_6636, DSC_6609, DSC_6610, DSC_6516, DSC_6528, DSC_6582 | EMC objects to this exhibit because it has not been identified with specificity. EMC further objects on the basis of authenticity and F.R.E. 403. |
| US29. | Select photographs taken from evidence examination of the standpipe and heat trace line by David Tucholski at Fire Research Laboratory | 09N0193 1D, 09N0193 1B, DSC_1815, 09N0193 2A, 09N0193 2C, 09N0193 2E, 09N0193 2G, DSC_1879 | EMC objects to this exhibit because it has not been identified with specificity. EMC further objects on the basis of authenticity and F.R.E. 403. |
| US30. | Egan Marine Tankerman reports for 1/12-1/19/05 | | |
| US31. | EMC423/LISA E Vessel Logs | EMC 005556-71 | |
| US32. | Viking Pump Inspection Report and Attached Images | | |
| US33. | Photographs taken by Dr. Donald Hoffman and Michael Burr, 9/27/10 & 3/29/11 | Hoffman000094, Hoffman000096, Hoffman000112, Hoffman000118, Hoffman000173, Hoffman000187, Hoffman000192, Hoffman000204, Hoffman000209, Hoffman000211, Hoffman000217, Hoffman000219, Hoffman000246, Hoffman000263, Hoffman000283, Hoffman001070 | |

Notwithstanding and without waiving any objection the United States may have to the exhibits designated by Egan Marine, the United States reserves the right to introduce such exhibits. The United States reserves the right to offer into evidence additional exhibits solely for the purpose of impeachment or rebuttal.

Egan Marine Intends to Introduce the Following Exhibits:

| | | Description | Bates Numbers | Other Identifier | Objections |
|---|---|---|---|---|---|
| D | 1. | Demonstrative Exhibits | | | The United States objects to this exhibit because it has not been identified with specificity. The United States further objects to on the basis of authenticity and Fed. R. Evid. 402. |
| D | 2. | Grainger Motor Specs for EMC 423 Thermal Fluid Heater Circulation Pump | | HrgCG-117 | The United States objects on the basis of authenticity, hearsay and Fed. R. Evid. 402. |
| D | 3. | Lincoln Electric Motor Specs for EMC 423 Thermal Fluid Heater Circulation Pump | | HrgCG-118 | The United States objects on the basis of authenticity, hearsay and Fed. R. Evid. 402. |

| | | Description | Bates Numbers | Other Identifier | Objections |
|---|---|---|---|---|---|
| D | 4. | EMC Employee Safety Guide | | HrgCG-15 | The United States objects on the basis of authenticity (multiple versions exist), best evidence rule and Fed. R. Evid. 402 |
| D | 5. | Photo of Detroit Diesel 6-71 Prime Mover | | HrgCG-19 | The United States objects on the basis of Fed. R. Evid. 402 |
| D | 6. | Operation Service and Design Data from Volcanic | | HrgCG-91 | The United States objects on the basis of authenticity and Fed. R. Evid. 402 |
| D | 7. | Mapping of Debris Field | | | |
| D | 8. | News Video | | | |
| D | 9. | Photographs from the Chicago Police Department | | CPD 24-29, 32, 43-66, 69-72, 75-80, 89-92, 98-99 | |
| D | 10 | Report of Donald Hoffmann Appendix A - CAD Drawings | | | The United States objects on the basis of authenticity, hearsay and Fed. R. Evid. 402 & 702-03. |
| D | 10) | Report of Donald Hoffmann Appendix B - Barge Puff Overlay | | | The United States objects on the basis of authenticity, hearsay and Fed. R. Evid. 402 & 702-03. |

| | | | | | |
|---|---|---|---|---|---|
| D | 11) | Report of Donald Hoffmann Appendix B - Camera 1 and 2 Barge Sight Line Vector Overlays | | Hoffmann Dep. Ex. 9 | The United States objects on the basis of authenticity, hearsay and Fed. R. Evid. 402 & 702-03. |
| D | 12) | Report of Donald Hoffmann Appendix B - Camera 1 Barge Overlay | | | The United States objects on the basis of authenticity, hearsay and Fed. R. Evid. 402 & 702-03. |
| D | 13) | Report of Donald Hoffmann Appendix B - Camera 1 Explosion Overlay | | | The United States objects on the basis of authenticity, hearsay and Fed. R. Evid. 402 & 702-03. |
| D | 14) | Report of Donald Hoffmann Appendix B - Camera 2 Barge Overlay | | | The United States objects on the basis of authenticity, hearsay and Fed. R. Evid. 402 & 702-03. |
| D | 15) | Report of Donald Hoffmann Appendix B - Camera 2 Explosion Overlay | | | The United States objects on the basis of authenticity, hearsay and Fed. R. Evid. 402 & 702-03. |
| D | 16) | Report of Donald Hoffmann Appendix C - Barge Deck Positioning | | | The United States objects on the basis of authenticity, hearsay and Fed. R. Evid. 402 & 702-03. |
| D | 17) | US Answers to Interrogatories | | | |

| | | | | | |
|---|---|---|---|---|---|
| D | 18) | US Supp Expert Discovery 4-28-11 - Select Photographs Evidence View at Argonne Lab on 4-29-11 from David Tuchoski's file | | | |
| D | 19) | Video received from the Chicago Fire Department produced by the US | | | |
| D | 20) | Weather for Midway-Cicero 1-19-05 | | | |
| D | 21) | Weather Joliet-Channahon 1-12-05 through 1-19-05 | | | |
| D | 22) | EMC Tankerman Report dated 1-12-05 | EMC 004676-004677 | EMC 007756-007757 | |
| D | 23) | EMC Tankerman Report dated 1-15-05 | EMC 004678-004679 | EMC 007758-007759 | |
| D | 24) | EMC Tankerman Report dated 1-17-05 | EMC 004680-004681 | EMC 007760-007761 | |
| D | 25) | EMC Tankerman Report dated 1-19-05 | EMC 004682-004687 | EMC 007762-007767 | |
| D | 26) | Volcanic Heater Operations Manual | EMC 004748-005008 | HrgCG-18 | The United States objects on the basis of authenticity, hearsay and Fed. R. Evid. 402 |
| D | 27) | Material Safety Data Sheet for Thermia – 10-2-03 | EMC 005011-005022 | HrgCG-25 | |

| D | 28) | EMC Employment Manual | EMC 005134-005276 | Gorrell Dep Ex. 10 | The United States objects on the basis of authenticity (multiple versions exist), best evidence rule and Fed. R. Evid. 402 |
|---|---|---|---|---|---|
| D | 29) | Vessel Log Sheets - Lisa E | EMC 005556-005571 | | |
| D | 30) | Volcanic Fluid Heater Report - Dated 2-8-05 | EMC 005644-005645 | HrgCG-90; US 001914-001915; US 008520-008521; EMC 006656-006657; EMC 005800-005801; | The United States objects on the basis of authenticity, hearsay and Fed. R. Evid. 402. |
| D | 31) | Clarification Inspection Addendum | EMC 005646-005649 | HrgCG-90A; US 008522-008525; US 001916-001919; EMC 006658-006661; | The United States objects on the basis of authenticity, hearsay and Fed. R. Evid. 402. |
| D | 32) | Marwedel letter to NPF – dated 1-11-08 - CLAIM (and supporting documentation) | EMC 006050-006086 | | The United States objects on the basis of authenticity, hearsay and Fed. R. Evid. 402. |
| D | 33) | Viking Pump Inspection Report | EMC 006676-006679 | HrgCG-111; EMC 005676-005679; US 001931-001934; | |

| | | | | | |
|---|---|---|---|---|---|
| D | 34) | EMC Tankerman Orientation - Tankerman Orientation and Training Procedures | EMC 008013-008014 | A. Chanda Dep. Ex. 1 | The United States objects on the basis of authenticity, hearsay and Fed. R. Evid. 402. |
| D | 35) | EMC Safety Manual | EMC 008043-008112 | HrgCG-33; XOM 002184-008112; XOM 048027-048096 | The United States objects on the basis of authenticity (multiple versions exist), best evidence rule and Fed. R. Evid. 402. |
| D | 36) | EMC Tug-Barge Maintenance Form | EMC 008122 | | The United States objects on the basis of authenticity, hearsay and Fed. R. Evid. 402. |
| D | 37) | EMC Tug Barge Maintenance and Repair Form | EMC 008127 | | The United States objects on the basis of authenticity, hearsay and Fed. R. Evid. 402. |
| D | 38) | Diagram of Typical Longitudinal Framing in each cargo hold 10-25-04 | EMC 009125 | | The United States objects on the basis of authenticity, hearsay and Fed. R. Evid. 402. |
| D | 39) | Diagram of Typical Transverse Sect 10-25-04 | EMC 009126 | | The United States objects on the basis of authenticity, hearsay and Fed. R. Evid. 402. |
| D | 40) | Diagram of Transverse Sect 10-25-04 | EMC 009127 | | The United States objects on the basis of authenticity, hearsay and Fed. R. Evid. 402. |

| | | | | | |
|---|---|---|---|---|---|
| D | 41) | Diagram of Transverse Sect Frame 19 | EMC 009128 | | The United States objects on the basis of authenticity, hearsay and Fed. R. Evid. 402. |
| D | 42) | Diagram EMC 423 Transverse Sect Frame 28 10-25-04 | EMC 009129 | | The United States objects on the basis of authenticity, hearsay and Fed. R. Evid. 402. |
| D | 43) | Diagram of Transverse Sect 28 10-25-04 | EMC 009130 | | The United States objects on the basis of authenticity, hearsay and Fed. R. Evid. 402. |
| D | 44) | Photographs from Davis Consulting Report of Survey with Pre-Explosion Pictures of EMC 423 | EMC 009372-009375 | | |
| D | 45) | Pre-Explosion Image of EMC 423 | EMC 009376 | | |
| D | 46) | Salvage Photograph | EMC 012299 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 47-50. |
| D | 47) | Salvage Photograph | EMC 012308 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 47-50. |

| | | | | | |
|---|---|---|---|---|---|
| D | 48) | Salvage Photograph | EMC 012311 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 47-50. |
| D | 49) | Salvage Photograph | EMC 012318 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 47-50. |
| D | 50) | Photograph - 2005-05-16 Evidence Yard | EMC 012344 | | |
| D | 51) | Citgo Camera Stills – Cameras 1 and 2 combined | EMC 013515-013584 | | |
| D | 52) | Presentation regarding debris mapping | EMC 013585-013782 | | |
| D | 53) | Olympic Stills | EMC 014085-014090 | | |
| D | 54) | Photograph - LT Reed 1 – Pipe and Missing Bulkhead | EMC 014183 | | |
| D | 55) | Photograph - LT Reed 1 – Pipe and Missing Bulkhead | EMC 014184 | Tucholski Dep. Ex. 4; Hann Dep. Ex. 4; Reggio Dep. Ex. 3 | |

| | | | | |
|---|---|---|---|---|
| D | 56) | Photograph - LT Reed 1 – Pipe and Missing Bulkhead | EMC 014185 | Hann Dep. Ex. 3; Reggio Dep. Ex. 5; Hamilton Dep. Ex. 3; Griner Dep. Ex. 4; Tuchoski Dep. Ex. 5; XOM006927; HrgCG-125 | |
| D | 57) | Photograph - LT Reed 1 - Pump | EMC 014204 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 58-71. |
| D | 58) | Photograph - LT Reed 1 - Pump | EMC 014205 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 58-71. |
| D | 59) | Photograph - LT Reed 1 - Pump | EMC 014207 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 58-71. |
| D | 60) | Photograph - LT Reed 1 - Pump | EMC 014208 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 58-71. |

| | | | | | |
|---|---|---|---|---|---|
| D | 61) | Photograph - LT Reed 1 - Pump | EMC 014209 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 58-71. |
| D | 62) | Photograph - LT Reed 1 - Pump | EMC 014210 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 58-71. |
| D | 63) | Photograph - LT Reed 1 - Pump | EMC 014211 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 58-71. |
| D | 64) | Photograph - LT Reed 1 - Pump | EMC 014217 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 58-71. |
| D | 65) | Photograph - LT Reed 1 - Pump | EMC 014218 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 58-71. |
| D | 66) | Photograph - LT Reed 1 - Pump | EMC 014226 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 58-71. |

| D | 67) | Photograph - LT Reed 1 - Pump | EMC 014227 | Hamilton Dep. Ex. 7 | The United States objects on the basis the evidence is cumulative and redundant of exhibits 58-71. |
| D | 68) | Photograph - LT Reed 1 - Pump | EMC 014228 | Hamilton Dep. Ex. 7, 8 | The United States objects on the basis the evidence is cumulative and redundant of exhibits 58-71. |
| D | 69) | Photograph - LT Reed 1 - Pump | EMC 014229 | Hamilton Dep. Ex. 8 | The United States objects on the basis the evidence is cumulative and redundant of exhibits 58-71. |
| D | 70) | Photograph - LT Reed 1 - Pump | EMC 014230 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 58-71. |
| D | 71) | Photograph - LT Reed 1 - Thermal Fluid Heater - Later Photos | EMC 014240 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 72-97. The United States further objects on the basis of Fed. R. Evid. 402. |

| | | | | | |
|---|---|---|---|---|---|
| D | 72) | Photograph - LT Reed 1 - Thermal Fluid Heater - Later Photos | EMC 014241 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 72-97.  The United States further objects on the basis of Fed. R. Evid. 402. |
| D | 73) | Photograph - LT Reed 1 - Thermal Fluid Heater - Later Photos | EMC 014242 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 72-97.  The United States further objects on the basis of Fed. R. Evid. 402. |
| D | 74) | Photograph - LT Reed 1 - Thermal Fluid Heater - Later Photos | EMC 014243 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 72-97.  The United States further objects on the basis of Fed. R. Evid. 402. |
| D | 75) | Photograph - LT Reed 1 - Thermal Fluid Heater - Later Photos | EMC 014244 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 72-97.  The United States further objects on the basis of Fed. R. Evid. 402. |

| D | 76) | Photograph - LT Reed 1 - Thermal Fluid Heater - Later Photos | EMC 014245 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 72-97.  The United States further objects on the basis of Fed. R. Evid. 402. |
| D | 77) | Photograph - LT Reed 1 - Thermal Fluid Heater - Later Photos | EMC 014246 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 72-97.  The United States further objects on the basis of Fed. R. Evid. 402. |
| D | 78) | Photograph - LT Reed 1 - Thermal Fluid Heater - Later Photos | EMC 014247 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 72-97.  The United States further objects on the basis of Fed. R. Evid. 402. |
| D | 79) | Photograph - LT Reed 1 - Thermal Fluid Heater - Later Photos | EMC 014248 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 72-97.  The United States further objects on the basis of Fed. R. Evid. 402. |

| | | | | | |
|---|---|---|---|---|---|
| D | 80) | Photograph - LT Reed 1 - Thermal Fluid Heater - Later Photos | EMC 014249 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 72-97.  The United States further objects on the basis of Fed. R. Evid. 402. |
| D | 81) | Photograph - LT Reed 1 - Thermal Fluid Heater - Later Photos | EMC 014250 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 72-97.  The United States further objects on the basis of Fed. R. Evid. 402. |
| D | 82) | Photograph - LT Reed 1 - Thermal Fluid Heater - Later Photos | EMC 014251 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 72-97.  The United States further objects on the basis of Fed. R. Evid. 402. |
| D | 83) | Photograph - LT Reed 1 - Thermal Fluid Heater - Later Photos | EMC 014252 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 72-97.  The United States further objects on the basis of Fed. R. Evid. 402. |

| D | 84) | Photograph - LT Reed 1 - Thermal Fluid Heater - Later Photos | EMC 014253 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 72-97.  The United States further objects on the basis of Fed. R. Evid. 402. |
| D | 85) | Photograph - LT Reed 1 - Thermal Fluid Heater - Later Photos | EMC 014254 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 72-97.  The United States further objects on the basis of Fed. R. Evid. 402. |
| D | 86) | Photograph - LT Reed 1 - Thermal Fluid Heater - Later Photos | EMC 014255 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 72-97.  The United States further objects on the basis of Fed. R. Evid. 402. |
| D | 87) | Photograph - LT Reed 1 - Thermal Fluid Heater - Later Photos | EMC 014256 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 72-97.  The United States further objects on the basis of Fed. R. Evid. 402. |

| D | 88) | Photograph - LT Reed 1 - Thermal Fluid Heater - Later Photos | EMC 014257 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 72-97. The United States further objects on the basis of Fed. R. Evid. 402. |
| D | 89) | Photograph - LT Reed 1 - Thermal Fluid Heater - Later Photos | EMC 014258 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 72-97. The United States further objects on the basis of Fed. R. Evid. 402. |
| D | 90) | Photograph - LT Reed 1 - Thermal Fluid Heater - Later Photos | EMC 014259 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 72-97. The United States further objects on the basis of Fed. R. Evid. 402. |
| D | 91) | Photograph - LT Reed 1 - Thermal Fluid Heater - Later Photos | EMC 014260 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 72-97. The United States further objects on the basis of Fed. R. Evid. 402. |

| D | 92) | Photograph - LT Reed 1 - Thermal Fluid Heater - Later Photos | EMC 014261 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 72-97. The United States further objects on the basis of Fed. R. Evid. 402. |
|---|---|---|---|---|---|
| D | 93) | Photograph - LT Reed 1 - Thermal Fluid Heater - Later Photos | EMC 014262 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 72-97. The United States further objects on the basis of Fed. R. Evid. 402. |
| D | 94) | Photograph - LT Reed 1 - Thermal Fluid Heater - Later Photos | EMC 014263 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 72-97. The United States further objects on the basis of Fed. R. Evid. 402. |
| D | 95) | Photograph - LT Reed 1 - Thermal Fluid Heater - Later Photos | EMC 014264 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 72-97. The United States further objects on the basis of Fed. R. Evid. 402. |

| | | | | | |
|---|---|---|---|---|---|
| D | 96) | Photograph - LT Reed 1 - Thermal Fluid Heater - Salvage Photos | EMC 014266 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 72-97.  The United States further objects on the basis of Fed. R. Evid. 402. |
| D | 97) | Photograph - USCG - Pictures of Explosion - Disc 3 of 6 3-24-05 | EMC 015615 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 98-112 |
| D | 98) | Photograph - USCG - Pictures of Explosion - Disc 3 of 6 3-24-05 | EMC 015631 | Hamilton Dep. Ex. 6 | The United States objects on the basis the evidence is cumulative and redundant of exhibits 98-112 |
| D | 99) | Photograph - USCG - Pictures of Explosion - Disc 3 of 6 3-24-05 | EMC 015634 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 98-112 |
| D | 100. | Photograph - USCG - Pictures of Explosion - Disc 3 of 6 3-24-05 | EMC 015654 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 98-112 |
| D | 101. | Photograph - USCG - Pictures of Explosion - Disc 3 of 6 3-24-05 | EMC 015655 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 98-112 |

| | | | | | |
|---|---|---|---|---|---|
| D | 102. | Photograph - USCG - Pictures of Explosion - Disc 3 of 6 3-24-05 | EMC 015656 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 98-112 |
| D | 103. | Photograph - USCG - Pictures of Explosion - Disc 3 of 6 3-24-05 | EMC 015657 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 98-112 |
| D | 104. | Photograph - USCG - Pictures of Explosion - Disc 3 of 6 3-24-05 | EMC 015658 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 98-112 |
| D | 105. | Photograph - USCG - Pictures of Explosion - Disc 3 of 6 3-24-05 | EMC 015660 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 98-112 |
| D | 106. | Photograph - USCG - Pictures of Explosion - Disc 3 of 6 3-24-05 | EMC 015665 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 98-112 |
| D | 107. | Photograph - USCG - Pictures of Explosion - Disc 3 of 6 3-24-05 | EMC 015666 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 98-112 |

| | | | | | |
|---|---|---|---|---|---|
| D | 108. | Photograph - USCG - Pictures of Explosion - Disc 3 of 6 3-24-05 | EMC 015667 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 98-112 |
| D | 109. | Photograph - USCG - Pictures of Explosion - Disc 3 of 6 3-24-05 | EMC 015668 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 98-112 |
| D | 110. | Photograph - USCG - Pictures of Explosion - Disc 3 of 6 3-30-05 | EMC 015855 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 98-112 |
| D | 111. | Photograph - USCG - Pictures of Explosion - Disc 3 of 6 3-30-05 | EMC 015856 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 98-112 |
| D | 112. | Photograph - USCG - Pictures of Explosion - Disc 4 of 6 Overflight 4-26-05 | EMC 016295 | | |
| D | 113. | Photograph - USCG - Pictures of Explosion - Disc 4 of 6 Overflight 4-26-05 | EMC 016296 | | |
| D | 114. | Photograph - USCG - Pictures of Explosion - Disc 4 of 6 Overflight 4-26-05 | EMC 016297 | | |

| | | | | | |
|---|---|---|---|---|---|
| D | 115. | Photograph - USCG - Pictures of Explosion - Disc 4 of 6 Overflight 4-26-05 | EMC 016298 | | |
| D | 116. | Photograph - Citgo Production – 1-19-05 | EMC 017427 | | |
| D | 117. | Photograph - Citgo Production – 1-19-05 | EMC 017428 | | |
| D | 118. | Photograph - Citgo Production – 1-19-05 | EMC 017429 | | |
| D | 119. | Photograph - Citgo Production – 1-19-05 | EMC 017431 | | |
| D | 120. | Photograph - Citgo Production – 1-19-05 | EMC 017432 | | |
| D | 121. | Photographs taken by Donald Hoffmann 9-27-10 | HOFFMAN N 000090-000318 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 122-24. |
| D | 122. | Photographs taken by Donald Hoffmann 3-29-11 | HOFFMAN N 000319-000883 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 122-24. |

| | | | | | |
|---|---|---|---|---|---|
| D | 123) | Photographs taken by Michael Burr for SEL 3-29-11 | HOFFMAN N 000884-001093 | | The United States objects on the basis the evidence is cumulative and redundant of exhibits 122-24. |
| D | 124. | Autopsy Photo | PLESS 000094 | Spencer Dep. Ex. 9 | |
| D | 125. | Autopsy Photo | PLESS 000096 | Spencer Dep. Ex. 10 | |
| D | 126. | Various Monthly Safety Meeting Records and Attendance Logs | TBD | | The United States objects on the basis of authenticity, best evidence and Fed. R. Evid. 402. The United States also objects on the basis that the exhibits have not been identified with specificity. |
| D | 127. | List of Payments by GAIC | US 000089-000094 | | |
| D | 128. | EMC 423 Debris Recovery Plan | US 004498 | | |
| D | 129. | EMC Tankerman Report dated 1-18-05 | US 008366-008367 | AChanda Dep. Ex. 3; Oliva Dep. Ex. 15; DHEgan Dep. Ex. 1; HrgCG-61 | |

| D | 130. | EMC Tankerman Report dated 1-18-05 | US 008368-008369 | Oliva Dep. Ex. 16; AChanda Dep. Ex. 4; XOM002358-002359; HrgUS-61a | |
|---|---|---|---|---|---|
| D | 131. | Exxon Mobil Declaration of Inspection | US 008370-008371 | HrgCG-62; A Chanda Dep. Ex. 2 | |
| D | 132. | Office of the Medical Examiner Report of Postmortem Examination | US 008674-008679 | HrgCG-113; EMC005682-005687; Pless Dep. Ex. 7; PLESS 000063-000068 | |
| D | 133. | Medical Examiner-Coroner's Certificate of Death | XOM 006822 | HrgCG-114; EMC005689 | |
| D | 134. | EMC Operations Manual | XOM 047119-047244 | HrgCG-14A; XOM001276-001401; XOM005504-005629 | The United States objects on the basis of authenticity (multiple versions exist), best evidence rule and Fed. R. Evid. 402. |

| D | 135. | EMC Financial Documents | US 6424-26, 9956-58, 9961-62, 10002-03, 10005-06, 10041-42, 10044-45, 10081-82, 10084-85 | | The United States objects on the basis of authenticity, best evidence rule, hearsay and Fed. R. Evid. 402 |
|---|---|---|---|---|---|

**6) All exhibits to be used at trial are to be placed in binders and labeled appropriately. Any videotapes or audiotapes to be played or used at trial are to be transcribed before the time of the trial with hard transcripts provided and labeled appropriately to both the Court and Court Reporter. Any deposition transcripts to be referenced in part and/or read in whole must also be provided to the Court and the Court Reporter. The parties should color code designations and counter-designations.**

The parties have prepared their exhibits in binders with the appropriate labels. The only videotapes or audio tapes that the United States intends on using are those which captured security camera imagery from the CITGO Petroleum, Inc., facility showing the explosion of the EMC 423 and the Chicago Fire Department's video of fire suppression activities. These videos do not contain an audio transcript. The parties may also use videotape depositions for impeachment purposes. All deposition designations are color coded and will be provided to the Court and the Court Reporter.

**7) A list of discovery remaining to be completed, if any.**

There is no further discovery to be completed. The United States will take the *de bene esse* deposition of CAPT David Fish on September 8, 2011 and will present it in lieu of his live testimony pursuant to Fed. R. Evid. 804(b)(1).

**8)  A statement summarizing the history and status of negotiations.**

        The United States offered to engage in settlement discussion; however, Egan

Marine declined.

**9)  Expected length of trial.**

        Given the number of witnesses, the parties reasonably anticipate that the trial of this

matter will last 2-3 weeks.

**10)  Indicate whether jury or bench trial and whether the parties will stipulate to having the case heard by a Magistrate Judge.**

        The United States' claims in this were brought pursuant to Fed. R. Civ. P. 9(h)

which does not provide for a trial by jury.  Egan Marine previously requested a jury trial

for all claims that could be so tried but has withdrawn its jury request.  Respectfully, the

parties do not stipulate to having the case heard by a Magistrate Judge.

**11) The Court Reporter must be provided with a full copy of the Final Pretrial Order, including all exhibits.  The Court Reporter must be notified at least five (5) days prior to the date of trial if any translation is desired.  Please contact Judge Leinenweber's Court Reporter, Krista Flynn Burgeson, Room 1944, directly at 312-435-5567 or via e-mail at krista_burgeson@ilnd.uscourts.gov regarding placing an order and making the required deposit.**

        The parties will provide a full copy of the Final Pretrial Order including all exhibits

to Judge Leinenweber's court Reporter, Ms. Krista Flynn Burgeson.  No translation

services will be required

**12) As to jury instructions, the parties are instructed to meet and agree on the source for the jury instructions. If a diversity case, the Illinois Pattern Instructions will be used.**

This case will be tried to the bench; therefore, this provision is not applicable.

APPROVED:

TORTS BRANCH, CIVIL DIVISION
U.S. DEPARTMENT OF JUSTICE

/s/ Robert Kelly
Robert E. Kelly, Esq., IL Bar No. 68571
robert.kelley@usdoj.gov

/s/ Douglas M. Hottle
Douglas M. Hottle, Esq., PA Bar No. 68991
douglas.hottle@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

TROUTMAN SANDERS, LLP

/s/ Christopher H. White
Christoper H. White, Esq., IL Bar No. 6280031
christopher.white@troutmansanders.com

David H. Sump (*Pro hac vice*)
Christopher A. Abel (*Pro hac vice*)

Attorneys for Defendant
EGAN MARINE CORPORATION