IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | Case No. 08 C 3160 |
| v. | Hon. Harry D. Leinenweber |
| **EGAN MARINE CORPORATION,** | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Defendant Egan Marine Corporation ("EMC") seeks an award of attorneys' fees under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. For the reasons stated herein, EMC's Fee Petition is denied.

### I. BACKGROUND

The Court declines to delve into a detailed version of the factual background in this case, as the Court provided one at an earlier date in its entry of judgment after the bench trial. *See United States v. Egan Marine Corp.*, No. 08-C-3160, 2011 WL 8144393 (N.D. Ill. Oct. 13, 2011). Thus, an abbreviated version of the facts follows.

On January 19, 2005, the barge EMC 423 exploded in the Chicago Sanitary and Ship Canal near the Cicero Avenue Bridge. At the time of the explosion, a tugboat owned by EMC was transporting the barge. On the date of the explosion, EMC 423 was carrying a load

of Clarified Slurry Oil, oil that emits flammable vapors. On this trip, the flammable vapors ignited and exploded, sinking the EMC 423 and ultimately causing oil and oil solids to leak into the Canal. At the time of the incident, EMC employee Alex Oliva ("Oliva") was on board the EMC 423 and died as a result of the explosion.

On June 2, 2008, the Government filed this civil suit against EMC. On September 12, 2011, the parties proceeded to trial. At trial, the Government specifically alleged two claims under the Oil Pollution Act (the "OPA"), civil penalties under the OPA, and a claim under the Rivers and Harbors Act.

After an eight-day bench trial, this Court entered judgment for EMC on the Government's two OPA claims, finding that the Government failed to meet its burden of proof regarding EMC's alleged gross negligence in the incident. The Court found in favor of the Government on the civil penalty claim, issuing a penalty of $100,000 against EMC as a result of the oil discharge. Finally, the Court entered judgment in favor of EMC on the Government's Rivers and Harbors Act claim, determining that the Government waived this claim by failing to address it in its post-trial briefing.

On January 11, 2012, EMC filed this Fee Petition under the EAJA seeking attorney's fees and other expenses. EMC alleges it is entitled to such fees because the Government did not have

substantial justification in its filing of this action and acted in bad faith.

## II. LEGAL STANDARD

"The EAJA departs from the general rule that each party to a lawsuit pays his or her own legal fees." *Scarborough v. Principi*, 541 U.S. 401, 404 (2004). The EAJA provides that a district court may award reasonable attorneys' fees where: (1) the party seeking fees is a "prevailing party"; (2) the government's position was not substantially justified; (3) no "special circumstances make an award unjust"; and (4) the fee application submitted to the court is within 30 days of final judgment and is supported by an itemized statement. 28 U.S.C. §§ 2412(d)(1)(A), (B); (d)(2)(A); *United States v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378 (7th Cir. 2010). Costs are also available under 28 U.S.C. § 2412(a)(1). Section (b) of the EAJA also provides for the recovery of attorneys' fees and expenses against the Government "to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." 28 U.S.C. § 2412(b).

EMC argues it is entitled to fees and expenses under both Section (d) and Section (b) of the EAJA. EMC argues that the Government was not substantially justified in bringing this action and acted in bad faith.

The Government opposes EMC's motion arguing, among other things, that (1) it was substantially justified in pursuing this lawsuit, (2) it did not act in bad faith, and (3) EMC's request for costs is untimely.

### III. DISCUSSION

#### A. Substantial Justification

In its Petition, EMC alleges that the Government was not substantially justified in bringing this suit. EMC points to this Court's ruling as evidence of the lack of justification. Specifically, EMC argues that the Government failed to provide any credible evidence that the crew of the EMC 423 was using a torch on the day of the explosion.

The Government responds arguing it was justified in its theory based on upon "several verified and uncontested details." U.S.A.'s Opp. to Egan Marine's Fee Pet. at 31. Specifically, the Government cites justification for its position because:

> 1) the explosion originated in cargo hold 4; 2) Oliva was on board the EMC 423 at the time; 3) numerous law enforcement agents interviewed relevant witnesses in the minutes and hours after the explosion; 4) those witnesses told them [the Government] it was possible Oliva was using a torch to heat the cargo pump at the time of the explosion; 5) an open flame was observed on the EMC 423 just prior to the explosion; and 6) a torch and propane tank were seen by witnesses on board the EMC 423 near the cargo pump the night and morning before the explosion.

*Id.*

- 4 -

Under the EAJA's substantial justification requirement, the Government bears the burden of proving that its position was substantially justified. *Scarborough v. Princi*, 541 U.S. 401, 414 (2004); *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). To be "substantially justified," the Government's position must have a reasonable basis in both law and fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Seventh Circuit has expanded on the standard finding that the Government satisfies its burden if it shows: "1) a reasonable basis in truth for the facts alleged; 2) a reasonable basis in law for the theory propounded; and 3) a reasonable connection between the facts alleged and the theory propounded." *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006).

EMC argues that the Government's theory surrounding the cause of the explosion lacks a reasonable basis in fact. In order to prevail on its two OPA claims, the Government had the burden to prove, by preponderance of the evidence, that EMC caused the explosion and was grossly negligent. The Government's specific theory was that the explosion occurred because Oliva used a propane torch to thaw a cargo pump that was frozen due to the cold weather. The Government alleged that rather than attempting to properly heat the pump, the crew of the EMC 423 chose to heat the pump with a propane torch, which in turn ignited flammable vapors emanating from the standpipe, and caused the explosion.

At trial, the Government produced evidence that there was a propane torch on the EMC 423 on the day of the explosion and produced evidence that in the past, EMC crew members used a torch on the barge. The Government also provided testimony from one of its experts that the presence of a propane torch on the deck of a loaded petroleum barge is not a safe procedure. *See* Tr. of Proceedings, ECF No. 339, Page ID # 8095964. Despite these facts, the Court found all the evidence and testimony insufficient to prove by a preponderance of the evidence that Oliva was using a propane torch on the cargo pump at the time of the explosion. *See*, J., ECF No. 330 at 6-7.

EMC alleges that the Government's position lacks justification because the Government ignored physical evidence and testimony which negated the possibility that Oliva caused the explosion by using a propane torch. However, in its reply brief, EMC admits that Oliva was on the barge at the time of the explosion and admits that the Government presented testimony that an eyewitness saw a flame somewhere on the barge. EMC avers that because the Government did not have any eyewitnesses actually view Oliva using a torch at the time of the explosion, and did not have any images from one of the surveillance cameras showing Oliva using a propane torch, that the Government's alleged facts were substantially unjustified. The Government responds by admitting it never purported to have "unassailable proof" that Oliva was using a torch

at the time of the explosion. It further states its case was based on circumstantial evidence and that the adequacy and credibility of the evidence was for finder of fact to determine.

"The outcome of a case is not conclusive evidence of the justification for the government's position." *United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1079 (7th Cir. 2000) "Substantially justified" does not mean "justified to a high degree." The standard is satisfied if there is a "genuine dispute" or if "reasonable persons could differ as to the appropriateness of the contested action." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) citing *Pierce*, 487 U.S. at 565. In *United States v. Pecore*, the Seventh Circuit examined a district court's denial of attorneys' fees under the EAJA. *United States v. Pecore*, 664 F.3d 1125 (7th Cir. 2011). In *Pecore*, two defendants sought fees arguing that the government lacked substantial justification in bringing claims against defendants under the False Claims Act (the "FCA"). Specifically, the defendants alleged that because the government failed to "articulate a reasonable motive" for filing a false claim, the government could not possibly prove they lied. *Pecore*, 664 F.3d at 1133. Rejecting this argument, the Seventh Circuit noted that while the defendants attempted to show that this was an uncontested trial issue, it was actually an issue "subject to conflicting evidence and testimony such that a reasonable person could have accepted either version of the events." *Id.* at 1134.

The Seventh Circuit held this sufficient to show the government was substantially justified. *Id.*

The Court finds *Pecore* similar to the present case, and reiterates that its opinion rested largely on the Government's failure to prove its theory by a preponderance of the evidence. *See* J., ECF No. 330 at 9. Moreover, in holding for EMC on the Government's OPA claims, this Court also found the lack of credibility of the Government's experts persuasive. *See id.* at 7 "[W]hen the resolution of a case hinges to such an extent on determination of witness credibility, it is an abuse of discretion to find that the government's position was not substantially justified." *Wilfong v. United States*, 991 F.2d 359, 368 (7th Cir. 1993). Thus, the Court finds that the Government has met its burden proving that its position carried a reasonable basis in both law and fact such that pursuant to EAJA it was substantially justified in bringing its OPA claims against EMC.

It is also worth mentioning that added support for the Government's justification lies in the fact that the Government's evidence and theories survived the pleading stages in this litigation. "There is a [rebuttable] presumption that a government case strong enough to survive both a motion to dismiss and summary judgment is substantially justified." *Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d at 382.

EMC argues that the Government's justification was not tested in either its motion to dismiss or with regards to ExxonMobil's motion for summary judgment. EMC contends that since its motion to dismiss involved only the Government's River and Harbors Act claim, and the motion for summary judgment was ExxonMobil's motion, the presumption of justification does not apply. The Court acknowledges EMC's points, but still finds the language in *Thouvenot* persuasive. In *Thouvenot*, the Seventh Circuit held, "[g]iven the Supreme Court's insistence in its recent *Bell Atlantic* and *Iqbal* decisions that a case must be dismissed if the complaint does not appear to have a substantial basis, and given that summary judgment resolves cases that though not frivolous would not persuade a reasonable jury, a case that is allowed to go all the way to trial is likely to be a toss-up." *Id.* at 382 (citations omitted). EMC alleges that at trial there "was a complete absence of credible evidence to support the Government's theory." EMC's Reply in Supp. of Fee Pet. at 20. The Court finds these bold assertions strange in light of the fact that EMC chose not to file a summary judgment motion or a motion to dismiss on either of the Government's OPA claims.

### B.  28 U.S.C. § 2412(b)

EMC also argues it is entitled to fees under Section 2412(b) of the EAJA because the Government acted in bad faith. Specifically, EMC alleges that the Government acted in bad faith in

"aggressively pursuing its meritless claim that the explosion was caused by the use of a torch." EMC's Reply in Supp. of Fee Pet. at 2.

Section 2412(b) of the EAJA makes the Government liable for fees "to the same extent that any other party would be liable under common law." 28 U.S.C. § 2412(b). "The federal common law of attorneys' fee awards is the "American rule", under which each party to a lawsuit bears his own expenses of suit unless the "losing party 'has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Stive v. United States*, 366 F.3d 520, 521 (7th Cir. 2004) citing *Muslin v. Frelinghuysen Livestock Managers, Inc.*, 777 F.2d 1230, 1235 (7th Cir. 1985). Bad faith is not expressly defined in the EAJA.

In *Mallette v. Sullivan*, the court examined a litigant's claim for attorney's fees under 2412(b). It held that the litigant was not entitled to fees under 2412(b) because bad faith required something more than unreasonableness. *Mallette v. Sullivan*, No. 87-C-4873, 1990 WL 19894, at * 9-10 (N.D. Ill. Feb. 15, 1990). When making this finding, the court compared the facts before it with two cases where bad faith was found under the EAJA. In *Mallette*, the court stated, "the petitioner's bad-faith argument, in essence, focuses on the unreasonableness of the government's legal position. She points to no conduct which even closely resembles the distinctly oppressive tactics which were punished in

*Baker* and *Aero Corp*." *Id.* In *Baker v. Bowen*, the government failed to review the evidence presented at a hearing which was in direct violation of their statutory obligations, and upon realizing their error, tried to cover it up. *Baker v. Bowen*, 839 F.2d 1075, 1080-82 (5th Cir. 1988) (overruled on other grounds). In *Aero Corporation v. Department of Navy*, the Navy not only failed to follow the law, but also violated court orders. *Aero Corporation v. Department of Navy,* 558 F.Supp. 404, 418-21 (D.D.C. 1983).

The Court finds the litigant's argument in *Mallette* similar to EMC's argument regarding the Government's alleged bad faith. Here, EMC alleges that it is entitled to fees under 2412(b) for the same reason that it argued it was entitled to fees under 2412(d) - that is, because the Government pursued an allegedly meritless claim. Because the Court has already determined that the Government was substantially justified in making its OPA claims against EMC, the Court does not find that the Government acted in bad faith in doing so, and further finds that EMC failed to present the Court any evidence suggesting the Government violated the law or violated any Court orders in pursuing its claims.

### C. Costs

To the extent that EMC petitioned this Court for costs and other expenses, the Court denies this request as untimely.

Section (a) of the EAJA provides: "[e]xcept as otherwise specifically provided by statute, a judgment for costs, as

enumerated in section 1920 of this title, but not including fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States. . . ." 28 U.S.C. § 2412 (a)(1). In *Commissioner v. Jean*, the Supreme Court stated, "while the parties' postures on individual matters may be more or less justified, the EAJA – like other fee-shifting statutes – favors treating a case as an inclusive whole, rather than as atomized line-items." *Commissioner v. Jean*, 496 U.S. 154, 161-62 (1990). Recognizing this, the Seventh Circuit, in *Gatimi v. Holder*, denied a litigant's request for costs, noting that the requests for costs were untimely. "Rule 39(d)(1) of the Federal Rules of Appellate Procedures provides that a party who wants costs taxed must – within 14 days after entry of judgment – file with the circuit clerk, with proof of service an itemized and verified bill of costs." *Gatimi v. Holder*, 606 F.23d 344, 350 (7th Cir. 2010) citing Fed. R. App. P. 39(d)(1). While the litigant in *Gatimi* argued that its request for costs were timely because of the EAJA's final judgment rule, the Seventh Circuit rejected this argument stating "entry of judgment is not the same thing as final judgment. Rule 36 says that "a judgment is entered when it is noted on the docket."" *Id.* citing Fed. R. App. P. 36 (a). Similar to Rule 39 which governs the time litigants have to file requests for costs

after an appeal, Local Rule 54.1(a) governs the time litigants have to file requests for costs after trial. Rule 54.1 states:

> [w]ithin 30 days after entry of judgment, under which costs may be claimed, the prevailing party shall file a bill of costs with the clerk and serve a copy on each adverse party. If the bill of costs is not filed within 30 days, costs other than those of the clerk, taxable pursuant to 28 U.S.C. §1920 shall be deemed waived.

Local Rule 54.1 (a).

In this case, the Court entered its judgment on October 13, 2011. ECF No. 330. EMC filed its Fee Petition January 11, 2012. This exceeds the 30-day time frame permitted to requests costs under the Local Rule. Thus, EMC's request for costs is also denied.

## IV. CONCLUSION

Therefore, for the foregoing reasons, Defendant's fee petition under 28 U.S.C. § 2412 is denied.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

**DATE:** 10/2/2012

- 13 -